LATHAM & WATKINS LLP
  Peter L. Winik, Esq. (*admitted pro hac vice*)
  Jennifer C. Archie, Esq. (*admitted pro hac vice*)
555 Eleventh Street, NW Suite 1000
Washington, DC  20004-1304
Telephone:  (973) 639-1234
Facsimile:  (973) 639-7298
E-mail: peter.winik@lw.com
        jennifer.archie@lw.com

LATHAM & WATKINS LLP
  Justin R. Rhoades, Esq. (SBN 230463)
505 Montgomery Street, Suite 2000
San Francisco, CA  94111-2562
Telephone: (415) 391-0600
Facsimile: (415) 395-8095
E-mail: justin.rhoades@lw.com

Attorneys for Defendants IPSH!NET, INC. and
SIMON & SCHUSTER, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| LACI SATTERFIELD, Individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SIMON & SCHUSTER, Inc., a New York Corporation, and IPSH!NET, Inc., a Delaware Corporation d/b/a IPSH!,<br><br>Defendants. | Case No. C 06-2893 CW<br><br>**JOINT STIPULATION AND PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION**<br><br>**Judge Claudia J. Wilken** |

The Parties, Plaintiff Laci Satterfield ("Plaintiff") and Defendants ipsh!net, Inc. and Simon & Schuster, Inc. (collectively, "Defendants") stipulate and agree as follows:

      1.     All documents, testimony, interrogatory responses and other information provided in discovery (collectively, "Discovery Material") by the parties to this action or by any non-party subject to discovery in this action (each, a "Producing Person") shall be handled in

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

JOINT STIPULATION AND PROTECTIVE
ORDER RE: CONFIDENTIAL INFORMATION
Case No. C 06-2893 CW

accordance with this Joint Stipulation and Protective Order Regarding the Disclosure of Confidential Information ("Protective Order").

2. Any Producing Person may designate as confidential any Discovery Material which that Producing Person considers in good faith to contain information involving a trade secret, or confidential or sensitive commercial, business or proprietary information subject to protection under Fed. R. Civ. P. 26(c).

3. Documents (including as defined in Rule 34 of the Federal Rules of Civil Procedure) produced in this action may be designated confidential by stamping the legend "CONFIDENTIAL" on each page so designated.

4. To the extent that a Producing Person believes only a portion of a document contains Confidential Information, the initial page shall be stamped "CONFIDENTIAL WITHIN" and only the specific pages that the Producing Person believes should be considered confidential shall be so stamped.

5. Any oral testimony, including any transcript or video tape of such testimony, given by or on behalf of a party or non-party, which reveals or pertains to Confidential Information may be designated confidential by any party or non-party by so designating either (i) on the record at the time of the testimony or (ii) by separate written notification within twenty (20) days after receipt by the Producing Person of the transcript of the testimony. All testimony and transcripts shall be treated as confidential until the expiration of that twenty (20) day period. If confidential treatment is requested on the record, the court reporter shall mark the page of the transcripts containing the designated testimony with the designation "CONFIDENTIAL" as appropriate.

6. Interrogatory responses may be designated as confidential by so indicating in the response.

7. Discovery Material designated as confidential, including the information contained therein and any document quoting or summarizing such information or materials, is referred to in this Protective Order as "Confidential Information."

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

JOINT STIPULATION AND PROTECTIVE
ORDER RE: CONFIDENTIAL INFORMATION
Case No. C 06-2893 CW

1       8.      Each person to whom any Confidential Information is to be disclosed
2  pursuant to paragraph 9 (except the Court, court personnel, and non-employee clerical support
3  personnel, such as outside copy services, couriers, and court reporters) shall be provided with a
4  copy of this Protective Order prior to such disclosure.
5       9.      Confidential Information shall be used only for purposes of this action.
6  Except as provided herein, Confidential Information may be disclosed only to:
7           a.  the Court and court personnel, including stenographic reporters
8  and jurors;
9           b.  the parties' attorneys, including in-house counsel, and paralegals,
10  clerical, or support personnel employed or retained by such attorneys;
11          c.  the parties to this action to the extent reasonable and deemed
12  necessary by counsel for purposes of assisting in the prosecution or defense of this action;
13          d.  any author, recipient, or Producing Person of the Confidential
14  Information;
15          e.  any actual deposition witnesses in this action during the course of
16  such witnesses' testimony;
17          f.  any potential witness in this action; provided, however, that any
18  such potential witness who is not a current employee of a party in this action shall first execute
19  an acknowledgment in the form attached hereto as Exhibit A; and
20          g.  any expert or consultant assisting a party's counsel in connection
21  with this litigation, whether or not retained to testify at trial, to the extent deemed necessary in
22  good faith by such counsel to enable the expert or consultant to provide such assistance;
23  provided that the expert or consultant shall first execute an acknowledgment in the form attached
24  hereto as Exhibit A.
25      10.     No Confidential Information shall be disclosed to any person who, if
26  required by paragraph 9 to sign the form of acknowledgment attached hereto as Exhibit A, does
27  not first sign such acknowledgment.  All signed acknowledgments shall be maintained by
28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

JOINT STIPULATION AND PROTECTIVE
ORDER RE: CONFIDENTIAL INFORMATION
Case No. C 06-2893 CW

1  counsel for the party making the disclosure and shall be produced if required by the Court for the
2  purpose of determining whether a breach of this Protective Order has occurred.

3     11.   If a party objects to the designation of any Discovery Material as
4  Confidential Information, the objecting party shall state that objection in writing to the Producing
5  Person by identifying each document and providing a brief statement of the reason or reasons the
6  objecting party believes that document does not constitute Confidential Information.  Within five
7  (5) days after such notice is delivered, the objecting party and the Producing Person shall confer
8  in good faith and attempt to resolve the dispute.  If the dispute is not resolved, the party objecting
9  to the designation of any Discovery Materials, may, within twenty (20) days written notice of the
10 objection, give notice to the other parties and apply to the Court for a ruling that the specified
11 Discovery Material shall not be treated as Confidential Information.  The burden of persuasion
12 that the information is entitled to be treated as Confidential Information in any such challenge
13 proceeding shall be with the party asserting the designation.  Until the Court enters an order
14 changing the Producing Person's designation, or until the parties and the Producing Person agree
15 otherwise, the Discovery Material shall be treated as Confidential Information.  No party, by
16 treating designated material as Confidential Information in accordance with this Protective
17 Order, shall be deemed to have conceded that the material actually is Confidential.

18    12.   Upon final disposition of this litigation (including appeals), counsel for
19 each party shall, within thirty (30) days thereafter, destroy or return to counsel for the Producing
20 Person all Confidential Information, including all copies thereof, and upon written request by
21 counsel for the Producing Person shall certify in writing to counsel for the Producing Person that
22 the provisions of this paragraph have been complied with; provided, however, that counsel for
23 the parties may retain all pleadings, submissions, filings, transcripts, exhibits, notes, memoranda
24 and work product embodying Confidential Information.  However, any such pleadings,
25 submissions, filings, transcripts, exhibits, notes, memoranda and work product so retained shall
26 remain Confidential and subject to the restrictions contained in this Protective Order.

27    13.   Information obtained from a source other than Discovery Material shall
28 not be deemed Confidential Information, regardless of whether such information is also

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

JOINT STIPULATION AND PROTECTIVE
ORDER RE: CONFIDENTIAL INFORMATION
Case No. C 06-2893 CW

1  contained in Discovery Material that is designated Confidential.  In addition, nothing contained
2  herein shall be construed to limit any Producing Person from using its own Confidential
3  Information in any manner that it may choose.  Any use of Confidential Information, to the
4  extent such use is consistent with confidential treatment of the information, shall not be deemed
5  a waiver of any right or protection granted by this Protective Order or of a designation of any
6  Discovery Material as Confidential Information.

7           14.     A Producing Person may designate Discovery Material produced prior to
8  the execution of this Protective Order as Confidential at any time within thirty (30) days after
9  that Producing Person receives a copy of this Protective Order executed by the undersigned
10 counsel.

11          15.     Nothing in this Protective Order shall prevent any party from producing
12 any document or information in his, her, or its possession to another person in response to a
13 subpoena or other compulsory process; provided, however, that if such party receives a subpoena
14 or other compulsory process seeking production or other disclosure of Confidential Information,
15 that party shall give prompt written notice to counsel for the Producing Person, identifying the
16 Confidential Information and, unless prohibited by applicable law, enclosing a copy of the
17 subpoena or other compulsory process.  When possible, at least ten (10) days written notice
18 before production or other disclosure shall be given.  In no event shall production or other
19 disclosure be made before reasonable notice is given.

20          16.     Inadvertent failure to designate documents or other materials as
21 "Confidential" at the time of production shall not waive a Producing Person's right to later
22 designate such documents or materials as Confidential Information.  Within a reasonable time,
23 the Producing Person shall give written notice to the receiving party that "Confidential"
24 documents or information have been inadvertently produced or disclosed and request the
25 appropriate designation.  However, no party shall be deemed to have violated this Protective
26 Order if, prior to notification of any later designation, such document or material has been
27 disclosed or used in a manner inconsistent with such later designation.  Once such designation
28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

JOINT STIPULATION AND PROTECTIVE
ORDER RE: CONFIDENTIAL INFORMATION
Case No. C 06-2893 CW

1   has been made, however, the relevant Discovery Material shall be treated as Confidential in
2   accordance with this Protective Order.

3         17.    The inadvertent production of any document or other disclosure of
4   information which the Producing Person contends is subject to the attorney-client privilege,
5   work-product protection, or any other privilege or protection against disclosure shall not be
6   deemed a waiver in whole or in part of the claim of privilege or protection, either as to the
7   specific document or information disclosed or as to any other document or information relating
8   thereto. Within a reasonable time, the Producing Person shall give notice to the receiving party
9   that privileged documents or information have been inadvertently produced or disclosed and
10  request the return of such documents.  Any document or portion of transcript, including all
11  copies thereof, constituting or containing information as to which notice of inadvertent
12  production is given shall be returned to the Producing Person within five (5) days of such
13  demand.  The return of such documents or information shall be made without waiver of the right
14  of any party to seek to compel production of documents, transcripts, or information on the
15  grounds that they are not privileged or that any privilege has been waived.  From the time of the
16  Producing Person's notification of inadvertent production, any documents or information as to
17  which notice has been given shall be deemed and treated as privileged and shall not be used for
18  any purpose until the Court enters a ruling otherwise, or until the receiving party and the
19  Producing Person otherwise agree.

20        18.    Without permission from a Designating Party or a court order secured
21  after appropriate notice to all interested persons, a party may not file in the public record in this
22  action any Confidential Information.  Parties submitting Confidential Information to the court
23  shall comply with Civil Local Rule No. 79-5.  Further, any motion to file Confidential
24  Information under seal shall also comply with Civil Local Rule No. 79-5.

25        19.    This Protective Order shall not be deemed a waiver of: (i) any party's right
26  to object to any discovery request on any ground; (ii) any party's right to seek an order
27  compelling discovery with respect to any discovery request; (iii) any party's right, at any
28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

JOINT STIPULATION AND PROTECTIVE
ORDER RE: CONFIDENTIAL INFORMATION
Case No. C 06-2893 CW

1  proceeding herein, to object to the admission of any evidence on any ground; and (iv) any other
2  right, defense or objection that otherwise may be asserted in this action.
3      20.   This Protective Order shall not govern the use of Discovery Material at
4  trial. Nothing herein shall preclude any party from applying to the Court, upon reasonable notice
5  to all parties, for a protective order at trial, or shall preclude any modification of this Protective
6  Order with the consent of all parties hereto.
7      21.   The terms of this Protective Order shall be binding on all current and
8  future parties to this action and their counsel. Within ten (10) calendar days of the entry of an
9  appearance by a new party in this action, plaintiff's counsel shall serve a copy of this Protective
10 Order on such new party's counsel.
11     22.   Any non-party producing documents or materials in connection with this
12 action may avail itself of the "Confidential" treatment provided for in this Protective Order for
13 their documents or materials by following the procedures provided herein.
14
15 IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.
16 DATED: December 14, 2006        BLIM & EDELSON, LLC

                                  By /s/ Nance Becker for Jay Edelson
                                     Jay Edelson
                                     Attorneys for Plaintiff
                                     Laci Satterfield

20 DATED: December 13, 2006        LATHAM & WATKINS LLP

                                  By /s/ Justin R. Rhoades
                                     Justin R. Rhoades
                                     Attorneys for Defendants
                                     ipsh!net, Inc. and Simon & Schuster, Inc.

24 PURSUANT TO STIPULATION, IT IS SO ORDERED.
25        12/20/06
   DATED: _____
26                                _____
                                  Hon. Claudia J. Wilken
27                                United States District Court Judge
28

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

6

JOINT STIPULATION AND PROTECTIVE
ORDER RE: CONFIDENTIAL INFORMATION
Case No. C 06-2893 CW

EXHIBIT A

**ACKNOWLEDGEMENT OF JOINT STIPULATION AND PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION**

I certify that I have carefully read the Joint Stipulation and Protective Order Regarding Confidential Information ("Protective Order") entered in the United District Court for the Northern District of California in the action entitled *Laci Satterfield v. Simon & Schuster, et al.*, Case No. 06-2893 (CJW), and that I fully understand the terms of that Protective Order. I recognize that I am bound by the terms of that Protective Order, and I agree to comply with those terms. I hereby consent to the jurisdiction of the United States District Court for the Northern District of California for any proceedings involving the enforcement of that Stipulation and Order.

Date: _____

City and state
where sworn and signed: _____

Printed name: _____

Signature: _____

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

JOINT STIPULATION AND PROTECTIVE
ORDER RE: CONFIDENTIAL INFORMATION
Case No. C 06-2893 CW