1  Mark A. Chavez (CA BAR #90858)
   Nance Becker (CA BAR # 99292)
2  CHAVEZ & GERTLER, LLP
3  42 Miller Avenue
   Mill Valley, CA  94941
4  Phone:  (415) 381-5599
   Fax:    (415) 381-5572
5  Email:  nance@chavezgertler.com

6
   Jay Edelson (*pro hac vice*)
7  John Blim (*pro hac vice*)
   Myles P. McGuire (*pro hac vice*)
8  BLIM & EDELSON, LLC
   53 West Jackson Boulevard, Suite 1642
9  Chicago, IL  60604
10 Phone: (312) 913-9400
   Fax: (312) 913-9401
11
12 John G. Jacobs (*pro hac vice*)
   Bryan G. Kolton (*pro hac vice*)
13 THE JACOBS LAW FIRM, CHTD.
   122 South Michigan Ave., Suite 1850
14 Chicago, IL  60603
15 Phone: (312) 427-4000
   Fax: (312) 427-4000
16
   One Of The Attorneys for PLAINTIFF
17 LACI SATTERFIELD

18                  IN THE UNITED STATES DISTRICT COURT
19                  FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 20  LACI SATTERFIELD, Individually, | Case No.: C06 2893 CW |
| 21  and on behalf of others similarly situated, | |
|  | **MANUAL FILING NOTIFICATION** |
| 22       Plaintiff, | |
|  | Exhibits 3 and 5-9 attached to Exhibit 1(I) |
| 23       vs. | of the Declaration of Bryan G. Kolton |
|  | In Opposition To Defendants' Motion For |
| 24  SIMON & SCHUSTER, Inc., a New York | Summary Judgment |
| 25  Corporation, and IPSH!NET, Inc., a Delaware | |
|     Corporation d/b/a IPSH!, | Hearing:  June 7, 2007 |
| 26  | Time:     2:00 p.m. |
|     | Place:    Courtroom 2, 4th Floor |
| 27       Defendants. | Judge:    The Honorable Claudia Wilken |
| 28  | |

# MANUAL FILING NOTIFICATION

Regarding:   Exhibits 3 and 5-9 attached to Exhibit 1(I) of the Declaration of Bryan G. Kolton In Opposition To Defendants' Motion For Summary Judgment

This filing is in paper or physical form only, and is being maintained in the case file in the Clerk's office.

If you are a participant in this case, this filing will be served in hard-copy shortly.

For information on retrieving this filing directly from the court, please see the court's main web site at http://www.cand.uscourts.gov under Frequently Asked Questions (FAQ).

This filing was not efiled for the following reason(s):

[_] Voluminous Document (PDF file size larger than the efiling system allows)

[_] Unable to Scan Documents

[_] Physical Object (description): _____

_____

[_] Non-Graphic/Text Computer File (audio, video, etc.) on CD or other media

[x] Item Under Seal

[_] Conformance with the Judicial Conference Privacy Policy (General Order 53).

[x] Other (description):  <u>filed under seal pursuant to protective order</u>

Dated:  May 1, 2007                    Respectfully submitted,

                                       CHAVEZ & GERTLER, LLP

                                       THE JACOBS LAW FIRM, CHTD.

                                       BLIM & EDELSON, LLC


                                       By:    /s/ John G. Jacobs
                                              John G. Jacobs


                                       Attorneys for PLAINTIFF
                                       LACI SATTERFIELD

MANUAL FILING NOTIFICATION
- 2 -

1 | Mark A. Chavez (CA BAR #90858)
2 | Kathryn C. Palamountain (CA BAR #183246)
CHAVEZ & GERTLER, LLP
3 | 42 Miller Avenue
Mill Valley, CA 94941
4 | Phone: (415) 381-5599
Fax: (415) 381-5572
5 | Email: chris@chavezgertler.com

6 | Jay Edelson (*pro hac vice* pending)
7 | John Blim (*pro hac vice* pending)
BLIM & EDELSON, LLC
8 | 53 West Jackson Boulevard, Suite 1642
Chicago, IL 60604
9 | Phone: (312) 913-9400
Fax: (312) 913-9401
10

11 | John G. Jacobs (*pro hac vice* pending)
Bryan G. Kolton (*pro hac vice* pending)
12 | THE JACOBS LAW FIRM, CHTD.
122 South Michigan Ave., Suite 1850
13 | Chicago, IL 60603
Phone: (312) 427-4000
14 | Fax: (312) 427-4000

15
Attorneys for PLAINTIFF
16 | LACI SATTERFIELD

ORIGINAL
FILED

MAY - 3 2006

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

EXHIBIT
1-4-07
4 Emmet

17 | IN THE UNITED STATES DISTRICT COURT
18 | FOR THE NORTHERN DISTRICT OF CALIFORNIA
19
20 | LACI SATTERFIELD, Individually, ) Case No.: C06 2893 CW
and on behalf of others similarly situated, )
21 | ) **CORRECTED**
PLAINTIFF, ) **COMPLAINT FOR DAMAGES AND**
22 | ) **INJUNCTIVE RELIEF**
vs. )
23 | ) DEMAND FOR JURY TRIAL
SIMON & SCHUSTER, Inc., a New York )
24 | Corporation, and IPSH!NET, Inc., a Delaware ) <u>CLASS ACTION</u>
Corporation d/b/a IPSH!, )
25 | )
Defendants. )
26 | )
27 | )

COPY

28

CORRECTED COMPLAINT AND DEMAND FOR JURY
TRIAL

## PRELIMINARY STATEMENT

1. In a recent effort to promote the sale of a new Stephen King book entitled "Cell," Defendant SIMON & SCHUSTER, INC. ("SIMON & SCHUSTER"), one of the largest publishers of books in the nation, along with its marketing agent IPSH!NET, INC., d/b/a Ipsh! ("IPSH"), engaged in an especially pernicious form of marketing: the transmission of unauthorized advertisements, in the form of "text message" calls (hereinafter "wireless spam" or "SMS SPAM") to the cellular telephones of consumers across the nation.

2. PLAINTIFF Laci Satterfield ("PLAINTIFF") brings this class action complaint against defendants SIMON & SCHUSTER, INC. and IPSH to halt defendants' practice of making unsolicited text message calls to cellular telephones, and to obtain redress for all persons injured by their conduct. For her class action complaint, PLAINTIFF alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

## NATURE OF THE CASE

3. By effectuating wireless spam, Defendants have caused consumers actual harm, not only because the consumers were subjected to a violation of their right to privacy, but also because of the annoyance and aggravation that necessarily accompanies unsolicited wireless spam. In virtually all instances, subscribers to cellular telephone services actually have to pay their cell phone service providers for the receipt of such wireless spam, or the request that more such spam not be sent in the future, notwithstanding that it is sent in violation of a federal statute specifically on the subject.

4. In order to challenge and stop these marketing and business practices and redress injuries arising from them, PLAINTIFF, on behalf of herself and a nationwide class, brings suit under the Telephone Consumer Protection Act, 47 U.S.C. § 227. *et seq.* ("TCPA")

5. The TCPA prohibits unsolicited voice and text calls to cellular phones, or other common carrier services in which the called party is charged for the call, in order to protect consumers' right to privacy and to further protect them from unsolicited and

1

unwanted cellular communications, including commercial and marketing communications for which they are charged.

6. On behalf of the class, PLAINTIFF seeks an injunction requiring Defendants to cease all wireless spam activities and an award of damages to herself and all similarly situated persons, together with costs and reasonable attorneys' fees.

## PARTIES

7. PLAINTIFF Laci Satterfield is and has been, at all times material to this Complaint, a citizen of New York, residing in Suffolk County, New York.

8. Defendant IPSH is a Delaware company with its principal place of business in San Francisco, California. According to its own statements, Defendant IPSH is "the North American leader in innovating, developing and deploying effective, turnkey mobile marketing strategies."

9. Defendant SIMON & SCHUSTER is a New York company with its principal place of business in New York. SIMON & SCHUSTER is a leading publisher and purveyor of books in the United States, and it does business throughout the United States.

## JURISDICTION

10. The Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(d), because (a) at least one member of the putative class is a citizen of a state different from Defendants, (b) the amount in controversy exceeds $5,000,000, exclusive of interest and costs, and (c) none of the exceptions under that subsection apply to this action.

## VENUE

11. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c).

## FACTS COMMON TO ALL CAUSES OF ACTION

12. In recent years, telemarketers, who often have felt stymied by federal laws limiting solicitations over telephones, facsimile machines, and e-mails, have increasingly looked to alternative technologies through which to send bulk solicitations cheaply.

///
///

13. One of the newest types of such bulk marketing is to advertise through Short Message Services. The term "Short Message Service" or "SMS" is a messaging system that allows cellular telephone subscribers to use their cellular telephones to send and receive short text messages, usually limited to 160 or so characters, on their cellular telephones.

14. An "SMS message" is a text message call directed to a wireless device through the use of the telephone number assigned to the device. When an SMS message call is successfully made, the recipient's cell phone rings, alerting him or her that a call is being received.

15. Unlike more conventional advertisements, wireless spam actually costs its recipients money, because virtually all cellular telephone phone users are charged for each text message call they receive, even if the message is unsolicited and without the consumer's permission.

16. In or about January, 2006, Defendants and/or their authorized agents, vendors, or contractors, used an automatic telephone dialing system to make text message calls to cellular telephone users in California and in other states in the United States, including a text message to the cellular telephone owned by PLAINTIFF.

17. The "sender" field of one such transmission contained only the five-digit number: 49421. The subject line of the message was: "The next call..." The body of the message read as follows:

> The next call you take may be your last... Join the Stephen King VIP Mobile Club at www.cellthebook.com. RplySTOP2OptOut. PwdByNexton.

18. At 1:41 AM on January 18, 2006, PLAINTIFF's cell phone rang, while in possession of her 10 year old son at the time, indicating that she had received a text call.

19. The sender of the text call identified itself as only "49421," and that the subject field alluded provocatively to the next call.

20. Defendants either made the text message call to PLAINTIFF's cellular telephone using an automatic telephone dialing system, or contracted with another entity to make said call using an automatic telephone dialing system.

## CLASS ALLEGATIONS

21. PLAINTIFF brings this action, pursuant to FRCP 23(b)(2) and FRCP 23(b)(3), on behalf of herself and a class (the "Class") consisting of all persons residing in the United States of America who were sent wireless spam by or on behalf of either one of the Defendants.

22. PLAINTIFF is unable to state the precise number of potential members of the proposed class, information which is in the possession of Defendants. PLAINTIFF is informed and believes, and on that basis alleges, that the proposed class numbers at least in the thousands, and is so numerous and geographically diverse that joinder of all members would be impracticable. The exact size of the proposed class, and the identity of the members thereof, will be ascertainable from Defendants' business records.

23. It is appropriate to maintain this lawsuit as a class action for injunctive relief pursuant to Federal Rule of Civil Procedure, Rule 23(b)(2) because Defendants acted on grounds generally applicable to the class, thereby making injunctive and declaratory relief appropriate with respect to the class as a whole.

24. It is also appropriate to maintain this lawsuit as a class action for damages pursuant to Federal Rule of Civil Procedure, Rule 23(b)(3) because questions of law and fact common to the members of the class predominate over questions affecting only individual members and because a class action is superior to other available methods for the fair and efficient adjudication of the controversy. Common questions for the Class include, but are not limited to:

    a. Whether Defendants' conduct described herein is governed by the TCPA;

    b. Whether the transmission of wireless spam by or on behalf of Defendants as alleged herein violates the TCPA; and

        c.    Whether the class members are entitled to treble damages based on the willfulness of Defendants' conduct.

25. The claims of the PLAINTIFF are typical of those of the class that she seeks to represent.

26. PLAINTIFF will fairly and adequately represent the interests of the class. She is represented by counsel competent and experienced in consumer protection and class action litigation.

27. A class action is superior to other methods for the fair and efficient adjudication of this controversy. Because the damages suffered by the individual class members may be relatively small compared to the expense and burden of litigation, it would be impracticable and economically infeasible for class members to seek redress individually. The prosecution of separate actions by the individual class members, even if possible, would create a risk of inconsistent or varying adjudications with respect to individual class members against Defendants, and would establish incompatible standards of conduct for Defendants.

28. PLAINTIFF and members of the class had not previously given express consent to Defendant SIMON & SCHUSTER to make or caused to be made any call to their cellular telephones using an automatic telephone dialing system and/or an artificial or prerecorded voice.

29. PLAINTIFF and members of the class had not previously given express consent to Defendant IPSH to make or caused to be made any call to their cellular telephones using an automatic telephone dialing and/or an artificial or prerecorded voice.

30. PLAINTIFF's cellular telephone service is structured such that she is billed, charged, or otherwise responsible to pay for text messages, including wireless SPAM sent by third parties, including Defendants.

///
///
///
///

## FIRST CAUSE OF ACTION FOR VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. 227 ET SEQ.

31. PLAINTIFF refers to and incorporates all previous paragraphs as though fully set forth herein.

32. The TCPA prohibits the making of any call – without prior express consent of the called party – by using any automatic telephone dialing system or artificial or prerecorded voice to any cellular telephone. Defendants violated the TCPA and PLAINTIFF's right to privacy by electronic transmission of written material to the cellular telephones of the members of the class, namely unsolicited commercial advertisements through text message calls using an automatic telephone dialing system and/or using an artificial and prerecorded message.

33. These text message advertisement calls were made without the prior express invitation or permission of PLAINTIFF and the members of the class.

34. Defendants have, therefore, violated the TCPA, 47 U.S.C. 227(b)(1)(A)(iii).

35. As a result of Defendants' illegal conduct as alleged herein, the members of the class suffered actual damages and, under section 227(b)(3)(B), are each entitled, inter alia, to a minimum of $500.00 in damages for each such violation of the TCPA.

WHEREFORE, PLAINTIFF, on behalf of herself and the Class, prays for the following relief:

    a. An order certifying the Class as defined above;

    b. An award of actual and/or statutory damages;

    c. An injunction requiring Defendants to cease all wireless spam activities

    d. Reasonable attorneys' fees and costs; and

    e. Such further and other relief the Court deems appropriate.

///
///
///
///

## SECOND CAUSE OF ACTION FOR INJUNCTIVE RELIEF

36. PLAINTIFF refers to and incorporates all previous paragraphs as though fully set forth herein.

37. Defendant and/or its agents or independent contractors have possession, custody and control of the business records, databases, computer systems and other information and equipment necessary to identify the members of the class, including but not limited to the names, addresses and cellular telephone numbers of the class members. Unless immediate injunctive relief is ordered, defendant will alter, erase, delete, destroy or otherwise dispose of and remove such systems, records and equipment. For this reason, PLAINTIFF is entitled to an order prohibiting and enjoining defendant and its agents or independent contractors from altering, deleting, destroying or otherwise disposing of any documents, records, databases or computer systems that are necessary to identify the members of the class.

38. Defendant should be enjoined from further violations of the TCPA.

WHEREFORE, PLAINTIFF, on behalf of herself and the Class, prays for the following relief:

   a. An order certifying the Class as defined above;

   b. An injunction requiring Defendants to cease all wireless spam activities and restraining Defendants from altering, erasing, changing, deleting, destroying or otherwise removing or disposing of any documents, records, databases, computer systems and the like currently in its possession or control or in the possession or control of its agents and contractors which are used or useful in identifying all persons, corporations or other entities to whom defendant has transmitted its text message advertisements;

   c. An order preliminarily and permanently enjoining Defendants from engaging in the practices challenged herein;

   d. Reasonable attorneys' fees and costs; and

7

e.   Such further and other relief the Court deems appropriate.

Dated: May 3, 2006.

Respectfully submitted,

CHAVEZ & GERTLER, LLP

THE JACOBS LAW FIRM, CHTD.

BLIM & EDELSON, LLC

By: _____
Mark A. Chavez

Attorneys for PLAINTIFF
LACI SATTERFIELD

## DEMAND FOR JURY TRIAL

PLAINTIFF hereby demands a trial by jury on all issues so triable.

Dated: May 3, 2006

Respectfully submitted,

CHAVEZ & GERTLER, LLP

THE JACOBS LAW FIRM, CHTD.

BLIM & EDELSON, LLC

By: _____
Mark A. Chavez

Attorneys for PLAINTIFF
LACI SATTERFIELD

## CERTIFICATION OF INTERESTED ENTITIES OR PERSONS

Pursuant to Civil Local Rule 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

Dated: May 3, 2006

Respectfully submitted,

CHAVEZ & GERTLER, LLP

THE JACOBS LAW FIRM, CHTD.

BLIM & EDELSON, LLC

By: _____
Mark A. Chavez

Attorneys for PLAINTIFF
LACI SATTERFIELD

10

COMPLAINT AND DEMAND FOR JURY TRIA

1  Mark A. Chavez (CA BAR #90858)
   Nance Becker (CA BAR # 99292)
2  CHAVEZ & GERTLER, LLP
3  42 Miller Avenue
   Mill Valley, CA 94941
4  Phone: (415) 381-5599
   Fax:   (415) 381-5572
5  Email: nance@chavezgertler.com

6
   Jay Edelson (*pro hac vice*)
7  John Blim (*pro hac vice*)
   Myles P. McGuire (*pro hac vice*)
8  BLIM & EDELSON, LLC
9  53 West Jackson Boulevard, Suite 1642
   Chicago, IL 60604
10 Phone: (312) 913-9400
   Fax: (312) 913-9401
11

12 John G. Jacobs (*pro hac vice*)
   Bryan G. Kolton (*pro hac vice*)
13 THE JACOBS LAW FIRM, CHTD.
   122 South Michigan Ave., Suite 1850
14 Chicago, IL 60603
15 Phone: (312) 427-4000
   Fax: (312) 427-4000

16
17 One Of The Attorneys for PLAINTIFF
   LACI SATTERFIELD

18                IN THE UNITED STATES DISTRICT COURT
19              FOR THE NORTHERN DISTRICT OF CALIFORNIA

20 | LACI SATTERFIELD, Individually,              ) Case No.: C06 2893 CW
21 | and on behalf of others similarly situated,  )
   |                                              ) **MANUAL FILING NOTIFICATION**
22 |         Plaintiff,                           )
   |                                              ) Exhibits 3 and 5-9 attached to Exhibit 1(I)
23 |   vs.                                        ) of the Declaration of Bryan G. Kolton
   |                                              ) In Opposition To Defendants' Motion For
24 | SIMON & SCHUSTER, Inc., a New York           ) Summary Judgment
25 | Corporation, and IPSH!NET, Inc., a Delaware  )
   | Corporation d/b/a IPSH!,                     ) Hearing: June 7, 2007
26 |                                              ) Time:    2:00 p.m.
27 |         Defendants.                          ) Place:   Courtroom 2, 4th Floor
   |                                              ) Judge:   The Honorable Claudia Wilken
28

## MANUAL FILING NOTIFICATION

Regarding: Exhibits 3 and 5-9 attached to Exhibit 1(I) of the Declaration of Bryan G. Kolton In Opposition To Defendants' Motion For Summary Judgment

This filing is in paper or physical form only, and is being maintained in the case file in the Clerk's office.

If you are a participant in this case, this filing will be served in hard-copy shortly.

For information on retrieving this filing directly from the court, please see the court's main web site at http://www.cand.uscourts.gov under Frequently Asked Questions (FAQ).

This filing was not efiled for the following reason(s):

[ ] Voluminous Document (PDF file size larger than the efiling system allows)

[ ] Unable to Scan Documents

[ ] Physical Object (description): _____

_____

[ ] Non-Graphic/Text Computer File (audio, video, etc.) on CD or other media

[x] Item Under Seal

[ ] Conformance with the Judicial Conference Privacy Policy (General Order 53).

[x] Other (description): filed under seal pursuant to protective order

Dated: May 1, 2007                    Respectfully submitted,

                                      CHAVEZ & GERTLER, LLP

                                      THE JACOBS LAW FIRM, CHTD.

                                      BLIM & EDELSON, LLC


                                      By:   /s/ John G. Jacobs
                                            John G. Jacobs

                                      Attorneys for PLAINTIFF
                                      LACI SATTERFIELD

MANUAL FILING NOTIFICATION

- 2 -