John G. Jacobs (*pro hac vice*)
Bryan G. Kolton (*pro hac vice*)
THE JACOBS LAW FIRM, CHTD.
122 South Michigan Avenue, Suite 1850
Chicago, Illinois 60603
Telephone: (312) 427-4000
Fax: (312) 427-1850

Jay Edelson (*pro hac vice*)
Myles McGuire (*pro hac vice*)
Ryan D. Andrews (*pro hac vice pending*)
KAMBEREDELSON, LLC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654
Telephone: (312) 589-6370
Fax: (312) 589-6378

Alan Himmelfarb (SBN 90480)
KAMBEREDELSON, LLP
2757 Leonis Boulevard
Vernon, California 90058
Telephone: (323) 585-8696
Fax: (323) 585-8690

Attorneys for PLAINTIFFS and the putative class

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LACI SATTERFIELD, CARMELLA MILLER, CHARLENE KOUF, individually and on behalf of a class of similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>SIMON & SCHUSTER, INC., a New York corporation, and IPSH!NET, INC., a Delaware corporation,<br><br>Defendants. | Case No. C06 2893 CW<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>DEMAND FOR JURY TRIAL<br><br>The Honorable Claudia Wilken |

**FIRST AMENDED CLASS ACTION COMPLAINT**                       **Case No. 06 C 2893 CW**
**FOR DAMAGES AND INJUNCTIVE RELIEF**

## PRELIMINARY STATEMENT

1. In an effort to promote the sale of a new Stephen King book entitled "Cell," Defendant Simon & Schuster, Inc. ("Simon & Schuster"), one of the largest publishers of books in the nation, along with its marketing agent ipsh!net, Inc., d/b/a Ipsh! ("ipsh"), engaged in an especially pernicious form of marketing: the transmission of unauthorized advertisements, in the form of "text message" calls (hereinafter "wireless spam" or "SMS spam") to the cellular telephones of consumers across the nation.

2. Plaintiffs Laci Satterfield, Carmella Miller and Charlene Kouf ("Plaintiffs") bring this class action complaint against Defendants Simon & Schuster and ipsh to halt Defendants' practice of making unsolicited text message calls to cellular telephones and to obtain redress for all persons injured by their conduct. For their amended class action complaint, Plaintiffs allege as follows upon personal knowledge as to themselves and their own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by their attorneys.

## NATURE OF THE CASE

3. By effectuating wireless spam, Defendants have caused consumers actual harm not only because the consumers were subjected to a violation of their right to privacy, but also because of the annoyance and aggravation that necessarily accompanies unsolicited wireless spam. Subscribers to cellular telephone services frequently have to pay their cell phone service providers for the receipt of such wireless spam on a per-message basis, or for the request that more such spam not be sent in the future, notwithstanding that it is sent in violation of a federal statute specifically on the subject.

4. In order to challenge and stop these marketing and business practices and redress injuries arising from them, Plaintiffs, on behalf of themselves and a nationwide class, bring suit under the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA").

5. The TCPA prohibits unsolicited voice and text calls to cellular phones in order to protect consumers' right to privacy and to further protect them from unsolicited and

**FIRST AMENDED CLASS ACTION COMPLAINT**
**FOR DAMAGES AND INJUNCTIVE RELIEF**          -2-                    Case No. 06 C 2893 CW

1  unwanted cellular commercial and marketing communications.

2      6.    On behalf of the class, Plaintiffs seek an injunction requiring Defendants to
3  cease all wireless spam activities and an award of damages to themselves and all similarly
4  situated persons, together with costs and reasonable attorneys' fees.

## PARTIES

    7.    Plaintiff Laci Satterfield is and has been, at all times material to this Complaint, a citizen of New York, residing in Suffolk County, New York.

    8.    Plaintiff Carmella Miller is and has been, at all times material to this Complaint, a citizen of Illinois, residing in Cook County, Illinois.

    9.    Plaintiff Charlene Kouf is and has been, at all times material to this Complaint, a citizen of Illinois, residing in Cook County, Illinois.

    10.    Defendant ipsh is a Delaware company with its principal place of business in San Francisco, California. According to its own statements, Defendant ipsh is "the North American leader in innovating, developing and deploying effective, turnkey mobile marketing strategies."

    11.    Defendant Simon & Schuster is a New York company with its principal place of business in New York. Simon & Schuster is a leading publisher and purveyor of books in the United States, and it does business throughout the United States.

## JURISDICTION

    12.    The Court has original jurisdiction over this action pursuant to 28 U.S.C. § 13 32(d), because (a) at least one member of the putative class is a citizen of a state different from Defendants, (b) the amount in controversy exceeds $5,000,000, exclusive of interest and costs, and (c) none of the exceptions under that subsection apply to this action.

## VENUE

    13.    Venue is proper in this district under 28 U.S.C. § 1391(b) and (c).

**FIRST AMENDED CLASS ACTION COMPLAINT**
**FOR DAMAGES AND INJUNCTIVE RELIEF**    -3-    Case No. 06 C 2893 CW

## FACTS COMMON TO ALL CAUSES OF ACTION

14. In recent years, marketers who often have felt stymied by federal laws limiting solicitation by telephone, facsimile machine, and e-mail, have increasingly looked to alternative technologies through which to send bulk solicitations to consumers cheaply.

15. One of the newest types of such bulk marketing is to advertise through Short Message Services. The term "Short Message Service" or "SMS" is a messaging system that allows cellular telephone subscribers to use their cellular telephones to send and receive short text messages, usually limited to 160 characters.

16. An "SMS message" is a text message call directed to a wireless device through the use of the telephone number assigned to the device. When an SMS message call is successfully made, the recipient's cell phone rings, alerting him or her that a call is being received. As cellular telephones are inherently mobile and are frequently carried on their owner's person, calls to cellular telephones, including SMS messages, may be received by the called party virtually anywhere worldwide.

17. Unlike more conventional advertisements, wireless spam can cost its recipients money, because cell phone users must frequently pay their respective wireless service providers either for each text message call they receive or for a text plan that includes a number of messages, whether or not the text message is authorized.

18. In or about January, 2006, Defendants and/or their authorized agents, vendors, or contractors, used an automatic telephone dialing system to make text message calls to cellular telephone users in California and in other states in the United States, including a text message to the cellular telephones owned by Plaintiffs.

19. The "sender" field of one such transmission contained only the five-digit number: 49421. The subject line of the message was: "The next call..." The body of the message read as follows:

> The next call you take may be your last... Join the Stephen King VIP
> Mobile Club at www.cellthebook.com. RplyStop2OptOut.
> PwdByNexton.

**FIRST AMENDED CLASS ACTION COMPLAINT**
**FOR DAMAGES AND INJUNCTIVE RELIEF**   -4-   Case No. 06 C 2893 CW

20. At 1:41 AM on January 18, 2006, for instance, Plaintiff Satterfield's cell phone rang, while in possession of her 10-year-old son at the time, indicating that she had received a text call.

21. The sender of the text call identified itself as only "49421," and that the subject field alluded provocatively to the next call.

22. Defendants either made the text message call to Plaintiffs' cellular telephones using an automatic telephone dialing system, or contracted with another entity to make said call using an automatic telephone dialing system.

23. At no time did Plaintiffs' consent to receive such text message calls from Defendants.

## CLASS ACTION ALLEGATIONS

24. Plaintiffs bring this action, pursuant to Fed. R. Civ. P. 23(b )(2) and Fed. R. Civ. P. 23(b)(3), on behalf of herself and a class (the "Class") consisting of all persons residing in the United States of America and its territories who were sent wireless spam by or on behalf of Defendant Simon & Schuster.

25. Plaintiffs are unable to state the precise number of potential members of the proposed class, information that is in the possession of Defendants. Plaintiffs are informed and believe, and on that basis allege, that the proposed class numbers in excess of sixty thousand (60,000) and is so numerous and geographically diverse that joinder of all members would be impracticable. The exact size of the proposed class and the identity of the members hereof, will be ascertainable from Defendants' business records.

26. It is appropriate to maintain this lawsuit as a class action for injunctive relief pursuant to Fed. R. Civ. P. 23(b)(2) because Defendants acted on grounds generally applicable to the class, thereby making injunctive and declaratory relief appropriate with respect to the class as a whole.

27. It is also appropriate to maintain this lawsuit as a class action for damages

**FIRST AMENDED CLASS ACTION COMPLAINT**
**FOR DAMAGES AND INJUNCTIVE RELIEF** -5- Case No. 06 C 2893 CW

1  pursuant to Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the
2  members of the class predominate over questions affecting only individual members and
3  because a class action is superior to other available methods for the fair and efficient
4  adjudication of the controversy. Common questions for the Class include, but are not limited
5  to:

    (a)    Whether Defendants' conduct described herein is governed by the TCPA;

    (b)    Whether the transmission of wireless spam by or on behalf of Defendants as alleged herein violates the TCPA; and

    (c)    Whether the class members are entitled to treble damages based on the willfulness of Defendants' conduct.

28.  The claims of the Plaintiffs are typical of those of the class that she seeks to represent.

29.  Plaintiffs will fairly and adequately represent the interests of the class. They are represented by counsel competent and experienced in consumer protection and class action litigation.

30.  A class action is superior to other methods for the fair and efficient adjudication of this controversy. Because the damages suffered by the individual class members may be relatively small compared to the expense and burden of litigation, it would be impracticable and economically infeasible for class members to seek redress individually. The prosecution of separate actions by the individual class members, even if possible, would create a risk of inconsistent or varying adjudications with respect to individual class members against Defendants, and would establish incompatible standards of conduct for Defendants.

31.  Plaintiffs and members of the class have not previously given express consent to Defendant Simon & Schuster to make or caused to be made any call to their cellular

telephones using an automatic telephone dialing system and/or an artificial or prerecorded voice.

32. Plaintiffs and members of the class have not previously given express consent to Defendant ipsh to make or caused to be made any call on behalf of Simon & Schuster to their cellular telephones using an automatic telephone dialing system.

33. Plaintiffs' cellular telephone services are structured such that they are billed, charged, or otherwise responsible to pay for text messages, including wireless Spam sent by third parties, including Defendants.

### FIRST CAUSE OF ACTION FOR VIOLATION OF THE TCPA

34. Plaintiffs refer to and incorporate all previous paragraphs as though fully set forth herein.

35. The TCPA prohibits the making of any call—without prior express consent of the called party—by using any automatic telephone dialing system or artificial or prerecorded voice to any cellular telephone. Defendants violated the TCPA and Plaintiffs' right to privacy by electronic transmission of written material to the cellular telephones of the members of the class, namely unsolicited commercial advertisements through text message calls using an automatic telephone dialing system and/or using an artificial and prerecorded message.

36. These text message advertisement calls were made without the prior express invitation or permission of Plaintiffs and the members of the class.

37. Defendants have, therefore, violated the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii).

38. As a result of Defendants' illegal conduct as alleged herein, the members of the class suffered actual damages and, under § 227(b)(3)(B), are each entitled, *inter alia*, to a minimum of $500.00 in damages for each such violation of the TCPA.

### SECOND CAUSE OF ACTION FOR INJUNCTIVE RELIEF

39. Plaintiffs refer to and incorporate all previous paragraphs as though fully set forth herein.

40. Defendants and/or its agents or independent contractors have possession,

custody and control of the business records, databases, computer systems and other information and equipment necessary to identify the members of the class, including but not limited to the names, addresses and cellular telephone numbers of the class members. Unless immediate injunctive relief is ordered, Defendants will alter, erase, delete, destroy or otherwise dispose of and remove such systems, records and equipment.  For this reason, Plaintiffs are entitled to an order prohibiting and enjoining Defendant and their agents or independent contractors from altering, deleting, destroying or otherwise disposing of any documents, records, databases or computer systems that are necessary to identify the members of the class.

41.   Defendant should be enjoined from further violations of the TCPA.

WHEREFORE, Plaintiffs, on behalf of themselves and the Class, prays for the following relief:

a.   An order certifying the Class as defined above;

b.   An injunction requiring Defendants to cease all wireless spam activities and restraining Defendants from altering, erasing, changing, deleting, destroying or otherwise removing or disposing of any documents, records, databases, computer systems and the like currently in its possession or control or in the possession or control of its agents and contractors which are used or useful in identifying all persons, corporations or other entities to whom Defendants have transmitted text message advertisements;

c.   An order preliminarily and permanently enjoining Defendants from engaging in the practices challenged herein;

d.   Reasonable attorneys' fees and costs; and

e.   Such further and other relief the Court deems appropriate.

**FIRST AMENDED CLASS ACTION COMPLAINT**
**FOR DAMAGES AND INJUNCTIVE RELIEF**     -8-                    Case No. 06 C 2893 CW

# JURY DEMAND

Plaintiffs request trial by jury of all claims that can be so tried.

Respectfully submitted,

Dated:  September  17, 2009

THE JACOBS LAW FIRM, CHTD.

KAMBEREDELSON, LLC

KAMBEREDELSON, LLP


By:  /s/  John G. Jacobs
      John G. Jacobs
Attorneys for PLAINTIFFS
LACI SATTERFIELD, CARMELLA
MILLER AND CHARLENE KOUF
AND THE PUTATIVE CLASS

John G. Jacobs (*pro hac vice*)
Bryan G. Kolton (*pro hac vice*)
THE JACOBS LAW FIRM, CHTD.
122 South Michigan Avenue, Suite 1850
Chicago, Illinois 60603
Telephone: (312) 427-4000
Fax: (312) 427-4000

Jay Edelson (*pro hac vice*)
Myles McGuire (*pro hac vice*)
Ryan D. Andrews (*pro hac vice pending*)
KAMBEREDELSON, LLC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654
Telephone: (312) 589-6370
Fax: (312) 589-6378

Alan Himmelfarb
KAMBEREDELSON, LLP
2757 Leonis Boulevard
Vernon, California 90058
Telephone: (323) 585-8696
Fax: (323) 585-8690

**CERTIFICATION OF INTERESTED ENTITIES OR PERSONS**

Pursuant to Civil Local Rule 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

Dated:  September 17, 2009

                               Respectfully submitted,

                               The Jacobs Law Firm, Chtd.

                               KamberEdelson, LLC

                               KamberEdelson, LLP

                               By:

                               _____/s/ John G. Jacobs____
                                   John G. Jacobs

                               Attorneys For Plaintiffs And The Putative Class

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of September, 2009, I served the foregoing document by electronically transmitting it to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing upon the following ECF registrants:

Richard B. Kendall, Esq.
Robert N. Klieger, Esq.
Kendall Brill & Klieger LLP
10100 Santa Monica Blvd., Suite 1725
Los Angeles, California 90067
rkendall@kbkfirm.com

Peter Wald, Esq.
Latham & Watkins
505 Montgomery Street
Suite 1900
San Francisco, CA 94111
peter.wald@lw.com

and further certify that I served the foregoing document on the following non-ECF registrants by causing such document to be sent to them by U.S. mail, postage prepaid, on this date:

Peter L. Winik, Esq.
Jennifer C. Archie, Esq.
Latham & Watkins
555 Eleventh St., N.W.
Washington, DC 20004
202-637-2200

                                                /s/ John G. Jacobs
                                                   John G. Jacobs