SEAN REIS (SBN 184044)
sreis@edelson.com
EDELSON MCGUIRE, LLP
7700 Irvine Center Drive, Suite 800
Irvine, CA 92618
Telephone: (714) 352-5200
Facsimile: (714) 352-5201

JAY EDELSON (*Pro Hac Vice*)
jedelson@edelson.com
RYAN D. ANDREWS (*Pro Hac Vice*)
randrews@edelson.com
EDELSON MCGUIRE, LLC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654
T: (312) 589-6370
F: (312) 589-6378

JOHN G. JACOBS (*Pro Hac Vice*)
jgjacobs@thejacobslawfirm.com
BRYAN G. KOLTON (*pro hac vice*)
bgkolton@thejacobslawfirm.com
THE JACOBS LAW FIRM, CHTD.
122 South Michigan Avenue, Suite 1850
Chicago, Illinois 60603
T:  (312) 427-4000
F:  (312) 4127-1850

ATTORNEYS FOR PLAINTIFFS

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| LACI SATTERFIELD, CARMELLA MILLER, and CHARLENE KOUF, individually and on behalf of a class of similarly situated individuals,<br><br>*Plaintiffs*,<br><br>v.<br><br>SIMON & SCHUSTER, INC., a New York corporation, and IPSH!NET, INC., a Delaware corporation,<br><br>*Defendants*. | Case No. C06 2893 CW<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AGREEMENT AND STIPULATION TO ADVANCE DATE**<br><br>Location: Courtroom 2, 4th Floor.<br>1301 Clay Street<br>Oakland, California 94612-5212<br>Date: March 4, 2010<br>Time:  2:00 p.m.<br><br>The Honorable Claudia Wilken |

**NOTICE OF MOTION**

PLEASE TAKE NOTICE that on March 4, 2010, at 2:00 p.m., or at such other time as the Court may set, the undersigned will appear before the Honorable Claudia Wilken in Courtroom 2, Fourth Floor at the United States Courthouse at 1301 Clay Street, Oakland, California, and then and there move the Court, pursuant to Federal Rule of Civil Procedure 23(e), to grant preliminary approval of a proposed settlement in this class action, a copy of which is attached hereto.

The Plaintiffs seek preliminary approval of this class action settlement, certification of the proposed class, and appointment of the Plaintiffs and their counsel as class representatives. The Motion is based on this Notice of Motion, the Memorandum in Support of the Motion and the authorities cited therein, oral argument of counsel, and any other matter that may be submitted at the hearing.

Dated: February 17, 2010              Respectfully Submitted,

LACI SATTERFIELD, CARMELLA MILLER, and CHARLENE KOUF, individually and on behalf of a class of similarly situated individuals,

 /s/ John G. Jacobs

John G. Jacobs (*Pro Hac Vice*)
Bryan G. Kolton (*Pro Hac Vice*)
THE JACOBS LAW FIRM, CHTD.
122 South Michigan Avenue
Suite 1850
Chicago, Illinois 60603

## **STIPULATION TO ADVANCE HEARING**

Pursuant to Local Rule 6-1, the parties stipulate to having Plaintiffs' Motion For Preliminary Approval of Class Action Settlement Agreement heard on March 4, 2010, rather than the 35 days' notice otherwise required by Local Rule 7-2(a).

Respectfully submitted,

| /s Richard B. Kendall | /s/ Peter L. Winik | /s/ John G. Jacobs |
|---|---|---|
| Kendall Brill & Klieger, LLP | Latham & Watkins LLP | The Jacobs Law Firm, Chtd. |
| 10100 Santa Monica Boulevard | 555 Eleventh Street, NW | 122 South Michigan Avenue |
| Suite 1725 | Suite 1000 | Suite 1850 |
| Los Angeles, California 90067 | Washington, D.C. 20004 | Chicago, Illinois 60603 |
| Attorney For Simon & Schuster, Inc. | Attorney For ipsh!net, Inc. | Attorney For Plaintiffs |

**MEMORANDUM IN SUPPORT OF MOTION**

**Table of Contents**

I.    INTRODUCTION ........................................................................................................... 1

II.   NATURE OF THE LITIGATION ................................................................................. 2

    A.  Plaintiffs' Allegations, the Litigation, and Settlement ............................................ 2

    B.  Defendant's Position ................................................................................................ 3

III.  TERMS OF THE SETTLEMENT ................................................................................. 3

    A.  Class Definition ....................................................................................................... 3

    B.  Individual Class Member Benefits .......................................................................... 3

    C.  Additional Relief ..................................................................................................... 4

        1.  *Cy Pres* ........................................................................................................... 4

        2.  *Payment of Notice and Administrative Fees* ................................................ 4

        3.  *Compensation for the Class Representative* ................................................ 4

        4.  *Payment of Attorneys' Fees and Expenses* .................................................. 4

    D.  Release ..................................................................................................................... 4

IV.   THE PROPOSED SETTLEMENT CLASS SHOULD BE CERTIFIED .................... 5

    A.  The Requirement of Numerosity Is Satisfied .......................................................... 5

    B.  The Requirement of Commonality is Satisfied ....................................................... 5

    C.  The Requirement of Typicality is Satisfied ............................................................ 6

    D.  The Requirement of Adequate Representation is Satisfied .................................... 6

    E.  The Proposed Settlement Class Meets the Requirements of Rule 23(b)(3) ........... 7

V.    THE COURT SHOULD APPOINT PLAINTIFFS' COUNSEL AS CLASS
     COUNSEL ....................................................................................................................... 8

VI.   THE PROPOSED SETTLEMENT WARRANTS PRELIMINARY
     APPROVAL .................................................................................................................... 8

VII.  THE PROPOSED PLAN OF CLASS NOTICE .......................................................... 10

VIII. PROPOSED PRELIMINARY SCHEDULE ............................................................... 11

IX.   CONCLUSION ............................................................................................................. 11

Plaintiffs' Notice of Motion and Motion for Preliminary
Approval of Class Action Settlement Agreement
                                          iv                          Case No. 06 2893 CW

1

**Table of Authorities**

**United States Supreme Court Cases:**

*Amchem Prods. Inc. v. Windsor*, 521 U.S. 591 (1997) ............................................................. 5, 8

*Eisen v. Carlisle & Jacquelin*, 417 U.S. 156 (1974) ................................................................. 5, 10

**United States Circuit Court of Appeals Cases:**

*Armstrong v. Bd. of Schl. Dirs. of City of Milwaukee*, 616 F.2d 305 (7th Cir. 1980) ..................... 9

*Dukes v. Wal-Mart, Inc.*, 509 F.3d 1168  (9th Cir. 2007) ............................................................. 6

*Hanlon v. Chrysler Corp.*, 150 F.3d 1011 (9th Cir. 1998) ............................................................. 9

*In re Syncor ERISA Litig.*, 516 F.3d 1095 (9th Cir. 2008) ............................................................ 9

*Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615 (9th Cir. 1982) ...................................... 9

*Pierce v. County of Orange*, 519 F.3d 985 (9th Cir. 2008) ............................................................ 7

**United States District Cases:**

*Celano v. Marriot Int'l, Inc.*, 242 F.R.D. 544 (N.D. Cal. 2007) ....................................................... 5

*In re Inter-Op Hip Prosthesis Liab. Litig.*, 204 F.R.D. 359 (N.D. Ohio 2001) ............................... 9

*In re Tableware Antitrust Litig.*, 484 F. Supp. 2d 1078 (N.D. Cal. 2007) ....................................... 9

**Miscellaneous:**

Alba Conte & Herbert Newberg, 4 *Newberg on Class Actions*, §11.25, at 38-39 (4th Ed. 2002) .. 8

Fed. R. Civ. P. 23 (2007) ............................................................................................. 5, 6, 8, 9, 10

Manual for Complex Litigation §30.41 (3rd ed. 1995) ................................................................... 9

Manual for Complex Litigation § 21.632 (4th ed. 2004) ............................................................ 5, 9

## I. INTRODUCTION

This proposed class action settlement comes after four years of litigation, up to the Ninth Circuit and back, involving matters of first impression under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*. (the "TCPA"). The suit arose over the sending of tens of thousands of text message calls to consumers' cell phones advertising the Stephen King novel *Cell* in January of 2006. Following an initial failed mediation in 2007, the parties engaged in discovery and summary judgment proceedings. Following the grant of summary judgment in favor of defendants and an appeal, the Ninth Circuit remanded to this Court for further proceedings, 569 F.3d 946 (9th Cir. 2009). Following remand, the parties once again attempted mediation.

On November 23, 2009, counsel for the parties and their insurer met at JAMS's offices in Santa Monica, California, for a mediation with the Honorable Daniel Weinstein (ret.). The mediation continued into the night, but without reaching a resolution. Thereafter, with the continued active involvement and assistance of Judge Weinstein, the parties continued negotiations until they reached an agreement in principle on December 10, 2009. Thereafter, they continued active negotiations until a detailed executed Settlement Agreement resulted, a copy of which is Exhibit 1 hereto.

The settlement accomplishes an excellent result for the proposed class members. It calls for a $10 million settlement fund, out of which each member of the class who submits a valid claim will receive a cash payment of $175 and also directs a $250,000 payment to a *cy pres* charity or charities approved by the Court. Given the considerable hurdles still facing Plaintiffs in this litigation, the results achieved are more than fair, reasonable, and adequate, and merit the Court's preliminarily approval of the settlement.

Plaintiffs thus move the Court to preliminarily approve the instant class action settlement, certify the settlement class, and appoint as Class Counsel John G. Jacobs and Bryan Kolton of The Jacobs Law Firm, Chtd. and Jay Edelson and Ryan D. Andrews of Edelson McGuire LLC.

## II. NATURE OF THE LITIGATION

### A. Plaintiffs' Allegations, the Litigation, and Settlement.

Ms. Satterfield initiated this class action on April 28, 2006, asserting that the text-message marketing campaign employed by Defendants to publicize the then-forthcoming Stephen King novel *Cell* constituted a violation of the TCPA. (*See* Dkt. No. 1.)  After remand from the Court of Appeals, on September 17, 2009, Ms. Satterfield filed an amended Complaint that added Plaintiffs Carmella Miller and Charlene Kouf, but contained the same substantive allegations. (Dkt. No. 99.)  Both the original Complaint and First Amended Class Action Complaint alleged that Defendants utilized an "automatic telephone dialing system" ("ATDS") to transmit promotional text messages *en masse* to consumers who had not previously given their prior express consent to receive such messages. (*See* Dkt. Nos. 1, 99.)  Plaintiffs alleged that Defendants' violation of the TCPA resulted in liability for statutory damages and Plaintiffs also sought an injunction. (*See id.*)

As the docket in this matter reflects, this case has been intensely litigated by both sides since its inception.  Early in the litigation the parties agreed to a procedure that scheduled an early mediation and focused discovery on certain legal issues to be followed by a motion for summary judgment by Defendants. (Dkt. Nos. 42, 47.)  The parties held an all day mediation in New York City in February of 2007 with Michael A. Duncheon, a sophisticated litigator from San Francisco.  That mediation left the parties still very far apart. (*See* Dkt. No. 58.)  Accordingly, the parties proceeded to propound the contemplated focused discovery—including requests for the production of documents and interrogatories—and several depositions were taken. (*See* Dkt. No. 69.)

Upon conclusion of that discovery period, the Defendants moved for summary judgment. (Dkt. No. 60.)  After full briefing and oral argument, the Court granted Defendants' Motion. (*See* Dkt. Nos. 63-68, 71.)  Ms. Satterfield appealed, and the Ninth Circuit Court of Appeals ultimately reversed and remanded the action back to this Court. (Dkt. Nos. 76, 82-82, 86.)

After remand, the Court ordered that the parties engage in further discovery on (a) whether the equipment used to send the text messages at issue had the requisite "capacity" to be considered an ATDS and (b) issues relating to class certification. (Dkt No. 97.)  The Court also set deadlines for the filing of further dispositive motions, a motion for class certification, and ordered that the

Plaintiffs' Notice of Motion and Motion for Preliminary
Approval of Class Action Settlement Agreement
                                       - 2 -                          Case No. 06 2893 CW

1  parties again attempt to resolve this matter through private mediation. (*Id.*) The parties engaged
2  in further discovery and simultaneously scheduled briefing dates and a November 23, 2009,
3  mediation with Judge Weinstein at JAMS in Santa Monica, California. Each party submitted a
4  detailed confidential Mediation Statement to Judge Weinstein, setting forth their respective views
5  of the current state of the litigation. Several counsel for the parties, as well as representatives of
6  ipsh!'s insurer, participated in a mediation with Judge Weinstein that lasted all day and into the
7  evening, but did not result in a settlement. As noted, following continued efforts and assistance by
8  Judge Weinstein, the parties ultimately reached the instant settlement agreement of which the
9  motion seeks approval.

10  **B.    Defendants' Position.**

11  At all times, the Defendants have each denied and continue to deny any wrongdoing
12  whatsoever and have denied that they committed any wrongful act or violation of law or duty as
13  alleged in this case and contend that they have acted properly in all regards in connection with the
14  preparation and dissemination of the text message at issue. Defendants deny that an ATDS was
15  used (and thus no violation of the TCPA could occur) and contend vigorously that they would
16  defeat class certification. Defendants also made clear that they were prepared to continue to
17  vigorously defend all claims asserted in this litigation through experienced counsel.

18  **III.   TERMS OF THE SETTLEMENT**

19  The key terms of the settlement follow:

20  **A.    Class Definition:** The Settlement Agreement defines settlement class as all
21  persons who in January 2006 were sent the following text message:

22  > The next call you take may be your last…Join the Stephen King VIP Mobile
> Club at www.cellthebook.com. rplySTOP2OptOut. PwdByNexton.
23

24  **B.    Individual Class Member Benefits:** Defendants have agreed to establish a
25  $10,000,000 Settlement Fund (see Settlement Agreement ¶ 1.33) from which the Individual Class
26  Member Benefit described in this subsection III.B, as well as various payments described below in
27  Section III.C, will be paid  The Individual Class Member Benefit shall be paid to each each class
28  member who submits a valid claim form that is approved by the Settlement Administrator, and is

1  expected to equal $175; provided, however, that if the total value of claims approved by the
2  Settlement Administrator exceeds the balance that remains in the Settlement Fund after the
3  Settlement Fund is reduced by payment of the sums set forth in Section III.C below, then the
4  payment made for each approved claim will be reduced to equal a *pro rata* share of the balance of
5  the Settlement Fund.

6  **C.     Additional Relief:**  In addition to the Individual Class Member Benefit described
7  in Section III.B above, the Defendants have agreed to provide the following relief to be paid from
8  the $10,000,000 Settlement Fund before payment of the Individual Claim Member Benefits..

9           **1.     *Cy Pres*:**  After the settlement has become effective, Defendants have
10 agreed to pay from the Settlement Fund $250,000 as a form of *cy pres* to an organization or
11 organizations selected by Plaintiffs in consultation with Defendants, and approved by the Court.

12          **2.     *Payment of Notice and Administrative Fees*:** Defendants will pay from the
13 Settlement Fund the full cost of sending the settlement class notice, publication, web hosting, and
14 any other notice as required by the Court as well as all costs of administration of the settlement out
15 of the settlement fund.

16          **3.     *Compensation for the Class Representatives*:**  In addition to any award
17 under the settlement, and in recognition of their efforts on behalf of the class, Defendants have
18 agreed to pay the class representatives incentive awards from the Settlement Fund as follows for
19 appropriate compensation for their time and effort serving as the class representatives in this
20 litigation: $25,000 for Laci Satterfield; $5,000 each for Carmella Miller and Charlene Kouf.

21          **4.     *Payment of Attorneys' Fees and Expenses*:** Defendants have agreed to pay
22 Class Counsel from the settlement fund, subject to Court approval, $2,725,000 in both attorneys'
23 fees and for the reimbursement of costs. Defendants have agreed that they will not oppose Class
24 Counsel's request for such an award, directly or indirectly.

25     **D.     Release**
26     Upon the entry of a final order approving this settlement and the time for appeal has
27 expired or such appeal has been decided, Plaintiffs and each and every member of the settlement
28 class who has not timely filed a request to be excluded from the settlement class will release and

1  forever discharge the Defendants from any and all manner of claims, whether known or unknown,

2  involving the sending of the Text Message to the Settlement Class for the Stephen King book *Cell*.

3  (*See* Ex. A §§ 1.24; 3.2 for full Release language.)

## IV.   THE PROPOSED SETTLEMENT CLASS SHOULD BE CERTIFIED

Prior to granting preliminary approval of a settlement, the Court should determine that the proposed settlement class is a proper class for settlement purposes. Manual for Complex Litigation § 21.632 (4th ed. 2004); *Amchem Prods. Inc. v. Windsor*, 521 U.S. 591, 620 (1997). The Court may certify a class when the plaintiff demonstrates that the proposed class and proposed class representatives meet the following prerequisites of Rule 23(a): numerosity, commonality, typicality, and adequacy of representation. Fed. R. Civ. P. 23(a)(1-4). After meeting the strictures of Rule 23(a), the plaintiff must then demonstrate that common questions of law or fact predominate and that maintaining the suit as a class action is superior to other methods of adjudication. Fed. R. Civ. P. 23(b)(3).

In determining whether to certify a class, the Court does not inquire into the merits of the plaintiff's claims. *See Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 177 (1974). As such, the Court accepts the allegations of the plaintiff's complaint as true, but may consider matters beyond the pleadings to determine if the claims are suitable for resolution on a class-wide basis. *Celano v. Marriot Int'l, Inc.*, 242 F.R.D. 544, 548 (N.D. Cal. 2007).

### A.   The Requirement of Numerosity Is Satisfied

The numerosity prerequisite is met when "the class is so numerous that joinder of all members is impractical. Fed. R. Civ. P. 23(a)(1). To satisfy this requirement there is no "specific" number required, nor are the plaintiffs required to state the "exact" number of potential class members. *Celano*, 242 F.R.D. at 548. Generally, the numerosity requirement is satisfied when the class comprises 40 or more members. *See id.* at 549. In this case, discovery has determined that the class consists of approximately 60,000 persons, easily enough to satisfy the numerosity requirement. Accordingly, the proposed class is so numerous that joinder of their claims is impracticable.

Plaintiffs' Notice of Motion and Motion for Preliminary
Approval of Class Action Settlement Agreement
                                                     - 5 -                                  Case No. 06 2893 CW

**B.     The Requirement of Commonality is Satisfied**

The second threshold to certification requires that "there are questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). "[P]laintiffs may demonstrate commonality by showing that class members have shared legal issues by divergent facts or that they share a common core of facts but base their claims for relief on different legal theories." *Dukes v. Wal-Mart, Inc.*, 509 F.3d 1168, 1177 (9th Cir. 2007). "[O]ne significant issue common to the class may be sufficient to warrant certification." *Id.* As alleged in this case, all class members share a claim that arose out of the same activity of the Defendants, is based on the same legal theory, and implicate the following common questions or issues of fact: whether the text messages they received from the Defendants are violative of the TCPA; whether the Defendants used an automatic telephone dialing system to transmit the text messages at issue; and whether the class members are entitled to statutory damages as a result of this conduct. In addition, common questions for the settlement include whether the settlement is fair and what is the proper form of notice. The commonality requirement is therefore met.

**C.     The Requirement of Typicality is Satisfied**

Rule 23 next requires that Plaintiffs' claims are typical of those of the class. Fed. R. Civ. P. 23(a)(3). "[T]ypicality focuses on the relationship of facts and issues between the class and its representatives." *Dukes*, 509 F.3d at 1184 fn.12 (citation omitted) ("[u]nder the rule's permissive standards, representative claims are 'typical' if they are reasonably coextensive with those of absent class members; they need not be substantially identical[;] some degree of individuality is to be expected in all cases, but that specificity does not necessarily defeat typicality"). In this case, the Plaintiffs and the proposed class members all received identical text messages as a result of the Defendants' marketing campaign. As a result of this conduct, the Plaintiffs and the proposed class have alleged that this conduct violated the TCPA, which would provide identical statutory damages to all members of the settlement class. As such, Plaintiffs' claims are typical of those of the proposed class and Fed. R. Civ. P. 23(a)(3) is met.

### D. The Requirement of Adequate Representation is Satisfied

The final Rule 23(a) prerequisite requires that the proposed class representatives have and will continue to "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). "This factor requires: (1) that the proposed representative Plaintiffs do not have conflicts of interest with the proposed class, and (2) that Plaintiffs are represented by qualified and competent counsel." *Dukes*, 509 F.3d at 1185.

In this case, the Plaintiffs have the same interests as the proposed class members—all have received the identical text message. As such, Plaintiffs' interests are not antagonistic, but rather are fully congruent with the interests of other class members, and their pursuit of this matter has demonstrated that they will continue to be zealous advocates for the class. Similarly, proposed Class Counsel have regularly engaged in major complex litigation, and have been named class counsel in several consumer class action lawsuits involving cellular telephone technology that are similar in size, scope and complexity to the present case. (*See* Firm Resumes of The Jacobs Law Firm Chtd. and Edelson McGuire, LLC, true and accurate copies of which are attached as Exhibit 2.) Accordingly, both Plaintiffs and their counsel will adequately represent the class.

### E. The Proposed Settlement Class Meets the Requirements of Rule 23(b)(3)

Once the subsection (a) prerequisites are satisfied, Federal Rule of Civil Procedure 23(b)(3) provides that a class action can be maintained where the questions of law and fact common to members of the class predominate over any questions affecting only individuals, and the class action mechanism is superior to the other available methods for the fair and efficient adjudication of the controversy. Fed. R. Civ. P 23(b)(3); *Pierce v. County of Orange*, 519 F.3d 985, 991 n. 5 (9th Cir. 2008). In this case and in the context of the proposed settlement, common issues of fact and law predominate. The central factual issue remaining in dispute is whether the Defendants transmitted the text message advertisements with an ATDS. The Defendants' text messages were transmitted to the class in precisely the same manner and may entitle the class to identical statutory damages under the TCPA. As such, the common questions that result from Defendants' conduct are the primary focus and central issue of this class action and thus predominate over any individual issues that may exist.

In addition, the instant class action is superior to any other method available to fairly, adequately, and efficiently resolve the class members' claims. In this case, absent a class action, most members of the class would find the cost of litigating their claims—each of which is statutorily limited to $500 by the TCPA (up to a maximum of $1,500 in the Court's discretion) — to be prohibitive and such multiple individual actions would be judicially inefficient. Also, because the action will now settle, the Court need not consider issues of manageability relating to trial. *See Amchem*, 521 U.S. at 620 (citation omitted) ("[c]onfronted with a request for settlement-only class certification, a district court need not inquire whether the case, if tried, would present intractable management problems, for the proposal is that there be no trial"). Accordingly, common questions predominate and a class action is the superior method of adjudicating this controversy.[1]

## V. THE COURT SHOULD APPOINT PLAINTIFFS' COUNSEL AS CLASS COUNSEL

Under Rule 23, "a court that certifies a class must appoint class counsel . . .[who] must fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B). In making this determination, the Court must consider counsel's: (1) work in identifying or investigating potential claims; (2) experience in handling class actions or other complex litigation, and the types of claims asserted in the case; (3) knowledge of the applicable law; and (4) resources committed to representing the class. Fed. R. Civ. P. 23(g)(1)(A)(i-iv).

As discussed above, proposed class counsel have extensive experience in prosecuting class actions and other complex litigation. (*See* Exhibit 2.) Further, proposed class counsel have diligently investigated and prosecuted this matter, dedicating substantial resources to the

---

[1] Defendants do not oppose certification of the proposed settlement class, but have reserved their rights to oppose class certification should the Settlement Agreement not become effective. *See*, Settlement Agreement, ¶9.3 (if the Settlement Agreement does not become effective, the Parties thereto "shall be restored to their respective positions in the Action as of the date of the signing of this Agreement. In such event, any Final Judgment and Order of Dismissal with Prejudice or other order entered by the Court in accordance with the terms of this Agreement shall be treated as vacated, *nunc pro tunc*.")

1  investigation of the claims at issue in the action, have secured a seminal decision from the Ninth
2  Circuit Court of Appeals, and have successfully negotiated the settlement of this matter to the
3  benefit of the class. Accordingly, the Court should appoint proposed Plaintiffs' counsel to serve
4  as class counsel for the proposed class pursuant to Rule 23(g) and appoint John G. Jacobs and
5  Bryan G. Kolton of the Jacobs Law Firm, Chtd. and Jay Edelson and Ryan D. Andrews of Edelson
6  McGuire, LLC as Class Counsel.

## VI.   THE PROPOSED SETTLEMENT WARRANTS PRELIMINARY APPROVAL

After certifying the settlement class, the Court should preliminarily approve the settlement. The procedure for review of a proposed class action settlement is a well-established two-step process. Fed. R. Civ. P. 23(e); *see also* Alba Conte & Herbert Newberg, 4 *Newberg on Class Actions*, §11.25, at 38-39 (4th Ed. 2002). The first step is a preliminary, pre-notification hearing to determine whether the proposed settlement is "within the range of possible approval." *Newberg*, §11.25, at 38-39 (quoting Manual for Complex Litigation §30.41 (3rd ed. 1995)); *In re Syncor ERISA Litig.*, 516 F.3d 1095, 1110 (9th Cir. 2008). This hearing is not a fairness hearing; its purpose, rather, is to ascertain whether there is any reason to notify the class members of the proposed settlement and to proceed with a fairness hearing. *In re Syncor ERISA Litig.*, 516 F.3d at 1110. Notice of a settlement should be sent where "the proposed settlement appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class, and falls within the range of possible approval." *In re Tableware Antitrust Litig.*, 484 F. Supp. 2d 1078, 1079 (N.D. Cal. 2007). The Manual for Complex Litigation characterizes the preliminary approval stage as an "initial evaluation" of the fairness of the proposed settlement made by the court on the basis of written submissions and informal presentation from the settling parties. Manual for Complex Litigation § 21.632 (4th ed. 2004). If the court finds a settlement proposal "within the range of possible approval," it then proceeds to the second step in the review process—the final approval hearing. *Newberg*, §11.25, at 38-39. The standard of scrutiny for preliminary approval is more relaxed than for final approval. *Armstrong v. Bd. of Schl. Dirs. of City of Milwaukee*, 616 F.2d 305, 314 (7th Cir. 1980).

1  A strong judicial policy exists that favors the voluntary conciliation and settlement of complex class action litigation. *In re Syncor*, 516 F.3d at 1101 (citing *Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615 (9th Cir. 1982). While the district court has discretion regarding the approval of a proposed settlement, it should give "proper deference to the private consensual decision of the parties." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1027 (9th Cir. 1998). In fact, when a settlement is negotiated at arms' length by experienced counsel, there is a presumption that it is fair and reasonable. *In re Inter-Op Hip Prosthesis Liab. Litig.*, 204 F.R.D. 359, 380 (N.D. Ohio 2001). Ultimately, the Court's role is to ensure that the settlement is fundamentally fair, reasonable, and adequate. Fed. R. Civ. P. 23(e)(2); *In re Syncor*, 516 F.3d at 1100.

In this case, the settlement should not only be viewed with a presumption of its fairness, there is also no question that the proposed settlement is at least "within the range of possible approval." Only after extensive discovery and extended arms' length negotiations, conducted with the assistance of Judge Weinstein, were the parties able to reach the instant settlement agreement. The fairness, reasonableness, and adequacy of this settlement are further apparent from the substantial immediate cash benefit of $175 conferred upon the members of the class. Although Plaintiff's counsel believes that the plaintiffs' claim is meritorious and should prevail, it would blink reality to not recognize that there is great risk to the claim, involving as it does issues of first impression and the quality of the representation presented by defense counsel in this case. When the strengths of the Plaintiffs' claim are weighed against the legal and factual obstacles combined with the complexity of class action practice, it is apparent that the proposed settlement is clearly in the best interest of class members as it provides substantial recovery now.

Only after the relief to the class was agreed-upon did the parties reach an agreement on the amount of attorneys' fees or incentive awards, lending further credence to the arms' length nature of the negotiations. As this settlement easily falls well "within the range of possible approval," it should be preliminarily approved.

**VII.  THE PROPOSED PLAN OF CLASS NOTICE**

When certification of a settlement class is sought under Rule 23 (b)(3), the substance of the notice to the settlement class must describe in plain language, the nature of the action, the

1 definition of the class to be certified, and the class claims and defenses at issue. Furthermore, the
2 notice must explain that settlement class members may enter an appearance through counsel if so
3 desired, that class members may request to be excluded from the settlement Class, and that the
4 effect of a class judgment shall be binding on all class members. *See* Fed. R. Civ. P. 23 (c)(2)(B).
5 In addition to the substance of the notice, the manner of issuing notice must also satisfy Rule 23
6 and Due Process, which require that the Court direct the Parties to give "the best notice practicable
7 under the circumstances, including individual notice to all members who can be identified through
8 reasonable effort." Fed. R. Civ. P. 23(b)(3); *Eisen*, 417 U.S. at 177.

9 The proposed notices in this case satisfy both the substantive and manner of distribution
10 requirements of Rule 23 and Due Process. The Agreement contemplates a four-part notice plan
11 designed to reach as many potential settlement class members as possible through reasonable
12 effort. First, direct notice of the settlement will be sent via U.S. Mail to those class members
13 whose addresses are obtained through reverse-directory searches of the phone numbers called. If
14 email addresses are obtainable, email notice will be given as well. Notice will also be published in
15 1/4 page advertisements in national newspapers or publications. Additionally, the settlement
16 administrator will launch and administer a website serving as the "long-form" notice. The website
17 notice shall provide links to the settlement, the claim form, and other relevant Court documents,
18 and provide for the online submission of claims. The Settlement Administrator may spend up to
19 $30,000 for Google AdWords keyword searching to facilitate the effectiveness of the settlement
20 website. Finally, the parties may issue a press release announcing the settlement. Copies of the
21 proposed notices and claim form are attached as Exhibits A through D, and G to the Settlement
22 Agreement and should be approved by the Court. As such, the proposed methods of notice
23 comport with Rule 23 and the requirements of Due Process and should be approved by this Court
24 as the best notice practicable.

25 **VIII. PROPOSED PRELIMINARY SCHEDULE**

26 The parties propose the following schedule leading to the final approval hearing:

27 1. Website notice and claim form on website operated by the settlement administrator
28 shortly after entry of Preliminary Approval Order (PAO);

2. Mail or email notice to be completed within 60 days of entry of the PAO;

3. Deadline for Opt-outs/Objections: 45 days after notice is published or mailed to the class;

4. Submission of papers in support of final approval: 14 days prior to Final Fairness Hearing Date; and

5. Final Fairness Hearing: 90 days after notice is published or mailed to the class and provided pursuant to CAFA;

## IX. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully ask that the Court grant preliminary approval of the proposed settlement agreement, approve the form and manner of notice described above, and enter the proposed order separately submitted herewith (a copy of which is Exhibit E to the Settlement Agreement), and grant such further relief the Court deems reasonable and just.

Dated: February 17, 2010                    Respectfully Submitted,

LACI SATTERFIELD, CARMELLA MILLER, and CHARLENE KOUF, individually and on behalf of a class of similarly situated individuals,

  /s/ John G. Jacobs     _____
One of the Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I, John G. Jacobs, an attorney, certify that on February 17, 2010, I served the above and foregoing *Notion of Motion and Motion for Preliminary Approval of Class Action Settlement* by causing true and accurate copies of such paper to be filed and transmitted to the persons registered to receive such notice via the Court's CM/ECF electronic filing system.

　/s/  John G. Jacobs