IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LACI SATTERFIELD, CARMELLA MILLER, and CHARLENE KOUF, individually and on behalf of a class of similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>SIMON & SCHUSTER, INC., a New York corporation, and IPSH!NET, INC., a Delaware corporation,<br><br>Defendants. | ) Case No. C06 2893 CW<br>)<br>) SETTLEMENT AGREEMENT<br>)<br>)<br>) The Honorable Claudia Wilken<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement" or "Settlement Agreement") is entered into as of January 15, 2010, by and among (i) Laci Satterfield, Carmella Miller and Charlene Kouf} (the "Named Plaintiffs"), (ii) the Settlement Class (as defined herein) (the Settlement Class and the Named Plaintiffs are collectively herein referred to as the "Plaintiffs" unless otherwise noted), and (iii) Defendants Simon & Schuster, Inc., a New York Corporation ("S&S"), and ipsh!net, Inc., a Delaware corporation ("ipsh!"), collectively referred to herein as "Defendants" unless otherwise stated. The Plaintiffs and the Defendants are collectively referred to herein as the "Parties." This Settlement Agreement is intended by the Parties to fully, finally and forever release, resolve, discharge and settle the Released Claims (as the term is defined below), upon and subject to the terms and conditions of this Settlement Agreement, and subject to the final approval of the Court.

## RECITALS

A.     Plaintiffs allege that on or about January 18, 2006, a text message was sent on Defendants' behalf to approximately 60,000 cellular telephones across the country.  The text message ("the Text Message") stated,

> The next call you take may be your last…Join the Stephen King VIP Mobile Club at www.cellthebook.com.  rplySTOP2OptOut. PwdByNexton.

Each of the Named Plaintiffs has averred that she received the Text Message.

B.     On or about April 28, 2006, Plaintiff Laci Satterfield brought a putative class action (the "Action") against the Defendants, claiming that the sending of the Text Message was in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA").  The Action was filed in the United States District Court for the Northern District of California and assigned to the Honorable Claudia Wilken.   Hereafter, "the Court" shall refer to Judge Wilken or any judge who shall succeed her as the Judge in this Action.

C.     In January of 2007, the Parties engaged in a mediation in New York City conducted by court-appointed mediator Michael Duncheon.  The mediation did not result in a settlement, whereupon the Parties proceeded to take focused discovery and proceed to a summary judgment motion filed by Defendants.  On June 26, 2007, Judge Wilken granted Defendants' motion for summary judgment.  Plaintiff Satterfield appealed that judgment to the United States Court of Appeals for the Ninth Circuit.

D.     Oral argument was heard on the appeal on February 11, 2009.  On June 19, 2009, the Ninth Circuit reversed the district court's grant of summary judgment and remanded for further proceedings.  The Ninth Circuit's decision is reported at 569 F.3d 946 (9th Cir. 2009).  Following a denial of a Petition For Rehearing filed by Defendants, the case was remanded to the district court in August of 2009.  In September of 2009, the Court held a Case Management

Conference with the Parties, and the Court established a schedule that called for the filing of an amended complaint, a second mediation, discovery and motions for class certification and summary judgment, culminating in hearings on the motions scheduled for May 6, 2010.

E.  On September 17, 2009, Plaintiffs filed their First Amended Complaint. The claim asserted was identical to the claim filed in the original complaint, but added two additional Plaintiffs, Carmella Miller and Charlene Kouf. The First Amended Complaint and the original complaint are collectively referred to hereafter as the "Action."

F.  Shortly after the Case Management Conference, the Parties initiated additional discovery, and prior to the second mediation, each side had responded to the other's discovery, including the production of documents by ipsh!. The Parties then conducted a Rule 37 conference concerning claimed inadequacies of the discovery responses.

G.  In its September 3, 2009 Order, the Court directed that a second mediation should be conducted by December 1, 2009. The Parties agreed that the new mediation should be conducted by the Honorable Daniel Weinstein (ret.) of JAMS. The Parties submitted detailed confidential Mediation Submissions to Judge Weinstein, setting forth their respective views as to the strengths of their cases and the perceived weaknesses in their opponents' cases. On November 23, 2009, counsel for the Parties as well as representatives of National Union Fire Insurance Company of Pittsburgh, Pa. ("National Union" or "Insurer"), which provides certain insurance coverage to ipsh!, met at JAMS's offices in Santa Monica, California with Judge Weinstein. The mediation lasted all day and into the evening, but did not result in a settlement. Thereafter, Judge Weinstein continued contact with counsel for the Parties and the Insurer, and counsel for the Parties and the Insurer engaged in direct contact as well.

- 3 -

H.    Finally, on December 10, 2009, the Parties and the Insurer reached agreement on the terms of the settlement further described herein.

I.    At all times, each of the Defendants has denied and continues to deny any wrongdoing whatsoever and has denied and continues to deny that either of them committed, or threatened or attempted to commit, any wrongful act or violation of law or duty alleged in the Action and contend that they have acted properly in all regards in connection with the preparation and dissemination of the Text Message.  Defendants also deny: (1) each and all of the claims and contentions alleged by Plaintiffs in the Action; (2) all charges of wrongdoing or liability against them arising out of any conduct, statements, acts or omissions alleged in the Action; and (3) that Plaintiffs or the Settlement Class are entitled to any form of damages based on the conduct alleged in the Action.  In addition, Defendants maintain that they have meritorious defenses to the claims alleged in the Action and were prepared to vigorously oppose class certification.  Nonetheless, taking into account the uncertainty and risks inherent in any litigation, Defendants have concluded that further defense of the Action could be protracted, risky, burdensome, and expensive, and that it is desirable and beneficial to them that the Action be fully and finally settled and terminated in the manner and upon the terms and conditions set forth in this Agreement.  This Agreement is a compromise, and the Agreement, any related documents, and any negotiations resulting in it shall not be construed as or deemed to be evidence of or an admission or concession of liability or wrongdoing on the part of Defendants, or any of the Released Parties (defined below), with respect to any claim of any fault or liability or wrongdoing or damage whatsoever.

J.    Plaintiffs believe that the claims asserted in the Action have merit.  Nonetheless, Plaintiffs and Class Counsel recognize and acknowledge the expense and length of continued

- 4 -

prosecution of the Action against Defendants through trial and any subsequent appeals. Plaintiffs and Class Counsel also have taken into account the uncertain outcome and risks of any litigation, especially in complex actions, as well as the difficulties and delays inherent in such litigation. Therefore, Plaintiffs believe that it is desirable that the Released Claims be fully and finally compromised, settled and resolved with prejudice, and barred pursuant to the terms set forth herein. Based on their evaluation, Class Counsel have concluded that the terms and conditions of this Agreement are fair, reasonable and adequate to the Settlement Class, and that it is in the best interests of the Settlement Class to settle the claims raised in the Action pursuant to the terms and provisions of this Agreement.

K.     The Parties agree that the Action was resolved in good faith, following arm's length bargaining presided over by a neutral and highly experienced mediator, and that the settlement reflected herein confers substantial benefits upon the Parties, and each of them.

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among Plaintiffs, the Settlement Class, and each of them, and Defendants, by and through their respective undersigned counsel that, subject to final approval of the Court after a hearing or hearings as provided for in this Settlement Agreement, in consideration of the benefits flowing to the Parties from the Settlement set forth herein, that the Action and the Released Claims shall be finally and fully compromised, settled and released, and the Action shall be dismissed with prejudice, upon and subject to the terms and conditions of this Agreement.

## AGREEMENT

1.     **DEFINITIONS**.

As used in this Settlement Agreement, the following terms have the meanings specified below:

1.1   **"Approved Claim"** means a Claim Form submitted by a Settlement Class Member that (a) is submitted timely and in accordance with the directions on the Claim Form and the provisions of the Settlement Agreement; and (b) is signed by the Settlement Class Member, physically or electronically, subject to the penalties of perjury.

1.2   **"Claim Form"** means the documents in the form attached hereto as Exhibit A, as approved by the Court.  The Claim Form, to be completed by Settlement Class Members who wish to file a Claim for a Settlement Benefit, shall be available in paper and electronic format.

1.3   "**Claims**" means any claims arising out of or relating to the Text Message received by any Settlement Class Member and all claims that were brought or could have been brought in the Action relating to the Text Message.

1.4   **"Claims Administration Expenses"** means the expenses incurred by the Settlement Administrator in providing Notice to and processing claims by the Settlement Class, with such expenses to be paid from the Settlement Fund, including an amount not to exceed thirty thousand dollars ($30,000.00) for promoting internet publication notice of this Settlement Agreement through Google AdWords.

1.5   **"Class Counsel"** means John G. Jacobs and Bryan G. Kolton of The Jacobs Law Firm, Chtd. and Jay Edelson and Ryan Andrews of Edelson McGuire, LLC.

1.6   **"Class Representatives"** means the Named Plaintiffs in this Action, Laci Satterfield, Carmella Miller and Charlene Kouf.

1.7   **"Claims Deadline"** means the date by which all Claims Forms must be postmarked or received to be considered timely and shall be set as the date forty-five (45) days after entry of the Final Judgment and Order of Dismissal with Prejudice.  The Claims Deadline

shall be clearly set forth in the Order for Notice and Hearing and in the Final Judgment and Order of Dismissal with Prejudice as well as prominently in the Notice and the Claim Form.

1.8    **"Court"** means Judge Wilken or any judge who shall succeed her as the Judge in this Action.

1.9    **"Defendants"** means Simon & Schuster, Inc., a New York corporation, and ipsh!net, Inc., a Delaware Corporation.

1.10    **"Defendants' Counsel"** means Peter L. Winik of Latham & Watkins LLP and Richard B. Kendall of Kendall Brill & Klieger, LLP.

1.11    **"Effective Date of Settlement"** or **"Effective Date"** means the first date by which all of the events and conditions specified in Section 9.1 have been met and have occurred.

1.12    **"Final Approval Hearing"** means the hearing before the Court where the Parties will request the Final Judgment and Order of Dismissal with Prejudice to be entered by the Court approving the Settlement, approving the Fee Award, and the incentive awards to Class Representatives.

1.13    **"Fee Award"** means the amount of attorneys' fees and reimbursement of expenses awarded by the Court to Class Counsel.

1.14    **"Final"** means one business day following the later of the following events: (i) the date upon which the time expires for filing or noticing any appeal of the Court's Final Judgment and Order of Dismissal With Prejudice approving the Settlement substantially in the form of Exhibit F hereto; (ii) if there is an appeal or appeals, other than an appeal or appeals solely with respect to attorneys' fees and reimbursement of expenses, the date of completion, in a manner that finally affirms and leaves in place the Final Judgment and Order of Dismissal With Prejudice without any material modification, of all proceedings arising out of the appeal or

appeals (including, but not limited to, the expiration of all deadlines for motions for reconsideration or petitions for review and/or certiorari, all proceedings ordered on remand, and all proceedings arising out of any subsequent appeal or appeals following decisions on remand); or (iii) the date of final dismissal of any appeal or the final dismissal of any proceeding on certiorari.

1.15 **"Final Judgment and Order of Dismissal With Prejudice"** means the Final Judgment and Order to be entered by the Court approving the Settlement after the Final Approval Hearing substantially in the form of Exhibit F hereto.

1.16 **"Mediator"** means Honorable Daniel Weinstein of JAMS.

1.17 **"Nationwide"** means the 50 states in the United States of America and its territories.

1.18 **"Notice"** means the Notice of Pendency and Proposed Settlement of Class Action and Final Approval Hearing, which is to be sent to Settlement Class Members substantially in the manner set forth in this Agreement and in the form attached hereto as Exhibit B, as well as such published notice as the Parties and Court shall agree are consistent with the requirements of Due Process, substantially in the form of Exhibits C and D hereto.

1.19 **"Notice Plan"** means the proposed plan of disseminating notice to members of the Settlement Class of the proposed Settlement and of the Final Approval Hearing.

1.20 **"Preliminary Approval Order"** means the proposed order preliminarily approving the Settlement and directing notice thereof to the Settlement Class substantially in the form of Exhibit E hereto.

1.21   **"Parties"** or **"Settling Parties"** means Plaintiffs Laci Satterfield, Carmella Miller and Charlene Kouf, the Settlement Class and the Defendants Simon & Schuster, Inc. and ipsh!net, Inc.

1.22   **"Person"** shall have the broadest meaning possible and shall mean, without limitation, any individual, corporation, partnership, limited partnership, limited liability company, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and their spouses, heirs, predecessors, successors, representatives, or assigns.

1.23   **"Plaintiff"** or **"Plaintiffs"** means Laci Satterfield, Carmella Miller and Charlene Kouf, and the Settlement Class Members.

1.24   **"Released Claims"** means any and all actual, potential, filed, known or unknown, fixed or contingent, claimed or unclaimed, suspected or unsuspected, claims, demands, liabilities, rights, causes of action, contracts or agreements, extracontractual claims, damages, punitive, exemplary or multiplied damages, expenses, costs, attorneys' fees and or obligations (including "Unknown Claims" as defined below), whether in law or in equity, accrued or unaccrued, direct, individual or representative, of every nature and description whatsoever, whether based on federal, state, local, statutory or common law or any other law, rule or regulation, including the law of any jurisdiction outside the United States, against the Released Parties, or any of them, arising out of any facts, transactions, events, matters, occurrences, acts, disclosures, statements, misrepresentations, omissions or failures to act relating to the alleged sending of the Text Message to the Settlement Class for the Stephen King book *Cell* that were or could have been alleged or asserted in the Action relating to such Text Message, belonging to Plaintiffs and each of them and any of their present or past heirs, executors, estates,

administrators, predecessors, successors, assigns, parents, subsidiaries, associates, affiliates, employers, employees, agents, consultants, independent contractors, Insurers, directors, managing directors, officers, partners, principals, members, attorneys, accountants, financial and other advisors, investment bankers, underwriters, lenders, and any other representatives of any of these Persons and entities (including, without limitation, any claims, whether direct, derivative, representative or in any other capacity, arising under federal, state, local, statutory or common law or any other law, rule or regulation, including the law of any jurisdiction outside of the United States) that relate in any way to any actual or alleged violation of law, misstatement or omission, breach of duty, negligence or fraud or any other actual or alleged wrongdoing or misconduct.

1.25   **"Released Parties"** means Simon & Schuster, Inc., ipsh!net, Inc., and any and all of their present or past heirs, executors, estates, administrators, predecessors, successors, assigns, parents, subsidiaries, associates, affiliates, employers, employees, agents, consultants, independent contractors, Insurers, directors, managing directors, officers, partners, principals, members, attorneys, accountants, financial and other advisors, investment bankers, underwriters, shareholders, lenders, auditors, investment advisors, legal representatives, successors in interest, assigns and Persons, firms, trusts, corporations, officers, directors, other individuals or entities in which Simon & Schuster, Inc., or ipsh!net, Inc., has a controlling interest or which is related to or affiliated with any of them, or any other representatives of any of these Persons and entities .

1.26   **"Remaining Funds"** means the amount of the Settlement Fund remaining after the approved payments of Approved Claims to the Settlement Class Members, Claims Administration Expenses, incentive awards to Class Representatives, fees of the Special Master, the Fee Award and the *cy pres* payment.  Any sums remaining in the Settlement Fund after

payment of the items referred to in the first sentence of this paragraph, together with any interest earned thereon, shall revert to Defendants or the Insurer in a proportionate amount to which each has contributed to the Settlement Fund.   Defendants shall be liable for any tax consequences resulting from any such accrued interest.

1.27    **"Settled Claims"** means all of the Released Claims.

1.28    **"Settlement"** or **"Settlement Agreement"** means the settlement contemplated by this Settlement Agreement.

1.29    **"Settlement Administrator"** means the firm of RSM McGladry, selected by Class Counsel and approved by the Court to oversee the distribution of Notice as well as the processing and payment of claims to the Settlement Class as set forth in this Settlement Agreement.

1.30    **"Settlement Benefit"** means the benefits a Settlement Class Member may receive pursuant to this Settlement Agreement.

1.31    **"Settlement Class"** means all persons who in January 2006 were sent the Text Message.

1.32    **"Settlement Class Member"** or **"Class Member"** means a Person who falls within the definition of the Settlement Class as set forth above and who has not submitted a valid request for exclusion.

1.33    **"Settlement Fund"** means a cash settlement fund that shall be established by the Defendants up to the maximum amount of ten million dollars ($10,000,000), to be initially funded by Defendants or by the Insurer at the direction of Defendants within fifteen business days after the entry of the Preliminary Approval order and receipt of notice of same by the Insurer in an amount of four million dollars ($4,000,000), and thereafter to be replenished by

Defendants or by the Insurer at the direction of Defendants in increments of one million dollars ($1,000,000) any time the Settlement Fund shall fall to a balance of or below one million dollars ($1,000,000) upon thirty days' advance notice to Defendants and the Insurer by the Settlement Administrator.   From this Settlement Fund, Defendants shall pay all Approved Claims, Claims Administration Expenses, fees of the Special Master, *cy pres* payment, incentive awards to Class Representatives, and the Fee Award.  The Settlement Fund shall be kept in an interest-bearing escrow account until such time as the above-listed payments are made.  The Settlement Fund includes all interest that shall accrue on the sums deposited in it. Defendants shall be responsible for all tax filings with respect to any earnings on the Settlement Fund and the payment of all taxes that may be due on such earnings. The Settlement Fund represents the limit and extent of Defendants' monetary obligations under this Agreement.  In no event shall Defendants' total financial liability with respect to this Settlement exceed ten million dollars ($10,000,000) plus the interest earned on the Settlement Fund.

1.34    **"Preliminary Approval"** means the Court's certification of the Settlement Class for settlement purposes, preliminary approval of the Settlement, and approval of the form of the Settlement Class Notice and of the Notice Plan.

1.35    **"Special Master"** means the Honorable Daniel Weinstein (ret.) of JAMS or such other independent neutral as agreed upon by the Parties should Judge Weinstein be unavailable.

1.36    **"Unknown Claims"** means claims that could have been raised in this litigation and that the Plaintiffs or any or all other Persons and entities whose claims are being released, or any of them, do not know or suspect to exist, which, if known by him, her or it, might affect his, her or its agreement to release the Released Parties or the Released Claims or might affect his, her or its decision to agree, object or not to object to the Settlement.  Upon the Effective Date,

- 12 -

Plaintiffs and all other Persons and entities whose claims are being released shall be deemed to have, and shall have, expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights and benefits of § 1542 of the California Civil Code, which provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Upon the Effective Date, Plaintiffs and all other Persons and entities whose claims are being released, also shall be deemed to have, and shall have, waived any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, or the law of any jurisdiction outside of the United States, which is similar, comparable or equivalent to § 1542 of the California Civil Code. Plaintiffs acknowledge that they may discover facts in addition to or different from those that they now know or believe to be true with respect to the subject matter of this release, but that it is their intention to finally and forever to settle and release the Released Claims, notwithstanding any Unknown Claims they may have, as that term is defined in this Paragraph.

2.      **SETTLEMENT RELIEF**

  2.1      **Payments.**

          (a)      Class Members shall have until the Claims Deadline to submit an Approved Claim.  Defendants agree to pay or cause to be paid from the Settlement Fund the lesser of one hundred seventy-five dollars ($175) or a *pro rata* payment to each Settlement Class Member who files an Approved Claim.  If the total amount required to pay one hundred seventy-

five dollars ($175) for each Approved Claim would exceed the amount in the Settlement Fund after payment of Claims Administration Expenses, the Fee Award, the *cy pres* payment, and incentive awards, then each Settlement Class Member with an Approved Claim shall receive a *pro rata* share of the amount of the Settlement Fund remaining after payment of such amounts.

(b)     The Remaining Funds are the property of the Insurer unless actually paid by the Defendants.  In no event will the Remaining Funds constitute abandoned or unclaimed property, and the Insurer or the Defendants, as the case may be, are entitled to all such Remaining Funds.

(c)     Within ninety (90) days after the Effective Date has occurred, or such other date as the Court may set, the Settlement Administrator shall pay from the Settlement Fund all Approved Claims by check and mail them to the claimants via first-class mail.

(d)     All cash payments issued to Settlement Class Members via check will state on the face of the check that the check will expire and become null and void unless cashed within ninety (90) days after the date of issuance.   To the extent that a check issued to a Settlement Class Member is not cashed within ninety (90) days after the date of issuance, such funds shall be returned to the Settlement Fund.

(e)     Within one hundred eighty (180) days after the Effective Date has occurred the Settlement Administrator shall pay to the Insurer unless otherwise notified beforehand all remaining monies in the Settlement Fund, and in the event the Settlement Administrator should fail to do so then Class Counsel agrees to provide the Insurer and Defendants such reasonable and necessary assistance and cooperation as may be required to have the Settlement Administrator do so without any cost to the Insurer or Defendants.  In the event there should be any monies remaining in or returned to the Settlement Fund more than one

- 14 -

hundred eighty (180) days after the Effective Date then the Settlement Administrator shall repay such funds to the Insurer unless otherwise notified by the Defendants.

      2.2    **Cy Pres.** Within sixty (60) days after the Effective Date, Defendants shall pay or cause to be paid from the Settlement Fund a total of two hundred fifty thousand dollars ($250,000) to an organization or organizations selected by Plaintiffs in consultation with Defendants, as approved by the Court.

3.    **RELEASES**

      3.1    The obligations incurred pursuant to this Settlement Agreement shall be a full and final disposition of the Action and any and all Released Claims, as against all Released Parties.

      3.2    Upon the Effective Date, Plaintiffs, and each of them, shall be deemed to have, and by operation of the Final Judgment and Order of Dismissal with Prejudice shall have, fully, finally, and forever released, relinquished and discharged the Released Parties, and each of them, from all Released Claims.

4.    **NOTICE TO THE CLASS**

      4.1    Upon entry of the Preliminary Approval Order, the Settlement Administrator shall cause the Settlement Class Notice describing the Final Approval Hearing and the terms of the Settlement embodied in this Settlement Agreement and the Claim Form to be disseminated to potential Settlement Class Members as provided herein. Such notice shall comport with due process and be effectuated pursuant to a Notice Plan.

      4.2    The Notice Plan shall include:

          (a)    Publication. Publication Notice shall be made by purchasing a one-day 1/4th page ad space in nationally based newspapers or publications, to be published within forty-

five (45) days after receipt of Preliminary Approval of this Settlement Agreement. The Publication notice shall be substantially in the form of Exhibits C.

      (b)    Press release. In the event any of the Plaintiffs or Defendants decides to issue a press release in connection with the Action or its Settlement, that party shall first submit a proposed copy to the other side for approval, which approval shall not be unreasonably withheld.

      (c)    Notice by Mail and/or Email. Within no later than three (3) business days after the execution of this Settlement Agreement, Defendants shall produce to Class Counsel a list of telephone numbers that includes all of the numbers to which the Text Message was sent, in both hard copy and electronic form. Defendants also agree to promptly produce to Class Counsel any email addresses they may have for potential Settlement Class Members, and agree to cooperate fully with Class Counsel in obtaining any email addresses that may be available for the persons to whom the Text Message was sent. Any costs incurred in obtaining such email addresses are Claims Administration Expenses and shall be paid or reimbursed from the Settlement Fund. The Settlement Administrator shall employ commercially reasonable services to compile a list of mailing addresses for the Settlement Class based on the information that is obtained pursuant to this paragraph. The Settlement Administrator shall then send the Notice and Claim Form to each address by First Class U.S. Mail and by email to each email address obtained no later than sixty (60) days after the entry of the Preliminary Approval Order unless such date is extended by the Court. The text of the mailed Notice and the Claim Form are attached hereto as Exhibit B and Exhibit A, respectively and the email version shall be as set forth in Exhibit G.

      (d)    Internet Publication Notice. Immediately following Preliminary Approval of the Settlement, Notice shall be provided on the website to be established and administered by

the Settlement Administrator which shall include the ability to file Claim Forms on-line,

provided that such forms, if signed electronically, will be binding for purposes of the perjury

laws and contain a statement to that effect.  The Notice on the Website shall be substantially in

the form of Exhibit D hereto.  The Parties agree that the Settlement Administrator may spend up

to $30,000 for Google AdWords keyword searching to facilitate the effectiveness of internet

notice, with Defendants having the right of approval of all keyword search terms prior to use,

which approval shall not unreasonably be withheld.  The Google AdWords account shall be

configured to specify the "phrase match" keyword search method for all searches. The following

"phrase match" keywords are specifically approved by all parties, as are any reasonable

permutations thereof

- Text message Stephen King class action
- Stephen King text message class action
- Class action Stephen King text message
- Class action text message Stephen King
- Stephen King text message class action settlement
- Stephen King text message lawsuit settlement
- Stephen King text message class action lawsuit settlement
- Stephen King class action
- Stephen King class settlement
- Settlement class action Stephen King
- Settlement class action Stephen King text message
- Stephen King text message lawsuit
- Simon & Schuster text message
- Simon & Schuster class action
- Simon & Schuster class settlement
- Simon & Schuster class action settlement
- Simon & Schuster text message lawsuit
- Simon & Schuster text message class action settlement
- Simon & Schuster text message lawsuit settlement
- Ipsh class action
- Ipsh class settlement
- Ipsh class action settlement
- Ipsh class action lawsuit
- Ipsh class action lawsuit settlement
- Ipsh! class action settlement

- o  Cell class action settlement
- o  Cell text message settlement
- o  Stephen King class action settlement

- o  Simon & Schuster text message class action
- o  Simon & Schuster text message class action settlement
- o  Satterfield class action settlement
- o  Satterfield class action
- o  Simon & Schuster lawsuit
- o  Satterfield class action lawsuit
- o  Satterfield class action lawsuit settlement
- o  Ringtone text message settlement
- o  Ringtone class action settlement text messages

If the parties disagree as to the appropriateness of the use of any search term not specifically listed above, that dispute shall be resolved by the Special Master on a final and non-appealable basis; provided however, that under no circumstances shall the words "Stephen King" or "Simon & Schuster" or permutations thereof be used in a keyword phrase without at least one of the following words or phrases also being included in the phrase: "text message"; "lawsuit"; "class action"; "TCPA"; "spam"; "ringtone(s)"; "text spam";and/or "settlement".

(e)     The website and internet notice shall be discontinued no later than seven (7) days after the Claims Deadline.

4.3     The Notice shall advise the Settlement Class of their rights, including the right to opt out of, comment upon, and/or object to the Settlement Agreement or its terms.  The Notice shall specify that any objection to this Settlement Agreement, and any papers submitted in support of said objection, shall be received by the Court at the Final Approval Hearing, only if, on or before a date forty-five (45) days after Notice is published or mailed to the Settlement Class or such other date as shall be approved by the Court and stated in the Notice, the Person making an objection shall file notice of his or her intention to do so and at the same time (a) file copies of such papers he or she proposes to submit at the Final Approval Hearing with the Clerk

of the Court and (b) send copies of such papers via mail, hand or overnight delivery service to both Class Counsel and Defendants' Counsel.

4.4     The cost of the Settlement Class Notice, the Internet Publication Notice, the Notice Plan, obtaining email addresses of the Settlement Class, and the dissemination of the Settlement Class Notice are Claims Administration Expenses to be paid from the Settlement Fund.

4.5     Any member of the Settlement Class who intends to object to this Settlement Agreement must file and serve on Class Counsel and Defendants' Counsel a formal written objection, and include his/her name and address, include all arguments, citations, and evidence supporting the objection (including copies of any documents relied on), state that he or she is a member of the Settlement Class, state whether the objector intends to appear at the Final Approval Hearing, and state whether such any such appearance shall be with or without counsel. Any member of the Class who fails to timely file a written objection and notice of his or her intent to appear at the Final Approval Hearing in accordance with the terms of paragraph or as detailed in the Notice, and at the same time provide copies to designated counsel for the Parties, shall not be permitted to object to this Settlement Agreement at the Final Approval Hearing, and shall be foreclosed from seeking any review of this Settlement Agreement by appeal or other means.

4.6     A member of the Settlement Class may opt out of the Settlement Class within forty-five (45) days after Notice is either published or mailed to the Settlement Class as provided in this Settlement Agreement, or by a date approved by the Court and specified in the Notice. In order to exercise the right to opt out, a member of the Settlement Class must timely send a request for exclusion to the Settlement Administrator. Except for those members of the

Settlement Class who have properly opted out, all Class Members will be bound by this Settlement Agreement and the Judgment to be entered following final approval of this Settlement Agreement and entry of the Final Judgment and Order of Dismissal with Prejudice. Any member of the Settlement Class who elects to opt out shall not: (i) be bound by any orders or the Final Judgment and Order of Dismissal with Prejudice; (ii) be entitled to relief under this Settlement Agreement; (iii) gain any rights by virtue of this Settlement Agreement; or (iv) be entitled to object to any aspect of this Settlement Agreement. The request for exclusion must be personally signed by the Person requesting exclusion. So called "mass" or "class" opt-outs shall not be allowed. To be valid, an opt-out must be postmarked or received by the date specified in the Notice.

5.   **SETTLEMENT ADMINISTRATION**

5.1   The Settlement Administrator shall, under the supervision of the Court, administer the relief provided by this Settlement Agreement by processing Claim Forms in a rational, responsive, cost effective and timely manner. The Settlement Administrator shall maintain reasonably detailed records of its activities under this Settlement Agreement. The Settlement Administrator shall maintain all such records as are required by applicable law in accordance with its normal business practices and such records will be made available to Class Counsel and Defendants' Counsel upon request. The Settlement Administrator shall also provide reports and other information to the Court as the Court may require. The Settlement Administrator shall provide Class Counsel and Defendants' Counsel with information concerning notice, administration and implementation of the Settlement. Should the Court request, the Parties, in conjunction with the Settlement Administrator, shall submit a timely report to the Court summarizing the work performed by the Settlement Administrator, including a report of all

amounts from the Settlement Fund paid to members of the Settlement Class on account of Approved Claims. Without limiting the foregoing, the Settlement Administrator shall:

a.      Forward to Peter L. Winik of Latham & Watkins LLP all original documents and other materials received in connection with the administration of the Settlement, and all copies thereof, within thirty (30) days after the date on which all Claim Forms have been finally approved or disallowed per the terms of the Settlement;

b.      Receive exclusion forms and other requests from Class Members to exclude themselves from the Settlement and provide to Class Counsel and Defendants' Counsel a copy thereof within three (3) days after the deadline for submission of such forms and requests. If the Settlement Administrator receives any exclusion forms or other requests from Class Members after the deadline for the submission of such forms and requests, the Settlement Administrator shall promptly provide copies thereof to Class Counsel and Defendants' Counsel.

c.      Provide weekly reports to Class Counsel and Defendants' Counsel, and the Insurer as provided in the contract to be entered into by Defendants with the Settlement Administrator, including, without limitation, reports regarding the number of Claim Forms received and the amount of benefits sought, the number thereof approved by the Settlement Administrator, and the categorization and description of Claim Forms rejected, in whole or in part, by the Settlement Administrator.

d.      At any time upon reasonable notice, make available for inspection by Class Counsel or Defendants' Counsel the Claim Forms and supporting documentation received by the Settlement Administrator.

e.      Provide written notice to Defendants and the Insurer immediately at any time the amount in the Settlement Fund is less than one million dollars ($1,000,000).

5.2     The Settlement Administrator shall be obliged to employ reasonable procedures to screen claims for abuse or fraud, including by cross-referencing the 2006 telephone number provided on the Claim Form against the list containing all of the numbers to which the Text Messages were sent, and shall reject a Claim Form, or any part of a claim for a payment reflected therein, where there is evidence of abuse or fraud.  The Settlement Administrator shall also reject a Claim Form that does not contain all requested information, including but not limited to the 2006 telephone number, necessary to screen the claim for fraud or abuse, after giving the claimant a reasonable opportunity to provide any requested missing information.

5.3     Both Defendants' Counsel and Class Counsel shall have the right to challenge the acceptance or rejection of a Claim Form submitted by Class Members and such challenges will be timely decided by the Special Master.  The Parties agree that the Settlement Administrator shall thereafter follow the decision of the Special Master resulting from any such challenge.

5.4     In the exercise of their duties outlined in this Agreement, both the Settlement Administrator and the Special Master shall have the right to reasonably request additional information from the Parties or any Settlement Class Member.

5.5     The deadline for opting out of or objecting to the Settlement Agreement shall be forty five (45) days after the date the Notice is mailed to the Settlement Class and published as specified in this Settlement Agreement, and any opt-out or objection must be postmarked or received by that deadline to be timely.

5.6     The Final Approval Hearing shall be ninety (90) days after the date the Notice is disseminated as set forth in this Settlement Agreement or such other time as the Court shall set.

5.7    The deadline for submitting the Claim Form shall be forty five (45) days after entry of the Final Judgment and Order of Dismissal with Prejudice.  Any Claim Form postmarked or received after the Claims Deadline shall be void.

5.8    Any Class Member who does not, in accordance with the terms and conditions of this Settlement, seek exclusion from the Class or timely file a Claim Form will not be entitled to receive any cash award or any other benefits pursuant to this Settlement, but will otherwise be bound together with all Class Members by all of the terms of this Settlement, including the terms of the Final Judgment and Order of Dismissal with Prejudice to be entered in the Action and the Releases provided for in the Settlement, and will be barred from bringing any action against any of the Released Parties concerning the Released Claims.

6.    **TERMINATION OF SETTLEMENT**

6.1    The named Plaintiffs in this Action, on behalf of the Settlement Class, or Defendants, shall have the right to terminate this Settlement by providing written notice of their election to do so ("Termination Notice") to all other Parties hereto within ten (10) days, of any of the following events:  (i) the Court's refusal to grant Preliminary Approval of this Agreement in any material respect; (ii) the Court's refusal to grant final approval of this Agreement in any material respect; (iii) the Court's refusal to enter the Final Judgment and Order of Dismissal with Prejudice in this Action in any material respect; (iv) the date upon which the Final Judgment and Order of Dismissal with Prejudice is modified or reversed in any material respect by the Court of Appeals or the Supreme Court; or (v) the date upon which an Alternative Judgment, as defined in paragraph 9.1 of this Agreement is modified or reversed in any material respect by the Court of Appeals or the Supreme Court.

- 23 -

6.2     If prior to the Settlement Hearing, any Persons who otherwise would be Settlement Class Members have timely requested exclusion from the Settlement Class in accordance with the provisions of the Preliminary Approval Order and the Notice given pursuant thereto, and the number of such Persons seeking exclusion exceeds one hundred fifty (150), Defendants shall have, in their sole and absolute discretion, the option to terminate this Settlement Agreement.  Defendants may terminate the Settlement Agreement by serving written notice of termination on the Court and Class Counsel by hand delivery or overnight courier within ten (10) business days after being informed in writing by the Settlement Administrator that there are one hundred fifty (150) or more such requests for exclusion timely filed.

7.      **PRELIMINARY APPROVAL ORDER AND FINAL APPROVAL ORDER**

7.1     Promptly after the execution of this Settlement Agreement, Class Counsel and Defendants' Counsel shall jointly submit this Agreement together with its Exhibits to the Court and shall move the Court for Preliminary Approval of the Settlement set forth in this Agreement, certification of a class for settlement purposes only, appointment of Class Counsel and Class Representatives, and entry of a Preliminary Approval Order, which order shall set a Final Approval Hearing date and approve the Notice and Claim Form for dissemination in accordance with the Notice Plan, substantially in the form of the Exhibits hereto.

7.2     At the time of the submission of this Settlement Agreement to the Court as described above, Class Counsel and Defendants' Counsel shall request that, after Notice is given, the Court hold a Final Approval Hearing and approve the Settlement of the Action as set forth herein.

7.3    After Notice is given, the Parties shall request and obtain from the Court a Final

Judgment and Order of Dismissal with Prejudice.  The Final Judgment and Order of Dismissal

with Prejudice will (among other things):

(a)    find that the Court has personal jurisdiction over all Settlement Class

Members and that the Court has subject matter jurisdiction to approve the Settlement Agreement,

including all exhibits thereto;

(b)    approve the Settlement Agreement and the proposed settlement as fair,

reasonable and adequate as to, and in the best interests of the Settlement Class Members; direct

the Parties and their counsel to implement and consummate the Settlement Agreement according

to its terms and provisions; and declare the Settlement Agreement to be binding on, and have *res*

*judicata* and preclusive effect in all pending and future lawsuits or other proceedings maintained

by or on behalf of Plaintiffs and all other Settlement Class Members, as well as their heirs,

executors and administrators, successors and assigns;

(c)    find that the Notice and the Notice Plan implemented pursuant to the

Settlement Agreement (a) constitute the best practicable notice under the circumstances,

(b) constitute notice that is reasonably calculated, under the circumstances, to apprise Settlement

Class Members of the pendency of the Action, their right to object to or exclude themselves from

the proposed Settlement and to appear at the Final Approval Hearing, (c) are reasonable and

constitute due, adequate and sufficient notice to all persons entitled to receive notice, and

(d) meet all applicable requirements of the Federal Rules of Civil Procedure, the Due Process

Clause of the United States Constitution and the rules of the Court;

(d)    find that Plaintiffs and Class Counsel adequately represented the

Settlement Class for purposes of entering into and implementing the Agreement;

(e)     dismiss the Action (including all individual claims and Settlement Class claims presented thereby) on the merits and with prejudice, without fees or costs to any party except as provided in the Settlement Agreement;

(f)     incorporate the Release set forth above, make the Release effective as of the date of the Final Judgment and Order of Dismissal with Prejudice, and forever discharge the Released Parties from any claims or liabilities arising from or related to the facts, circumstances, or subject matter of this Action;

(g)     bar and enjoin all Settlement Class Members who have not been excluded from the Settlement Class from filing, commencing, prosecuting, intervening in, or participating (as class members or otherwise) in, any lawsuit in any jurisdiction based on or arising out of the sending of the Text Message;

(h)     authorize the Parties, without further approval from the Court, to agree to and adopt such amendments, modifications and expansions of the Settlement Agreement and its implementing documents (including all exhibits to this Agreement) as (a) shall be consistent in all material respects with the Final Judgment and Order of Dismissal with Prejudice, or (b) do not limit the rights of Settlement Class Members;

(i)     without affecting the finality of the Final Judgment and Order of Dismissal with Prejudice for purposes of appeal, retain jurisdiction as to all matters relating to administration, consummation, enforcement and interpretation of the Settlement Agreement and the Final Judgment and Order of Dismissal with Prejudice, and for any other necessary purpose; and

(j)     incorporate any other provisions, as the Court deems necessary and just.

8.      **CLASS COUNSEL'S ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES; INCENTIVE AWARD.**

8.1     Subject to the Court's approval, the Parties have agreed that Defendants shall pay to Class Counsel the sum of $2,725,000 for attorneys' fees and expenses in this Action.  Class Counsel shall, within three (3) days after the Effective Date, be paid from the Settlement Fund the amount of attorneys' fees and expenses approved by the Court.  Defendants agree that they will not oppose such an award, directly or indirectly.  Any payment of attorneys' fees and expenses shall be paid via electronic transfer to an account designated by Class Counsel in a letter to Defendants' Counsel providing necessary information for electronic transfer.   Class Counsel agree that in no event shall Defendants pay or be obligated to pay in excess of $2,725,000 for Class Counsel attorneys' fees and expenses.

8.2     Class Counsel agrees that: (a) upon Defendants' compliance with the terms and conditions of this Settlement Agreement, Defendants will forever and finally have satisfied all of their obligations to Class Counsel concerning payment of attorneys' fees and costs in the Action, and the Released Parties will forever and finally be absolved, released and discharged of any liability whatsoever to Class Counsel concerning attorneys' fees and costs in the Action; (b) under no circumstances will Class Counsel sue the Released Parties because of, relating to, concerning, or as a result of any payment of attorneys' fees and costs made in accordance with this Settlement Agreement; (c) under no circumstances will the Released Parties be liable to Class Counsel for, because of, relating to, concerning or as a result of any payment of attorneys' fees and costs made in accordance with this Agreement; and (d) Class Counsel releases the Released Parties from any and all claims because of, relating to, concerning, or as a result of any payment or allocation of attorneys' fees and costs made in accordance with this Settlement Agreement.

8.3     The Released Parties shall have no responsibility for, and no liability whatsoever with respect to, any allocation among Class Counsel and/or any other Person who may assert some claim thereto, of any Fee Award.

8.4     In addition to any award to which they may be entitled under the Settlement Agreement, and in recognition of their efforts on behalf of the Settlement Class, the Class Representatives shall, subject to the approval of the Court, be awarded incentive awards as follows:  Laci Satterfield ($25,000); Carmella Miller ($5,000) and Charlene Kouf ($5,000). Defendants agree that they shall not oppose such awards, directly or indirectly. These sums shall be paid to in recognition of the Plaintiffs' time and effort serving as the Class Representatives in this litigation.  Defendants shall pay such amounts via check from the Settlement Fund to the Class Representatives, such checks to be sent care of Class Counsel, within three days after the date the Court enters the Final Judgment and Order of Dismissal if there have been no objections to the Settlement, and, if there have been such objections, within three days after the Effective Date.

9.     **CONDITIONS OF SETTLEMENT, EFFECT OF DISAPPROVAL, CANCELLATION OR TERMINATION.**

9.1     The Effective Date of this Settlement Agreement shall not occur unless and until each of the following events occurs and shall be the date upon which the last (in time) of the following events occurs:

(a)     The Court has entered the Preliminary Approval Order;

(b)     The Court has approved the Settlement, following notice to the Settlement Class and a Final Approval Hearing, as provided in the Federal Rules of Civil Procedure, and has entered the Final Judgment and Order of Dismissal with Prejudice, or a judgment substantially consistent with this Agreement; and

(c)    The Final Judgment and Order of Dismissal with Prejudice has become Final, as defined above, or, in the event that the Court enters an order and final judgment in a form other than that provided above ("Alternative Judgment") and that has the consent of the Parties, such Alternative Judgment becomes Final.

9.2    If some or all of the conditions specified in Section 9.1 are not met, or in the event that this Settlement Agreement is not approved by the Court, or the Settlement set forth in this Agreement is terminated or fails to become effective in accordance with its terms, then this Settlement Agreement shall be canceled and terminated subject to Section 9.3 unless Class Counsel and Defendants' Counsel mutually agree in writing to proceed with this Agreement. If any Party is in material breach of the terms hereof, any other Party, provided that it is in substantial compliance with the terms of this Agreement, may terminate this Agreement on notice to all of the Settling Parties.

9.3    If this Agreement is terminated or fails to become effective for the reasons set forth in Sections 9.1 and 9.2 above, the Parties shall be restored to their respective positions in the Action as of the date of the signing of this Agreement. In such event, any Final Judgment and Order of Dismissal with Prejudice or other order entered by the Court in accordance with the terms of this Agreement shall be treated as vacated, *nunc pro tunc*.

10.    **MISCELLANEOUS PROVISIONS**

10.1    The Parties (a) acknowledge that it is their intent to consummate this Settlement Agreement; and (b) agree, subject to their fiduciary and other legal obligations, to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of this Agreement and to exercise their reasonable best efforts to accomplish the foregoing terms and conditions of this Agreement. Class Counsel and Defendants' Counsel agree to cooperate with

one another in seeking Court approval of the Preliminary Approval Order, the Settlement

Agreement, and the Final Judgment and Order of Dismissal With Prejudice, and promptly to

agree upon and execute all such other documentation as may be reasonably required to obtain

final approval of the Settlement.

10.2    The Parties intend this Settlement Agreement to be a final and complete

resolution of all disputes between them with respect to the Released Claims by Plaintiffs and the

Settlement Class, and each or any of them, on the one hand, against the Released Parties, and

each or any of the Released Parties, on the other hand.  Accordingly, the Parties agree not to

assert in any forum that the Action was brought by Plaintiffs or defended by Defendants, or each

or any of them, in bad faith or without a reasonable basis.

10.3    Whether or not the Effective Date occurs or this Settlement Agreement is

terminated, neither this Agreement nor the Settlement contained herein, nor any act performed or

document executed pursuant to or in furtherance of this Agreement or the Settlement:

(a)    is, may be deemed, or shall be used, offered or received against the

Released Parties, or each or any of them, as an admission, concession or evidence of, the validity

of any Released Claims, the truth of any fact alleged by the Plaintiffs, the deficiency of any

defense that has been or could have been asserted in the Action, or of any alleged wrongdoing,

liability, negligence, or fault of the Released Parties, or any of them;

(b)    is, may be deemed, or shall be used, offered or received against

Defendants, as an admission, concession or evidence of any fault, misrepresentation or omission

with respect to any statement or written document approved or made by the Released Parties, or

any of them;

(c)     is, may be deemed, or shall be used, offered or received against Plaintiffs or the Settlement Class, or each or any of them, as an admission, concession or evidence of, the infirmity or strength of any claims raised in the Action, the truth or falsity of any fact alleged by Defendants, or the availability or lack of availability of meritorious defenses to the claims raised in the Action;

(d)     is, may be deemed, or shall be used, offered or received against the Released Parties, or each or any of them, as an admission or concession with respect to any liability, negligence, fault or wrongdoing as against any Parties to the Settlement Agreement, in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal.  However, the Settlement, this Agreement, and any acts performed and/or documents executed in furtherance of or pursuant to this Agreement and/or Settlement may be used in any proceedings as may be necessary to effectuate the provisions of this Agreement.  However, if this Settlement Agreement is approved by the Court, any party or any of the Released Parties may file this Settlement Agreement and/or the Final Judgment and Order of Dismissal with Prejudice in any action that may be brought against such party or parties in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim;

(e)     is, may be deemed, or shall be construed against Plaintiffs and the Settlement Class, or each or any of them, or against the Released Parties, or each or any of them, as an admission or concession that the consideration to be given hereunder represents an amount equal to, less than or greater than that amount that could have or would have been recovered after trial; and

(f)     is, may be deemed, or shall be construed as or received in evidence as an admission or concession against Plaintiffs and the Settlement Class, or each and any of them, or against the Released Parties, or each or any of them, that any of Plaintiffs' claims are with or without merit or that damages recoverable in the Action would have exceeded or would have been less than any particular amount.

10.4    The headings used herein are used for the purpose of convenience only and are not meant to have legal effect.

10.5    The waiver by one party of any breach of this Agreement by any other party shall not be deemed as a waiver of any other prior or subsequent breaches of this Agreement.

10.6    All of the Exhibits to this Settlement Agreement are material and integral parts thereof and are fully incorporated herein by this reference.

10.7    This Agreement and its Exhibits set forth the entire agreement and understanding of the Parties with respect to the matters set forth herein, and supersede all prior negotiations, agreements, arrangements and undertakings with respect to the matters set forth herein.  No representations, warranties or inducements have been made to any party concerning this Settlement Agreement or its Exhibits other than the representations, warranties and covenants contained and memorialized in such documents.  This Agreement may be amended or modified only by a written instrument signed by or on behalf of all Parties or their respective successors-in-interest.

10.8    Except as otherwise provided herein, each Party shall bear its own costs.

10.9    Plaintiffs represent and warrant that they have not assigned any claim or right or interest therein as against the Released Parties to any other Person or party and that s/he is fully entitled to release the same.

10.10   Each counsel or other Person executing this Settlement Agreement, any of its Exhibits, or any related settlement documents on behalf of any party hereto hereby warrants and represents that such Person has the full authority to do so and has the authority to take appropriate action required or permitted to be taken pursuant to the Agreement to effectuate its terms.

10.11   This Agreement may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument provided that counsel for the Parties to this Agreement all exchange original signed counterparts. A complete set of original executed counterparts shall be filed with the Court.

10.12   This Settlement Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of the Parties hereto and the Released Parties.

10.13   The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of this Agreement, and all Parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in this Agreement.

10.14   This Settlement Agreement is deemed to have been prepared by counsel for all Parties, as a result of arms' length negotiations among the Parties. Whereas all Parties have contributed substantially and materially to the preparation of this Agreement, it shall not be construed more strictly against one party than another.

10.15   Where this Settlement Agreement requires notice to the Parties, such notice shall be sent to the undersigned counsel: Peter L. Winik of Latham & Watkins LLP, 555 Eleventh Street NW, Suite 1000, Washington, D.C. 20004; Richard B. Kendall of Kendall Brill & Klieger, LLP, 10100 Santa Monica Boulevard, Suite 1725, Los Angeles, California 90067; John G.

Jacobs of The Jacobs Law Firm, Chtd., 122 South Michigan Avenue, Suite 1850, Chicago, Illinois 60603; and Jay Edelson, Edelson McGuire, LLC, 350 North LaSalle Street, Suite 1300, Chicago, Illinois 60654.  Where this Settlement Agreement requires notice to the Insurer, such notice shall be sent to Robert Ballerini of Chartis Insurance Financial Claims, 175 Water St., New York, NY 10038, with a copy to David S. Sheiffer of Wilson Elser Moskowitz Edelman & Dicker LLP, 150 East 42nd Street, New York, NY 10017.

     [THE REST OF THIS PAGE INTENTIONALLY LEFT BLANK.  SIGNATURE PAGE FOLLOWS.]

IN WITNESS WHEREOF, the parties hereto have caused this Settlement to be executed, by their duly authorized attorneys.


Dated: January 15, 2010


**Laci Satterfield, Carmella Miller
and Charlene Kouf, individually**
and on behalf of a class of
similarly situated individuals,
By their attorneys:

_____
John G. Jacobs
Bryan G. Kolton
The Jacobs Law Firm, Chtd.
122 South Michigan Avenue, Suite 1850
Chicago, Illinois 60603


_____
Jay Edelson
Ryan Andrews
Edelson McGuire, LLC
350 North LaSalle Street
Suite 1300
Chicago, Illinois 60654

**Simon & Schuster, Inc.**
By its attorneys:


_____
Richard B. Kendall
Kendall Brill & Klieger, LLP
10100 Santa Monica Boulevard
Suite 1725
Los Angeles, California 90067


**ipsh!net, Inc.**
By its attorneys:


_____
Peter L. Winik
Latham & Watkins LLP
555 Eleventh Street, NW
Suite 1000
Washington, D.C. 20004

IN WITNESS WHEREOF, the parties hereto have caused this Settlement to be executed, by their duly authorized attorneys.


Dated: January 15, 2010


**Laci Satterfield, Carmella Miller**
**and Charlene Kouf, individually**
and on behalf of a class of
similarly situated individuals,
By their attorneys:



_____
John G. Jacobs
Bryan G. Kolton
The Jacobs Law Firm, Chtd.
122 South Michigan Avenue, Suite 1850
Chicago, Illinois 60603



_____
Jay Edelson
Ryan Andrews
Edelson McGuire, LLC
350 North LaSalle Street
Suite 1300
Chicago, Illinois 60654


**Simon & Schuster, Inc.**
By its attorneys:



_____
Richard B. Kendall
Kendall Brill & Klieger, LLP
10100 Santa Monica Boulevard
Suite 1725
Los Angeles, California 90067



**ipsh!net, Inc.**
By its attorneys:



_____
Peter L. Winik
Latham & Watkins LLP
555 Eleventh Street, NW
Suite 1000
Washington, D.C. 20004

IN WITNESS WHEREOF, the parties hereto have caused this Settlement to be executed, by their duly authorized attorneys.


Dated: January 15, 2010


**Laci Satterfield, Carmella Miller
and Charlene Kouf, individually**
and on behalf of a class of
similarly situated individuals,
By their attorneys:


_____
John G. Jacobs
Bryan G. Kolton
The Jacobs Law Firm, Chtd.
122 South Michigan Avenue, Suite 1850
Chicago, Illinois 60603


_____
Jay Edelson
Ryan Andrews
Edelson McGuire, LLC
350 North LaSalle Street
Suite 1300
Chicago, Illinois 60654


**Simon & Schuster, Inc.**
By its attorneys:


_____
Richard B. Kendall
Kendall Brill & Klieger, LLP
10100 Santa Monica Boulevard
Suite 1725
Los Angeles, California 90067


**ipsh!net, Inc.**
By its attorneys:


_____
Peter L. Winik
Latham & Watkins LLP
555 Eleventh Street, NW
Suite 1000
Washington, D.C. 20004


- 35 -

IN WITNESS WHEREOF, the parties hereto have caused this Settlement to be executed, by their duly authorized attorneys.


Dated: January 15, 2010

**Laci Satterfield, Carmella Miller
and Charlene Kouf, individually**
and on behalf of a class of
similarly situated individuals,
By their attorneys:


_____
John G. Jacobs
Bryan G. Kolton
The Jacobs Law Firm, Chtd.
122 South Michigan Avenue, Suite 1850
Chicago, Illinois 60603


_____
Jay Edelson
Ryan Andrews
Edelson McGuire, LLC
350 North LaSalle Street
Suite 1300
Chicago, Illinois 60654

**Simon & Schuster, Inc.**
By its attorneys:


_____
Richard B. Kendall
Kendall Brill & Klieger, LLP
10100 Santa Monica Boulevard
Suite 1725
Los Angeles, California 90067


**ipsh!net, Inc.**
By its attorneys:

_____
Peter L. Winik
Latham & Watkins LLP
555 Eleventh Street, NW
Suite 1000
Washington, D.C. 20004

# EXHIBIT A

**Satterfield v. Simon & Schuster, Inc. and ipsh!Net, Inc.**

## CLAIM FORM

YOU MUST COMPLETE, VERIFY UNDER PENALTY OF PERJURY, AND
SUBMIT THIS FORM BY _____ XX, 2010 TO RECEIVE ANY RECOVERY

You have been sent this Claim Form because, according to information from the above-referenced lawsuit, it appears that you may have been sent a text message in January of 2006 advertising the Stephen King VIP Mobile Club and the book "Cell."  If you received such a text message, you may be entitled to a Settlement Payment in this lawsuit against Simon & Schuster and ipsh! Each person who submits a valid claim will receive a Settlement Payment of $175 or a lesser pro rata share of the Settlement Fund pursuant to the Stipulation of Settlement if it is finally approved by the Court.  If the settlement is approved, each class member, whether or not he or she submits a claim, will release Simon & Schuster, Inc. and ipsh!Net, Inc., and all their officers, agents, employees, and those working with them, from any and all claims as a result of the sending or delivery of the text message that is the subject of this litigation.

By submitting this Claim Form, you are representing under penalty of perjury that you received a text message relating to the Stephen King VIP Mobile Club and the book "Cell", and that all information provided in this Claim Form is true and correct to the best of your knowledge and belief.

List your cellular telephone number as of January 2006: _____.

### YOUR CONTACT INFORMATION

_____
Current Street Address

_____
City, State and Zip Code

_____
Home Telephone Number

_____
Work Telephone Number

_____
Current Cell Phone Number

_____
E-mail address

### CERTIFICATION

The Claims Administrator may audit any and all claims.  Persons knowingly making false claims may be subject to civil or criminal penalties.

**I certify under penalty of perjury that the information provided above is true and correct to the best of my knowledge and belief and understand that the knowing submission of false information will result in the denial of my claim and may subject me to civil and/or criminal penalties.**

_____   _____
Printed Name                                    Signature

**PLEASE NOTE**:  **THIS CLAIM FORM MUST BE RECEIVED OR POSTMARKED NO LATER THAN _____ XX, 2010 IN ORDER TO BE ELIGIBLE FOR PAYMENT.   YOU CAN MAIL THIS CLAIM FORM TO:  Claims Administrator, xxx, xxxx OR SUBMIT IT ONLINE AT:  www.xxxxxxxxxxxx.com**

**If you have questions, you may call counsel for the class at 1-866-354-3015.**

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LACI SATTERFIELD, CARMELLA MILLER, and CHARLENE KOUF, individually and on behalf of a class of similarly situated individuals, | ) Case No. C06 2893 CW ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) ) |
| SIMON & SCHUSTER, INC., a New York corporation, and IPSH!NET, INC., a Delaware corporation, | ) ) ) ) |
| Defendants. | ) ) ) |

## <u>LEGAL NOTICE</u>

### THIS NOTICE MAY AFFECT YOUR RIGHTS.

### PLEASE READ IT CAREFULLY.

*A federal court authorized this Notice. This is not a solicitation from a lawyer.*

A proposed settlement (the "Settlement Agreement") has been reached in this case against the Defendants. You may be a Member of the Settlement Class and entitled to a Settlement Payment. The Settlement Class is comprised of:

> **All persons who in January of 2006 were sent a text message advertising the Stephen King VIP Mobile Club and the book "Cell."**

If you are a Settlement Class Member and the Court gives final approval to the Settlement Agreement:

- You may be entitled to receive a settlement payment of $175 or your *pro rata* share of the Settlement Fund (your "Settlement Payment") in the form of a check.

- You will be giving up the right to bring certain legal claims in the future, as discussed more fully below.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM** | If you are a Settlement Class Member and would like to receive your Settlement Payment, you must submit a Claim Form, either through the mail or on-line through www.xxxxxsettlement.com. You will be giving up legal claims against Defendants and other related entities. **Your claim must be received on-line or postmarked no later than xxxxxxxxxxxxx, 2010. A Claim Form is enclosed with this Notice.** |
| **DO NOTHING** | If you do nothing, you will not receive your Settlement Payment. You will, however, still be giving up legal claims against Defendants and other related entities. |
| **EXCLUDE YOURSELF** | You will receive no benefits, but you will not be giving up your right to sue Defendants or related entities. |
| **OBJECT** | Write to the Court about why you don't like the Settlement Agreement and do not want it to be approved. |
| **GO TO A HEARING** | Ask to speak in Court about the fairness of the Settlement Agreement. |

- These rights and options – **and the deadlines to exercise them** – are explained below.

- The Court in charge of this case has preliminarily approved the Settlement Agreement and must decide whether to give final approval to the Settlement Agreement. Settlement Payments will be made if the Court gives final approval to the Settlement Agreement, and if there are any appeals, after they are resolved. Please be patient.

## BASIC INFORMATION

### 1. Why did I get this notice?

You received this Notice because a settlement has been reached in this lawsuit, which challenges the sending of certain text messages advertising the Stephen King book, "Cell." According to available records, you may be a member of the Settlement Class and entitled to a Settlement Payment.

This Notice is to inform those persons who are potentially in the Settlement Class that they may be eligible for a Settlement Payment of $175.00 or a lesser *pro rata* share of the Settlement Fund that is created by this Settlement. This Notice describes the lawsuit, the general terms of the Settlement Agreement, the benefits to which you may be entitled, and it advises you of important deadlines. You may visit www.[website].com for more information or to file a claim for a Settlement Payment on-line.

### 2. What is this lawsuit about?

This lawsuit alleges that Defendants, in violation of a federal statute, sent unsolicited text messages to cell phone subscribers advertising the Stephen King book "Cell," and seeks to represent a nationwide class of persons who received such messages. The parties have agreed to

settle the lawsuit so as to avoid the uncertainties, the expense, and the diversion of resources from further litigation. This Notice is not an admission by any party as to the strength of the other's position or of any weakness in its own position.

## 3. Why is this class action?

In a class action, one or more people called Class Representatives (in this case, Laci Satterfield, Carmella Miller and Charlene Kouf), sue on behalf of a group (or a "class") of people who have similar claims. After the parties reached an agreement to settle the case, the Court recognized this as a case that should be treated as a class action for settlement purposes.

## 4. Why is there a settlement?

The Court has not decided that the Plaintiffs or the Defendants should win this case. Instead, both sides agreed to a settlement. That way, they avoid the cost of a trial, and the Settlement Class Members will get compensation now rather than, if at all, years from now.

## 5. How do I know if I am part of the settlement?

As described above, the Court decided that everyone who fits this description is a Settlement Class Member:

> All persons who in January of 2006 were sent a text message advertising the Stephen King VIP Mobile Club and the book "Cell."

According to available records, you may be a Settlement Class Member.

## 6. What can I get from the settlement?

Defendants have created a cash settlement fund of ten million dollars ($10,000,000) (the "Settlement Fund"). If you are a Settlement Class Member, and the Court gives final approval to the Settlement Agreement, you may be entitled to receive $175.00 from the Settlement Fund in the form of a check, unless the number of claims requires that you receive a lesser *pro rata* payment.

## 7. When will I receive these benefits?

You will receive these benefits within 90 days after the Settlement Agreement has been finally approved and the time to appeal that approval to a higher court has expired and/or any appeals have been resolved in favor of the Settlement Agreement.

## 8. I want to be part of the settlement and receive these benefits; what do I do?

You must submit a timely, truthful, accurate, and properly completed Claim Form. If you do not do so, you will not receive any Settlement Payment. A Claim Form is enclosed with this Notice. You can complete the attached Claim Form and mail it to xxx or, in the alternative, go to www.[website].com and submit a Claim Form on-line. Make sure to follow all of the instructions on the Claim Form. In order to be considered for payment, your Claim Form must be received or postmarked no later than xxxxxxxxxx, 2010.

Please mail your Claim Form only to the address above or submit it at the website listed above.

## 9. What am I giving up to receive these benefits?

Unless you exclude yourself (a process that is explained in answer to Question Number 10 below), you are staying in the class and agreeing to the Settlement Agreement. Generally, that means that you cannot sue, continue to sue, or be part of a future suit involving the claims raised in this case. In other words, you are agreeing to "release" those claims. Unless you exclude yourself, you are "releasing" these claims, regardless of whether you submit a claim or not.

The exact release contained in the parties' Settlement Agreement is much more detailed, and you may want or need to consider it before making your decision about participating in the Settlement Agreement.

A copy of the full Settlement Agreement, including the release, can be found at www.xxxsettlement.com.

### Excluding Yourself from the Settlement

If you don't want to receive the benefits from the Settlement Agreement, but you want to keep any right to sue that you may have or you want to continue to sue Defendants on your own over the claims in this case, then you must take steps to get out. This is called excluding yourself.

## 10. How do I get out of the settlement?

To exclude yourself from the Settlement Agreement, you must send a letter by mail saying that you want to be excluded from *Satterfield et al. v. Simon & Schuster, Inc. and ipsh!Net, Inc.*, Case No. C06 2893 CW.   Be sure to include your name, address, your cellular telephone number, and your signature and the name and number of the case.  You must mail your exclusion request no later than xxxx, 2010 to

> Settlement Administrator
> P.O. Box xxxx
> xxxxxxxxxxxxxxxx

In order to be valid, any request for exclusion must be received or postmarked no later than xxxxxxxxxxx, 2010.

## 11. If I exclude myself, do I still receive benefits from this settlement?

No, you will not receive anything resulting from the settlement of this case. But you will have the right to attempt to sue Defendants over the claims raised in this case, either on your own or as part of a different lawsuit. The amount of time the law gives you to sue over such claims (that is, the "statutes of limitation") may or may not have been extended because of this case; however, they will not be extended any further for you once you exclude yourself. If you want your own attorney to represent you in an individual case,

the terms of such representation are a matter for you and your attorney to negotiate.

## The Lawyers Representing You

### 12. Do I have a lawyer in this case?

The Court has approved John G. Jacobs and Bryan Kolton of The Jacobs Law Firm, Chtd. and Jay Edelson and Ryan Andrews of Edelson McGuire, LLC to be the attorneys representing the class. They are called the "Class Counsel." They believe, after conducting an extensive investigation, that the Settlement Agreement is fair, reasonable, and in the best interests of the class. You will not be charged for these lawyers. If you want to be represented by your own lawyer in this case, you may hire one at your expense.

### 13. How will the lawyers be paid?

Class Counsel will ask the Court to approve the parties' agreement that they should be paid $2,725,000 for attorneys' fees and expenses in this matter. The Court may award less than this amount. Under the Settlement Agreement, any amount awarded to Class Counsel will be paid out of the Settlement Fund.

Subject to approval by the Court, Defendants have agreed to pay $5,000 to representative plaintiffs Carmella Miller and Charlene Kouf and $25,000 to representative plaintiff Laci Satterfield for their services in helping to prosecute this case.

## Objecting to the Settlement

You can tell the Court that you do not agree with the Settlement Agreement or some part of it. Only those that remain in the Settlement Class may object to the Settlement Agreement. You cannot object if you have opted out of the Settlement Class.

### 14. How do I tell the Court that I don't like the settlement?

If you're a Settlement Class Member, you can object to the Settlement Agreement if you don't like any part of it. You can give reasons why you think the Court should not approve it. The Court will consider your views. To object, you must send a letter (or legal "brief") saying that you object to the Settlement Agreement in *Satterfield et al. v. Simon & Schuster, Inc. and ipsh!Net, Inc,* Case No. C06 2893 CW, and clearly identify all your reasons for your objections and attach any materials you rely on for your objections. Be sure to include your name, address, cellular telephone number as well as your current non-cellular telephone number if you have one, your signature, and the reasons you object to the Settlement Agreement. You must also specifically identify whether you received a text message of the kind described in the case and when it was received. If you want to speak at the Final Approval Hearing (explained below in answer to Question Number 15), you must say so in your objections. At the same time, you must also serve complete copies of your objection papers on both counsels for Defendants and Class Counsel. If you fail to object as specified above, you will be deemed to have waived any objections and will be barred from raising any such objections in this case or any other proceeding.

In order to be considered, any objections must be received or postmarked no later than xxx, 2010. Any objections and supporting materials should be sent to

Clerk of the Court
United States District Court for the Northern District of California
1300 Clay Street
xxxx Floor
Oakland, California 94xxx

AND TO:

John G. Jacobs, Esq.
The Jacobs Law Firm, Chtd.
122 South Michigan Avenue, Suite 1850
Chicago, Illinois  60603


AND TO:

Richard B. Kendall, Esq.
Kendall Brill & Klieger LLP
10100 Santa Monica Boulevard
Suite 1725
Los Angeles, California 90065


AND TO:

Peter L. Winik, Esq.
Latham & Watkins LLP
555 Eleventh Street, NW
Suite 1000
Washington, D.C. 20004

## The Final Approval Hearing

The Court has preliminarily approved the Settlement Agreement and will hold a hearing to decide whether to give final approval to the Settlement Agreement.  You may attend and you may ask to speak, but you don't have to.

### 15.  When and where is the Final Approval Hearing?

The Court will hold the Final Approval Hearing at xxx on xxx, 2010 in Courtroom 2 on the 4th Floor of the United States Courthouse at 1300 Clay Street, Oakland, California. The purpose of the hearing will be for the Court to determine whether the Settlement Agreement should be approved as fair, reasonable and adequate and in the best interests of the Class; to consider the award of attorneys' fees and expenses to Class Counsel in

the amount of $2,725,000; and to consider the request for an incentive award of $5,000 each to representative plaintiffs Carmella Miller and Charlene Kouf and an award of $25,000 to representative plaintiff Laci Satterfield.   At that hearing, the Court will be available to hear any objections and arguments concerning the fairness of the Settlement Agreement that have properly been requested, as set forth above.

The hearing may be postponed to a different date or time or location without notice.

You are not required to come to the Final Approval Hearing.

If the Court determines that the Settlement Agreement should be approved as fair, reasonable and adequate and in the best interests of the Class, you and your representatives are barred from filing any lawsuit asserting any claims against Defendants that relate to the claims discussed above.

### Getting More Information

#### 16. How do I get more information?

This Notice is necessarily an incomplete summary of the Settlement Agreement and its terms.  You are free to inspect the court files from 9:00 a.m. until 4:30 p.m. on weekdays at the office of the Clerk of the Court, United States District Court for the Northern District of California, 1300 Clay Street, xxx Floor, and Oakland, California 94612.  You can call Edelson McGuire, LLC, one of the law firms representing the class, toll-free at 866-354-3015 if you have any questions.  Before doing so, please read this full Notice carefully.  You may also go to the website www.xxxxsettlement.com. to review the entire Settlement Agreement,

Other than inspecting the court files or as provided above, please do not call, or direct any inquiries to the Court, to Defendants or to Defendants' lawyers.

#### 17. What if I have a new address?

If this Notice was sent to you at your current address, you do not have to do anything more to receive further notices concerning this case.  However, if this Notice was forwarded to you, or if it was otherwise sent to you at an address that is not current, you should immediately send a letter to xxxx, referencing this Notice and including your past and current mailing addresses.  **On any communication concerning this case, you should always provide a telephone number where you can be reached with any questions.**

Date: xxx, 2010

**PLEASE DO NOT CONTACT THE COURT OR COUNSEL FOR DEFENDANTS ABOUT THIS NOTICE.  YOU MAY CALL THE SETTLEMENT ADMINISTRATOR AT 800-XXX-XXX OR CLASS COUNSEL AT 866-354-3015 OR GO TO WWW.XXXXXX.COM**

# EXHIBIT C

**IF YOU RECEIVED A TEXT MESSAGE ADVERTISING THE STEPHEN KING BOOK "CELL" IN JANUARY OF 2006, YOU COULD GET A $175 CASH PAYMENT FROM A CLASS ACTION SETTLEMENT**

*Para Una Notificacion en Espanol, Visitar www.[website].com*

A settlement has been proposed in a class action lawsuit about unsolicited text messages advertising the Stephen King book "Cell" sent to cellular telephone users.

The United States District Court for the Northern District of California authorized this notice. Before any money is paid, the Court will have a hearing to decide whether to approve the settlement. If you qualify, you may submit a claim form to get benefits, or you can exclude yourself from the settlement, or object to the settlement. For complete information, you should read the full notice or the Settlement Agreement, available at www.[website].com.

**What is the Lawsuit About?**
Plaintiffs claim that unsolicited text messages advertising the Stephen King book "Cell" were sent on behalf of Defendants Simon & Schuster, Inc. and ipsh!net, Inc. to cellular telephone users in January of 2006. The lawsuit alleged that the Defendants' conduct violated the Telephone Consumer Protection Act. The Defendants deny these claims. The court did not decide which party was right. The parties are settling the lawsuit to avoid the burden, costs, risk and uncertainty of continuing the case.

**How Do I Know if I am a Class Member?**
You are a class member and could get a settlement cash payment if you are a person who received such an unsolicited text message advertising the Stephen King book "Cell" in January of 2006.

**What are the Terms of the Settlement?**
Defendants Simon & Schuster, Inc. and ipsh!net, Inc. ("the Defendants") have agreed to create a fund of $10 million, from which they will pay the claims of class members who timely file valid claim forms and will make a donation of $250,000 to a Court-approved charity. Each Class Member who timely files a valid claim will receive the lesser of $175 or a *pro rata* share of the Settlement Fund. No claims will be paid until the settlement is final. A Settlement Agreement, available at www.[website].com, describes all of the details about the proposed settlement. The proposed settlement is not an admission of wrongdoing by any party.

**How Do I Ask for A Payment?**
You do not have to do anything to stay in the settlement class, but you must submit a claim form in order to receive a settlement cash payment. To file a claim, you must complete a claim form available on-line at www.[website].com or request a claim form from the claims administrator at [toll free number]. Claim forms *must* be submitted on-line or postmarked by [date].

**What are My Other Options?**
If you do not wish to be a member of the Settlement Class, you may exclude yourself by writing to the Settlement Administrator. Excluding yourself is telling the Court that you do not want to be part of the Class. If you choose to exclude yourself, you give up your right to object to the settlement, but retain your right to sue, the Defendants. If you exclude yourself, you will not receive a settlement cash payment and you will have no basis to object because the case no longer affects you. Your request for exclusion *must* be postmarked by [date].

If you stay in the class, you or your lawyer has the right to appear before the Court and object to the proposed Settlement. Your written objection must be postmarked by [date]. Objecting is simply telling the Court that you do not like something about the settlement. You can object only if you stay in the Class.

If you remain in the Settlement Class and the Court approves the proposed settlement, you will receive the benefits of the proposed settlement (but will receive cash benefits only if you timely file a valid claim). You will also be bound by all orders and judgments of the Court and your claims against Defendants and any other released parties for the conduct at issue in this case will be fully resolved and released. For complete information, visit www.[website].com.

**Who Represents Me?**
A team of attorneys ("Class Counsel") who brought the suit was appointed to represent you. At the hearing to evaluate the fairness of the settlement, Class Counsel will request an award of attorneys' fees and expenses of $2.725 million for investigating the facts, litigating the case, and negotiating the settlement. The Court has also appointed three Class Representatives who will receive incentive awards of $5,000, $5,000 and $25,000, respectively, for their services as Class Representatives. You may hire your own lawyer, but at your own expense.

**When will the Court Consider the Proposed Settlement?**

The Court will hold a Final Approval Hearing to determine if the proposed settlement is fair, reasonable and adequate and to consider a request from Class Counsel for attorneys' fees and expenses on [date] at [time] in Courtroom 2 on the 4th Floor of the United States Courthouse in Oakland, California. If comments or objections have been received, the Court will consider them at this time.

For more information about the proposed Settlement and a copy of the Full Notice and a Claim Form, visit: www.[website].com, call: [toll free number], write to: Claims Administrator [address] or contact one of the attorneys representing the Class: Jay Edelson, of Edelson McGuire, LLC, 350 North LaSalle Street, Suite 1300, Chicago, Illinois 60654 (1-866-354-3015).

By Order of the Court Dated: [COURT]

# EXHIBIT D

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LACI SATTERFIELD, CARMELLA MILLER, and CHARLENE KOUF, individually and on behalf of a class of similarly situated individuals,<br><br>        Plaintiffs,<br><br>        v.<br><br>SIMON & SCHUSTER, INC., a New York corporation, and IPSH!NET, INC., a Delaware corporation,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Case No. C06 2893 CW<br>)   NOTICE OF<br>)   SETTLEMENT AGREEMENT |

>> **Click Here to Make a Claim**<<
>>**Click Here to Download a Paper Claim Form**<<
(You must submit a claim form by [claims deadline])
>>**Click Here to Download a Copy of the Settlement Agreement**<<

**IF YOU WERE SENT A TEXT MESSAGE IN JANUARY OF 2006
ADVERTISING THE STEPHEN KING VIP MOBILE CLUB AND THE
BOOK "CELL," YOU MAY BE ENTITLED TO A $175.00 CASH
PAYMENT FROM A CLASS ACTION SETTLEMENT**

IMPORTANT
PLEASE READ THIS NOTICE CAREFULLY
THIS NOTICE RELATES TO THE PENDENCY OF A CLASS ACTION LAWSUIT
AND IF YOU ARE A SETTLEMENT CLASS MEMBER CONTAINS
IMPORTANT INFORMATION ABOUT YOUR RIGHTS TO MAKE A CLAIM UNDER THE
SETTLEMENT OR TO OBJECT TO THE SETTLEMENT

*A federal court authorized this Notice and it is posted on the Web by Court order.*

A proposed settlement (the "Settlement Agreement") has been reached in this case against the
Defendants.  You may be a Member of the Settlement Class and could get a $175.00 settlement

cash payment if you are a person who was sent a text message advertising the Stephen King VIP Mobile Club and the book "Cell." If you are a Settlement Class Member and the Court gives final approval to the Settlement Agreement:

- You may be entitled to receive a settlement payment of $175 or your lesser *pro rata* share of the remainder of the Settlement Fund (your "Settlement Payment") in the form of a check.

- You will be giving up the right to bring certain legal claims in the future, as discussed more fully below.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| SUBMIT A CLAIM FORM | If you are a Settlement Class Member and would like to receive your Settlement Payment, you must submit a Claim Form, either through the mail or by clicking >>here<<. You will be giving up legal claims against Defendants and other related entities. **Your claim must be submitted or postmarked no later than xxxxxxxxxxxxx, 2010. A Paper Claim Form can be downloaded by clicking >>here<<.** |
| DO NOTHING | If you do nothing, you will not receive your Settlement Payment. You will, however, still be giving up legal claims against Defendants and other related entities. |
| EXCLUDE YOURSELF | You will receive no benefits, but you will not be giving up your right to sue Defendants or related entities. |
| OBJECT | Write to the Court about why you don't like the Settlement Agreement and do not want it to be approved. |
| GO TO A HEARING | Ask to speak in Court about the fairness of the Settlement Agreement. |

- These rights and options – **and the deadlines to exercise them** – are explained below.

- The Court in charge of this case has preliminarily approved the Settlement Agreement and must decide whether to give final approval to the Settlement Agreement. Settlement Payments will be made if the Court gives final approval to the Settlement Agreement, and if there are any appeals, after they are resolved. Please be patient.

### BASIC INFORMATION

### 1. What is this lawsuit about?

This lawsuit alleges that Defendants, in violation of a federal statute, sent unsolicited text messages to cell phone subscribers advertising the Stephen King VIP Mobile Club and the book "Cell," and seeks to represent a nationwide class of persons who were sent such messages. No court has determined the correctness of the ultimate position of any of the parties in this lawsuit. Rather, the parties have agreed to settle the lawsuit so as to avoid the uncertainties, the expense, and the diversion of resources from further litigation. This Notice is not an admission by either

party as to the strength of the other's position or of any weakness in its own position.

## 2. Why is this a class action?

In a class action, one or more people called Class Representatives (in this case, Laci Satterfield, Carmella Miller and Charlene Kouf), sue on behalf of a group (or a "class") of people who have similar claims. After the parties reached an agreement to settle the case, the Court recognized this as a case that should be treated as a class action for settlement purposes.

## 3. Why is there a settlement?

The Court has not decided that the Plaintiffs or the Defendants should win this case. Instead, both sides agreed to a settlement. That way, they avoid the cost of a trial, and the Settlement Class Members will get compensation now rather than, if at all, years from now.

## 4. How do I know if I am part of the settlement?

As described above, the Court decided that everyone who fits this description is a Settlement Class Member:

> All persons who were sent a text message in January of 2006 advertising the Stephen King VIP Mobile Club and the book "Cell."

If you believe you are a Settlement Class Member, you may obtain a claim form by clicking **here.**

## 5. What can I get from the settlement?

Defendants have created a cash settlement fund of ten million dollars ($10,000,000) (the "Settlement Fund"). If you are a Settlement Class Member, and the Court gives final approval to the Settlement Agreement, you may be entitled to receive $175.00 from the Settlement Fund in the form of a check, unless the number of claims requires that you receive a lesser equal proportionate payment.

## 6. When will I receive these benefits?

You will receive these benefits within 90 days after the Settlement Agreement has been finally approved and the time to appeal that approval to a higher court has expired and/or any appeals have been resolved in favor of the Settlement Agreement.

## 7. I want to be part of the settlement and receive these benefits, what do I do?

You must submit a timely, truthful, accurate, and properly completed Claim Form. If you do not do so, you will not receive any Settlement Payment. You may obtain a Claim Form by clicking **here**. You may either submit the Claim Form online by following the instructions found with the link, or you may print out the Claim Form, fill it out completely and mail it in so that it is received or postmarked no later than xxxxxxx.

Please mail your Claim Form only to the following address:

Settlement Administrator

PO BOX

Xxxxxxxxxxxx, xxxxxx Zip code

Or you may submit your claim online by clicking **here**.   Either format (hard copy or online filing) is acceptable.  Online filing is quicker and cheaper.

Please mail your Claim Form only to the address above or submit it by clicking on the link above.

## 8.  What am I giving up to receive these benefits?

Unless you exclude yourself (a process that is explained in answer to Question Number 9 below), you are staying in the class and agreeing to the Settlement Agreement. Generally, that means that you can not sue, continue to sue, or be part of a future suit involving the claims raised in this case.  In other words, you are agreeing to "release" those claims.  Unless you exclude yourself, you are "releasing" these claims, regardless of whether you submit a claim or not.

The exact release contained in the parties' Settlement Agreement is much more detailed, and you may want or need to consider it before making your decision about participating in the Settlement Agreement.  You can see a complete copy of the Settlement Agreement by clicking **here.**

### Excluding Yourself from the Settlement

If you don't want to receive the benefits from the Settlement Agreement, but you want to keep any right to sue that you may have or you want to continue to sue Defendants on your own over the claims in this case, then you must take steps to get out.  This is called excluding yourself.

## 9.  How do I get out of the settlement?

To exclude yourself from the Settlement Agreement, you must send a letter by mail saying that you want to be excluded from *Satterfield et al. v. Simon & Schuster, Inc. et al.,* Case No. C 06 2893 CW (N.D. Cal.)  Be sure to include your name, address, your cellular telephone number, and your signature and the name and number of the case.  You must mail your exclusion request no later than xxxx, 2010 to

Settlement Administrator
P.O. Box xxxx
xxxxxxxxxxxxxxxx

In order to be valid, any request for exclusion must be received or postmarked no later than xxxxxxxxxxxx, 2010.

## 10.  If I exclude myself, do I still receive benefits from this settlement?

No, you will not receive anything resulting from the settlement of this case.  But you will

- 4 -

have the right to attempt to sue Defendants over the claims raised in this case, either on your own or as part of a different lawsuit. The amount of time the law gives you to sue over such claims (that is, the "statutes of limitation") may or may not have been extended because of this case; however, they will not be extended any further for you once you exclude yourself. If you want your own attorney to represent you in an individual case, the terms of such representation are a matter for you and your attorney to negotiate.

## The Lawyers Representing You

### 11. Do I have a lawyer in this case?

The Court has approved John G. Jacobs and Bryan Kolton of The Jacobs Law Firm, Chtd. and Jay Edelson and Ryan Andrews of Edelson McGuire, LLC to be the attorneys representing the class. They are called the "Class Counsel." They believe, after conducting an extensive investigation, that the Settlement Agreement is fair, reasonable, and in the best interests of the class. You will not be charged for these lawyers. If you want to be represented by your own lawyer in this case, you may hire one at your expense.

### 12. How will the lawyers be paid?

Subject to Court approval, Defendants have agreed to pay Class Counsel the sum of $2,725,000 for attorneys' fees and expenses in this matter. The Court may award less than this amount. Under the Settlement Agreement, any amount awarded to Class Counsel will be paid out of the Settlement Fund.

Subject to approval by the Court, Defendants have agreed to pay $5,000 each to representative plaintiffs Carmella Miller and Charlene Kouf and $25,000 to representative plaintiff Laci Satterfield for their services in helping to prosecute this case.

### Objecting to the Settlement

You can tell the Court that you don't agree with the Settlement Agreement or some part of it. Only those that remain in the Settlement Class may object to the Settlement Agreement. You cannot object if you have opted out of the Settlement Class.

### 13. How do I tell the Court that I don't like the settlement?

If you're a Settlement Class Member, you can object to the Settlement Agreement if you don't like any part of it. You can give reasons why you think the Court should not approve it. The Court will consider your views. To object, you must send a letter (or legal "brief") saying that you object to the Settlement Agreement in *Satterfield et al. v. Simon & Schuster, Inc., et al.,* NO. C 06 2893 (N.D. Cal.) and clearly identify all your reasons for your objections and attach any materials you rely on for your objections. Be sure to include your name, address, cellular telephone number as well as your current non-cellular telephone number if you have one, your signature, and the reasons you object to the Settlement Agreement. You must also specifically identify whether you received a text message of the kind described in the case and when it was received. If you want to speak at the Final Approval Hearing (explained below in answer to Question Number 14), you must say so in your objections. At the same time, you must also serve

complete copies of your objection papers on both counsel for Defendants and Class Counsel. If you fail to object as specified above, you will be deemed to have waived any objections and will be barred from raising any such objections in this case or any other proceeding.

In order to be considered, any objections must be received or postmarked no later than xxx, 2010. Any objections and supporting materials should be sent to

> Clerk of the Court
> United States District Court for the Northern District of California
> 1300 Clay Street
> 4[th] Floor
> Oakland, California 94612

> AND TO:

> John G. Jacobs, Esq.
> The Jacobs Law Firm, Chtd.
> 122 South Michigan Avenue, Suite 1850
> Chicago, Illinois  60603


> AND TO:

> Richard B. Kendall, Esq.
> Kendall Brill & Klieger LLP
> 10100 Santa Monica Boulevard
> Suite 1725
> Los Angeles, California 90065

> AND TO:

> Peter L. Winik, Esq.
> Latham & Watkins LLP
> 555 Eleventh Street, NW
> Suite 1000
> Washington, D.C. 20004

## YOU MAY NOT DO THIS ONLINE.

### The Final Approval Hearing

The Court has preliminarily approved the Settlement Agreement and will hold a hearing to decide whether to give final approval to the Settlement Agreement. You may attend and you may ask to speak, but you don't have to.

## 14. When and where is the Final Approval Hearing?

The Court will hold the Final Approval Hearing at xxx on xxx, 2010 in courtroom 2 on the 4th Floor of the United States Courthouse at 1300 Clay Street in Oakland, California. The purpose of the hearing will be for the Court to determine whether the Settlement Agreement should be approved as fair, reasonable and adequate and in the best interests of the Class; to consider the parties' agreement that Class Counsel should be paid $2,725,000 for an award of attorneys' fees and expenses; and to consider the request for an incentive awards to Ms. Miller and Ms. Kouf in the amount of $5,000 each and to Ms. Satterfield in the amount of $25,000. At that hearing, the Court will be available to hear any objections and arguments concerning the fairness of the Settlement Agreement that have properly been requested, as set forth above.

The hearing may be postponed to a different date or time without notice.

You are not required to come to the Final Approval Hearing.

If the Court determines that the Settlement Agreement should be approved as fair, reasonable and adequate and in the best interests of the Class, you and your representatives are barred from filing any lawsuit asserting any claims against Defendants that relate to the claims discussed above.

### Getting More Information

## 15. How do I get more information?

This Notice is necessarily an incomplete summary of the Settlement Agreement and its terms. You are free to inspect the court files from 9:00 a.m. until 4:30 p.m. on weekdays at the office of the Clerk of the Court, United States District Court for the Northern District of California, 1300 Clay Street, Oakland, California 94612. You may also see a complete copy of the Settlement Agreement by clicking **here.** You can call Edelson McGuire, LLC, one of the law firms representing the class, toll-free at 866-354-3015 or the Settlement Administrator at 800-xxx-xxxx, if you have any questions. Before doing so, please read this full Notice carefully. You may also find additional information elsewhere on this website.

Do not call or direct any inquiries to the Court, to Defendants or to Defendants' lawyers.

**On any communication concerning this case, you should always provide a telephone number where you can be reached with any questions.**

Date: xxx, 2010

PLEASE DO NOT CONTACT THE COURT OR COUNSEL FOR DEFENDANTS ABOUT THIS NOTICE.  YOU MAY CALL CLASS COUNSEL AT 877-XXX-XXXX OR THE SETTLEMENT ADMINISTRATOR AT 800-XXX-XXXX.

# EXHIBIT E

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

LACI SATTERFIELD, CARMELLA
MILLER, and CHARLENE KOUF,
individually and on behalf of a class of
similarly situated individuals,

               Plaintiffs,

               v.

SIMON & SCHUSTER, INC., a New York
corporation, and IPSH!NET, INC., a Delaware
corporation,

               Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. C06 2893 CW

PRELIMINARY APPROVAL
ORDER

## PRELIMINARY APPROVAL ORDER

WHEREAS, a class action is pending before the Court entitled *Satterfield, et al. v. Simon & Schuster, Inc. and ipsh!net, Inc.,* Case No. C 06 2893 CW; and

WHEREAS, Plaintiffs and Defendants Simon & Schuster, Inc. and ipsh!net, Inc. (collectively, "Defendants") have agreed on a Settlement Agreement dated as of January 15, 2010, which, together with the Exhibits attached thereto, sets forth the terms and conditions for a proposed settlement and dismissal of the Action with prejudice as to Defendants upon the terms and conditions set forth therein (the "Agreement"), and the Court having read and considered the Settlement Agreement and Exhibits attached thereto;

This matter coming before the Court upon the agreement of the parties, good cause being shown, and the Court being fully advised in the premises,

IT IS HEREBY ORDERED, DECREED, AND ADJUDGED AS FOLLOWS:

1.     Terms and phrases in this Order shall have the same meaning as ascribed to them in the Settlement Agreement.

2.      The parties have moved the Court for an order approving the settlement of the Action in accordance with the Settlement Agreement, which, together with the documents incorporated therein, sets forth the terms and conditions for a proposed settlement and dismissal of the Action with prejudice, and the Court having read and considered the Settlement Agreement and having heard the parties and being fully advised in the premises, hereby preliminarily approves the Settlement Agreement in its entirety subject to the Final Approval Hearing referred to in paragraph 21 of this Order for purposes of deciding whether to grant final approval to the said Settlement Agreement.

**Settlement Class Certification**

3.      For purposes of settlement only: (a) John G. Jacobs and Bryan G. Kolton of The Jacobs Law Firm, Chartered and Jay Edelson and Ryan Andrews of Edelson McGuire, LLC are appointed Class Counsel for the Settlement Class; and (b) Laci Satterfield, Carmella Miller and Charlene Kouf are appointed Class Representatives.

4.      For purposes of settlement only, the Court certifies the following class ("the Settlement Class"): all persons who in January of 2006 were sent the Text Message, as set forth in the Settlement Agreement.

5.      The Court finds, subject to the Final Approval Hearing referred to in Paragraph 21 below, that the Settlement Agreement is fundamentally fair, adequate, and reasonable, and, solely within the context of and for the purposes of settlement only, that the Settlement Class satisfies each of the requirements of Rule 23 of the Federal Rules of Civil Procedure, specifically, that: the Class is so numerous that joinder of all members is impracticable; there are questions of law and fact common to the Class; the claims of the Class Representatives are typical of the claims of the Class; the Class Representatives will fairly and adequately protect the

interests of the Class; common questions of law or fact predominate over questions affecting individual members; and a class action is a superior method for fairly and efficiently adjudicating the action.

6.    The Court finds that the parties entered into the Settlement Agreement in good faith, following arms-length negotiation, including a mediation conducted by the Hon. Daniel Weinstein (ret.).

7.    Should the Settlement Agreement not receive the Court's final approval, should final approval be reversed on appeal, or should the Settlement Agreement otherwise fail to become effective, the Court's grant of class certification shall be vacated, and the Class Representatives and the Settlement Class would once again bear the burden of establishing the propriety of class certification.  In such case, neither the certification of the Settlement Class for settlement purposes, nor any other act relating to the negotiation or execution of the Settlement Agreement shall be considered as a factor in connection with any class certification issue(s).

**Notice and Administration**

8.    The Court approves, as to form and content, the written Class Notice, in the form of Exhibit B to the Settlement Agreement, the Website form of the Notice, substantially in the form of Exhibit D thereto, the email version of the Notice substantially in the form of Exhibit G to the Settlement Agreement and the Claim Forms attached to the Settlement Agreement as Exhibit A and finds that the mailing and distribution of the Class Notice and Claim Forms in the manner set forth in paragraph 9 of this Order and the provision for notice set out in paragraph 4.2 of the Settlement Agreement constitute valid, due and sufficient notice to all persons entitled thereto, that such notice is the best notice practicable under the circumstances and that it constitutes due and sufficient notice to all persons entitled thereto and complies fully with the

requirements of the Federal Rules of Civil Procedure and of Due Process. The Court further approves for publication in accordance with the provisions of Paragraph 4.2 of the Settlement Agreement the newspaper Notice set forth in Exhibit C of the Settlement Agreement. The parties, by agreement, may revise the Notices, Claim Forms and other exhibits to the Settlement Agreement in ways that are not material, or in ways that are appropriate to update those documents for purposes of accuracy.

        9.     The Court approves the request for the appointment of RSM McGladry of Blue Bell, Pennsylvania, as Settlement Administrator in accordance with the provisions of paragraph 1.29 of the Settlement Agreement.

        10.    Pursuant to Paragraph 4.2 of the Settlement Agreement, the Settlement Administrator is directed to mail the Notice (and the accompanying Claim Form) by first-class mail (and email) to the addresses obtained from the procedures specified in the said paragraph to obtain addresses from the information provided and obtained by the procedures outlined therein and provide newspaper publication in accordance with the Notice Plan called for by the Settlement Agreement no later than _____, 2010.   (The date by which such mailing shall be complete shall be referred to herein as "the Notice Date").   The Settlement Administrator shall also maintain a website that will provide full information about the Settlement and will allow for the filing of claims online.

        11.    Settlement Class Members who wish to receive benefits under the Settlement Agreement must complete and submit a Claim Form in accordance with the instructions contained therein.   All Claim Forms must be postmarked or received by the Settlement Administrator no later than 45 days after the date of the entry of the Final Judgment and Order of Dismissal With Prejudice.

**Exclusion**

12.     Settlement Class Members who wish to exclude themselves from the Settlement Class may do so if, within 45 calendar days from the Notice Date, they comply with the exclusion procedures set forth in the Settlement Agreement and Class Notice.  Any Settlement Class Member so excluded shall neither be bound by the terms of the Settlement Agreement nor entitled to any of its benefits.

13.     Any Settlement Class Members who elect to exclude themselves or "opt out" of the Settlement Agreement must file a written request (hereinafter "Request to Opt Out") with the Settlement Administrator, received or postmarked no later than 45 days after the Notice Date. The Settlement Administrator will record the date of receipt of the Request to Opt Out and forward electronically all Requests to Opt Out to both Defendants and Class Counsel on a weekly basis following receipt.  The Settlement Administrator shall retain copies of all written Requests to Opt Out until such time as it has completed its duties and responsibilities under the Settlement Agreement.   The Request to Opt Out must be signed by the Settlement Class Member, must include the Settlement Class Member's name, address, and telephone number, and must clearly state that the person wishes to be excluded from the Action and the Settlement Agreement.  No Request to Opt Out will be valid unless the request is sent timely and in substantial compliance with the requirements of this paragraph.

14.     Settlement Class Members who opt out of the Settlement Agreement will relinquish their rights to benefits under the Settlement Agreement and will not release their claims.  However, Settlement Class Members who fail to submit a valid and timely Request to Opt Out on or before the date specified herein shall be bound by all terms of the Settlement

Agreement and the Final Judgment And Order Of Dismissal With Prejudice, regardless of whether they have requested exclusion from the Settlement Agreement.

15.     Any Settlement Class Member who submits a timely Request to Opt Out may not file an Objection to the Settlement Agreement and shall be deemed to have waived any rights or benefits under the Settlement Agreement.

16.     Settlement Class Members shall be permitted to withdraw or rescind their opt-out requests by submitting a statement to the Settlement Administrator that includes their name, address, and telephone number, and that clearly states their intention to withdraw their previous Request to Opt Out of the Settlement Agreement and to now be included.  Any such rescission of a prior opt-out request must be received by the Settlement Administrator no later than the Claims Deadline specified herein.  No request to rescind a prior opt-out request will be valid unless that request is sent timely and in substantial compliance with the provisions of this paragraph.

17.     The Settlement Administrator shall stamp the date received on the original of any rescission of opt-out statement and serve copies to Class Counsel and counsel for Defendants no later than five (5) days after receipt thereof.  The Settlement Administrator shall retain copies of all rescissions of opt-out statements until such time as the Settlement Administrator is relieved of its duties and responsibilities under this Order and the Settlement Agreement.

**Objections**

18.     Any Settlement Class Member who intends to object to the fairness, reasonableness, or adequacy of the Settlement Agreement (hereinafter "Objections") or to a judgment being entered dismissing the Action with prejudice in accordance with the terms of the Settlement Agreement, or to the attorneys' fees and expense reimbursement sought by Class Counsel in the amounts specified in the Notice and the Settlement Agreement, or to the award to

the Class Representatives as set forth in the Notice and the Settlement Agreement, must sign and file a written Objections no later than 45 days after the Notice Date. Any Settlement Class Member who submits a timely Request to Opt Out may not file Objections to the Settlement and shall be deemed to have waived any rights or benefits under this Settlement Agreement.

19.    Any Objections must be filed with the Court and sent to John G. Jacobs, The Jacobs Law Firm, Chtd., 122 South Michigan Avenue, Suite 1850, Chicago, Illinois 60603, one of Class Counsel, and also to Defendants' Counsel, Richard B. Kendall, Kendall Brill & Klieger LLP, 10100 Santa Monica Boulevard, Suite 1725, Los Angeles, California 90067, and Peter L.. Winik, Latham & Watkins LLP, 555 Eleventh Street, N.W., Suite 1000, Washington, D.C. 20004.

20.    Settlement Class Members making Objections must set forth their full name, current address, and telephone number. Objecting Settlement Class Members must provide evidence of their membership in the Settlement Class, state in writing all Objections and the reasons therefor, provide copies of any documents relied upon for such Objections, and include a statement as to whether the Objector intends to appear at the Final Approval Hearing and whether he or she is represented by separate legal counsel. Settlement Class Members who fail to file and serve timely written objections in substantial compliance with the requirements of this paragraph shall be deemed to have waived any Objections and shall be foreclosed from making any Objections (whether by appeal or otherwise) to the Settlement Agreement or to any of the subjects listed in paragraph 21 below.

**Final Approval Hearing**

21.    The Final Approval Hearing shall be held before this Court on _____, 2010 at _____ ___.M. at the United States Courthouse, 1300 Clay Street, Courtroom 2, 4th Floor,

Oakland, California to determine (a) whether the proposed settlement of the Action on the terms and conditions provided for in the Settlement Agreement is fair, reasonable and adequate and should be given final approval by the Court; (b) whether a judgment and order of dismissal with prejudice should be entered; (c) whether to approve the payment of attorneys' fees and expenses to Class Counsel; and (d) whether to approve the payment of incentive awards to the Class Representatives. The Court may adjourn the Final Approval Hearing without further notice to members of the Settlement Class.

**Further Matters**

22.     All further proceedings in the Action are ordered stayed until the Final Judgment and Order of Dismissal with Prejudice or termination of the Settlement Agreement, whichever occurs earlier, except for those matters necessary to obtain and/or effectuate final approval of the Settlement Agreement.

23.     Settlement Class Members shall be bound by all determinations and judgments in the Action concerning the Action and/or Settlement Agreement, whether favorable or unfavorable.

24.     If the Settlement Agreement is not approved by the Court in complete accordance with its terms, each party will have the option of having the Action revert to its status as if the Settlement Agreement had not been negotiated, made, or filed with the Court. In such event, the parties will retain all rights as if the Settlement Agreement was never agreed upon.

25.     In the event that the Settlement Agreement is terminated pursuant to the provisions of the Settlement Agreement or for any reason whatsoever the approval of it does not become Final then (i) the Settlement Agreement shall be null and void, including any provision related to the award of attorneys' fees, and shall have no further force and effect with respect to

any party in this Action, and shall not be used in this Action or in any other proceeding for any purpose; (ii) all negotiations, proceedings, documents prepared, and statements made in connection therewith shall be without prejudice to any person or party hereto, shall not be deemed or construed to be an admission by any party of any act, matter, or proposition, and shall not be used in any manner or for any purpose in any subsequent proceeding in this Action or in any other action in any court or other proceeding, provided, however, that the termination of the Settlement Agreement shall not shield from subsequent discovery any factual information provided in connection with the negotiation of this Settlement Agreement that would ordinarily be discoverable but for the attempted settlement; (iii) other than as expressly preserved by the Settlement Agreement in the event of its termination, the Settlement Agreement shall have no further force and effect with respect to any party and shall not be used in the Action or any other proceeding for any purpose; and (iv) any party may elect to move the Court pursuant to the provisions of this paragraph, and none of the non-moving parties (or their counsel) shall oppose any such motion.

It is so ordered, this _____ day of _____, 2010.

Enter:

_____
United States District Court Judge

# EXHIBIT F

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

LACI SATTERFIELD, CARMELLA
MILLER and CHARLENE KOUF,
individually and on behalf of a class of
similarly situated individuals,

               Plaintiffs,

               v.

SIMON & SCHUSTER, INC., a New York
corporation, and IPSH!NET, INC., a Delaware
corporation,

               Defendants.

) Case No. C06 2893 CW
)
) FINAL JUDGMENT AND ORDER
) OF DISMISSAL WITH PREJUDICE
)
)
)
)
)
)
)
)
)
)
)
)

## FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE

WHEREAS, this action having been filed in this Court as a class action ("the Action");

WHEREAS, the parties have entered into a Settlement Agreement dated as of January 15, 2010 ("the Settlement Agreement");

WHEREAS, Defendants deny that they have committed any wrongful acts or breached any duties as alleged in the Action, and the settlement of the Action does not constitute any such admission; and

WHEREAS, this matter having come before the Court for hearing, pursuant to the Order of this Court, dated _____, 2010 ("the Preliminary Approval Order"), on the application of the parties for approval of the settlement set forth in the Settlement Agreement, and due and adequate notice having been given to the Settlement Class defined below as required by the Preliminary Approval Order, and the Court having considered all papers filed and proceedings herein and otherwise being fully informed in the premises, and good cause appearing, it is therefore

ORDERED, ADJUDGED AND DECREED THAT:

1.     Terms and phrases in this Order shall have the same meaning as ascribed to them in the Settlement Agreement.

2.     This Court has jurisdiction over the subject matter of this Action and over all parties to this Action, including all Settlement Class Members.

3.     This Court previously gave its preliminary approval to the Settlement Agreement.   The Court hereby gives its final approval to the settlement set forth in the Settlement Agreement, finds that said Settlement Agreement is, in all respects, fair, reasonable and adequate to, and in the best interests of, the Settlement Class, and hereby directs that it shall be effectuated in accordance with its terms.   The Settlement Agreement and every term and provision thereof shall be deemed incorporated herein as if explicitly set forth, and shall have the full force of an Order of this Court.

4.     The notice of the settlement pursuant to the Preliminary Approval Order and the Settlement Agreement was the best notice practicable under the circumstances, including individual notice to all members of the Settlement Class whose addresses could be obtained from reverse directory searching, newspaper publication and the maintenance of a settlement website by the Settlement Administrator.   Said notice provided valid, due and sufficient notice of those proceedings and of the matters set forth therein, including the proposed settlement set forth in the Settlement Agreement, to all persons entitled to such notice, and said notice fully satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure and of Due Process.

5.     The Court finds that the Defendants properly and timely notified the appropriate state and federal officials of the Settlement Agreement, pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715.   The Court has reviewed the Defendants'

notices and accompanying materials, and finds that they complied with any applicable requirements of CAFA.

6.     The Settlement Class certified for settlement purposes was defined as all persons who in January of 2006 were sent the Text Message, as set forth in the Settlement Agreement.  Excluded from the Settlement Class are those persons who have submitted valid and timely requests for exclusion pursuant to the Preliminary Approval Order and the notice provided to Settlement Class Members in accordance with the provisions of the Preliminary Approval Order.  Annexed hereto as Appendix 1 is a schedule of all such persons excluded from the Settlement Class.

7.     Subject to the terms and conditions of the Settlement Agreement, this Court hereby dismisses the Action on the merits and with prejudice.

8.     Upon the Effective Date of this settlement, the Class Representatives and each and every Settlement Class Member who has not timely filed a request to be excluded from the Settlement Class or who has rescinded a previous opt-out request pursuant to the Settlement Agreement, their respective present or past heirs, executors, estates, administrators, representatives, agents, predecessors, successors, assigns, parent companies, subsidiaries, associates, affiliates, officers, directors, managing directors, principals, partners, members, employers, employees, agents, consultants, independent contractors, insurers, attorneys, accountants, financial and other advisors, investment bankers, underwriters, lenders, controlled and controlling persons and any other representatives of the foregoing (the "Releasing Parties") shall be deemed to have released and forever discharged Defendants Simon & Schuster, Inc. and ipsh!net, Inc., and any and all of their present or past heirs, executors, estates, administrators, predecessors, successors, assigns, parents, subsidiaries, associates, affiliates, employers,

employees, agents, consultants, independent contractors, insurers, directors, managing directors, officers, partners, principals, members, attorneys, accountants, financial and other advisors, investment bankers, underwriters, shareholders, lenders, auditors, investment advisors, legal representatives, successors in interest, assigns and Persons, firms, trusts, corporations, officers, directors, other individuals or entities in which Simon & Schuster, Inc. or ipsh!net, Inc. has a controlling interest or which is related to or affiliated with any of them, or any other representatives of any of these Persons and entities, of and from any and all manner of claims (including "Unknown Claims" as defined in the Settlement Agreement), demands, rights, liabilities or causes of action, in law or in equity, accrued or unaccrued, fixed or contingent, direct, individual or representative, of every nature and description whatsoever, whether based on federal, state, local, statutory or common law or any other law, rule or regulation, including the law of any jurisdiction outside the United States, against the Released Parties (as defined in the Settlement Agreement), or any of them, arising out of or connected to the transmission of the Text Message.

9. The Court approves the payment by Defendants of attorneys' fees and expenses in the amount of $_____. Such payment shall be sent by wire transfer in accordance with the provisions of Paragraph 8.1 of the Settlement Agreement.

10. The Court approves the payment by Defendants of $5,000 to representative plaintiff Carmella Miller, $5,000 to representative plaintiff Charlene Kouf and $25,000 to representative plaintiff Laci Satterfield as incentive awards for taking on the risks of litigation and helping to achieve the results to be made available to the Settlement Class, in accordance with the provisions of paragraph 8.4 of the Settlement Agreement. Such payment

shall be sent by check to Class Counsel in accordance with the provisions of paragraph 8.4 of the Settlement Agreement.

11.    The Parties shall bear their own costs and attorneys' fees, except as otherwise provided in the Settlement Agreement and this Order.

12.    This Court hereby directs the entry of this Final Judgment and Order of Dismissal With Prejudice based upon the Court's finding that there is no just reason for delay of enforcement or appeal of this Final Judgment and Order of Dismissal With Prejudice notwithstanding the Court's retention of jurisdiction to oversee implementation and enforcement of the Settlement Agreement.

13.    This Final Judgment and Order of Dismissal With Prejudice, the Settlement Agreement, the settlement that it reflects, and any and all acts, statements, documents, or proceedings relating to the Settlement Agreement are not, and shall not be construed as, or used as an admission by or against Defendants of any fault, wrongdoing, or liability on any Defendant's part, or of the validity of any Claim or of the existence or amount of damages.

14.    Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over, inter alia, (a) implementation, enforcement, and administration of the Settlement Agreement, including any releases in connection therewith; (b) resolution of any disputes concerning class membership or entitlement to benefits under the terms of the Settlement Agreement; and (c) all parties hereto, for the purpose of enforcing and administering the Settlement Agreement and the Action until each and every act agreed to be performed by the parties has been performed pursuant to the Settlement Agreement.

Dated: _____, 2010

Enter:

_____
United States District Court Judge

**<u>Appendix 1 to the Final Judgment And Order Of Dismissal</u>**

<u>PERSONS EXCLUDED FROM THE SETTLEMENT CLASS</u>

It is so ordered, this _____ day of _____, 2010.


Enter:



_____
United States District Court Judge

# EXHIBIT G

From:  Settlement Administrator

To:   xxxxxxxxxx

Subject: Class Action Notice Ordered By Federal Court in *Satterfield et al. v. Simon & Schuster, Inc. et al., Case No. C 06 2893 CW*

[Body]

## IF YOU RECEIVED A TEXT MESSAGE ADVERTISING THE STEPHEN KING BOOK "CELL" IN JANUARY OF 2006, YOU COULD GET A $175 CASH PAYMENT FROM A CLASS ACTION SETTLEMENT
### *Para Una Notificacion en Espanol, Visitar www.[website].com.*

A settlement has been proposed in a class action lawsuit about unsolicited text messages advertising the Stephen King book "Cell" sent to cellular telephone users.

The United States District Court for the Northern District of California authorized this notice. Before any money is paid, the Court will have a hearing to decide whether to approve the settlement. If you qualify, you may submit a claim form to get benefits, or you can exclude yourself from the settlement, or object to the settlement. For complete information, you should read the full notice or the Settlement Agreement, available at www.[website].com. **Click here.**

**What is the Lawsuit About?**
Plaintiffs claim that unsolicited text messages advertising the Stephen King book "Cell" were sent on behalf of Defendants Simon & Schuster, Inc. and ipsh!net, Inc. to cellular telephone users in January of 2006. The lawsuit alleged that the Defendants' conduct violated the Telephone Consumer Protection Act. The Defendants deny these claims. The court did not decide which party was right. The parties are settling the lawsuit to avoid the burden, costs, risk and uncertainty of continuing the case.

**How Do I Know if I am a Class Member?**
You are a class member and could get a settlement cash payment if you are a person who received such an unsolicited text message advertising the Stephen King book "Cell" in January of 2006.

**What are the Terms of the Settlement?**
Defendants Simon & Schuster, Inc. and ipsh!net, Inc. ("the Defendants") have agreed to create a fund of $10 million, from which they will pay the claims of class members who timely file valid claim forms and will make a donation of $250,000 to a Court-approved charity. Each Class Member who timely files a valid claim will receive the lesser of $175 or a *pro rata* share of the Settlement Fund. No claims will be paid until the settlement is final. A Settlement Agreement, available at www.[website].com, describes all of the details about the proposed settlement. The proposed settlement is not an admission of wrongdoing by any party.

**How Do I Ask for A Payment?**
You do not have to do anything to stay in the settlement class, but you must submit a claim form in order to receive a settlement cash payment. To file a claim, you must complete a

claim form available on-line at www.[website].com or request a claim form from the claims administrator at [toll free number]. Claim forms *must* be submitted on-line or postmarked by **[date]**.

**What are My Other Options?**

If you do not wish to be a member of the Settlement Class, you may exclude yourself by writing to the Settlement Administrator. Excluding yourself is telling the Court that you do not want to be part of the Class. If you choose to exclude yourself, you give up your right to object to the settlement, but retain your right to sue, the Defendants. If you exclude yourself, you will not receive a settlement cash payment and you will have no basis to object because the case no longer affects you. Your request for exclusion *must* be postmarked by **[date]**.

If you stay in the class, you or your lawyer has the right to appear before the Court and object to the proposed Settlement. Your written objection must be postmarked by **[date]**. Objecting is simply telling the Court that you do not like something about the settlement. You can object only if you stay in the Class.

If you remain in the Settlement Class and the Court approves the proposed settlement, you will receive the benefits of the proposed settlement (but will receive cash benefits only if you timely file a valid claim). You will also be bound by all orders and judgments of the Court and your claims against Defendants and any other released parties for the conduct at issue in this case will be fully resolved and released. For complete information, visit www.[website].com .

**Who Represents Me?**

A team of attorneys ("Class Counsel") who brought the suit was appointed to represent you. At the hearing to evaluate the fairness of the settlement, Class Counsel will request an award of attorneys' fees and expenses of $2.725 million for investigating the facts, litigating the case, and negotiating the settlement. The Court has also appointed three Class Representatives who will receive incentive awards of $5,000, $5,000 and $25,000, respectively, for their services as Class Representatives. You may hire your own lawyer, but at your own expense.

**When will the Court Consider the Proposed Settlement?**

The Court will hold a Final Approval Hearing to determine if the proposed settlement is fair, reasonable and adequate and to consider a request from Class Counsel for attorneys' fees and expenses on [date] at [time] in Courtroom 2 on the 4th Floor of the United States Courthouse in Oakland, California. If comments or objections have been received, the Court will consider them at this time.

For more information about the proposed Settlement and a copy of the Full Notice and a Claim Form, visit: www.[website].com , call: [toll free number], write to: Claims Administrator [address] or contact one of the attorneys representing the Class: Jay Edelson, of Edelson McGuire, LLC, 350 North LaSalle Street, Suite 1300, Chicago, Illinois 60654 (1-866-354-3015).

By Order of the Court Dated: [COURT]