IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LACI SATTERFIELD, CARMELLA MILLER, and CHARLENE KOUF, individually and on behalf of a class of similarly situated individuals,<br><br>  Plaintiffs,<br><br>  v.<br><br>SIMON & SCHUSTER, INC., a New York corporation, and IPSH!NET, INC., a Delaware corporation,<br><br>  Defendants. | Case No. C06 2893 CW<br><br>PRELIMINARY APPROVAL ORDER |

## PRELIMINARY APPROVAL ORDER

WHEREAS, a class action is pending before the Court entitled *Satterfield, et al. v. Simon & Schuster, Inc. and ipsh!net, Inc.,* Case No. C 06 2893 CW; and

WHEREAS, Plaintiffs and Defendants Simon & Schuster, Inc. and ipsh!net, Inc. (collectively, "Defendants") have agreed on a Settlement Agreement dated as of January 15, 2010, which, together with the Exhibits attached thereto, sets forth the terms and conditions for a proposed settlement and dismissal of the Action with prejudice as to Defendants upon the terms and conditions set forth therein (the "Agreement"), and the Court having read and considered the Settlement Agreement and Exhibits attached thereto;

This matter coming before the Court upon the agreement of the parties, good cause being shown, and the Court being fully advised in the premises,

IT IS HEREBY ORDERED, DECREED, AND ADJUDGED AS FOLLOWS:

1. Terms and phrases in this Order shall have the same meaning as ascribed to them in the Settlement Agreement.

2. The parties have moved the Court for an order approving the settlement of the Action in accordance with the Settlement Agreement, which, together with the documents incorporated therein, sets forth the terms and conditions for a proposed settlement and dismissal of

the Action with prejudice, and the Court having read and considered the Settlement Agreement and having heard the parties and being fully advised in the premises, hereby preliminarily approves the Settlement Agreement in its entirety subject to the Final Approval Hearing referred to in paragraph 21 of this Order for purposes of deciding whether to grant final approval to the said Settlement Agreement.

**Settlement Class Certification**

3. For purposes of settlement only: (a) John G. Jacobs and Bryan G. Kolton of The Jacobs Law Firm, Chartered and Jay Edelson and Ryan Andrews of Edelson McGuire, LLC are appointed Class Counsel for the Settlement Class; and (b) Laci Satterfield, Carmella Miller and Charlene Kouf are appointed Class Representatives.

4. For purposes of settlement only, the Court certifies the following class ("the Settlement Class"): all persons who in January of 2006 were sent the Text Message, as set forth in the Settlement Agreement.

5. The Court finds, subject to the Final Approval Hearing referred to in Paragraph 21 below, that the Settlement Agreement is fundamentally fair, adequate, and reasonable, and, solely within the context of and for the purposes of settlement only, that the Settlement Class satisfies each of the requirements of Rule 23 of the Federal Rules of Civil Procedure, specifically, that: the Class is so numerous that joinder of all members is impracticable; there are questions of law and fact common to the Class; the claims of the Class Representatives are typical of the claims of the Class; the Class Representatives will fairly and adequately protect the interests of the Class; common questions of law or fact predominate over questions affecting individual members; and a class action is a superior method for fairly and efficiently adjudicating the action.

6. The Court finds that the parties entered into the Settlement Agreement in good faith, following arms-length negotiation, including a mediation conducted by the Hon. Daniel Weinstein (ret.).

7. Should the Settlement Agreement not receive the Court's final approval, should final approval be reversed on appeal, or should the Settlement Agreement otherwise fail to become effective, the Court's grant of class certification shall be vacated, and the Class Representatives and

the Settlement Class would once again bear the burden of establishing the propriety of class certification. In such case, neither the certification of the Settlement Class for settlement purposes, nor any other act relating to the negotiation or execution of the Settlement Agreement shall be considered as a factor in connection with any class certification issue(s).

**Notice and Administration**

8. Subject to the correction of the Court's address, the Court approves, as to form and content, the written Class Notice, in the form of Exhibit B to the Settlement Agreement, the Website form of the Notice, substantially in the form of Exhibit D thereto, the email version of the Notice substantially in the form of Exhibit G to the Settlement Agreement and the Claim Forms attached to the Settlement Agreement as Exhibit A and finds that the mailing and distribution of the Class Notice and Claim Forms in the manner set forth in paragraph 9 of this Order and the provision for notice set out in paragraph 4.2 of the Settlement Agreement constitute valid, due and sufficient notice to all persons entitled thereto, that such notice is the best notice practicable under the circumstances and that it constitutes due and sufficient notice to all persons entitled thereto and complies fully with the requirements of the Federal Rules of Civil Procedure and of Due Process. The Court further approves for publication in accordance with the provisions of Paragraph 4.2 of the Settlement Agreement the newspaper Notice set forth in Exhibit C of the Settlement Agreement. The parties, by agreement, may revise the Notices, Claim Forms and other exhibits to the Settlement Agreement in ways that are not material, or in ways that are appropriate to update those documents for purposes of accuracy.

9. The Court approves the request for the appointment of RSM McGladry of Blue Bell, Pennsylvania, as Settlement Administrator in accordance with the provisions of paragraph 1.29 of the Settlement Agreement.

10. Pursuant to Paragraph 4.2 of the Settlement Agreement, the Settlement Administrator is directed to mail the Notice (and the accompanying Claim Form) by first-class mail (and email) to the addresses obtained from the procedures specified in the said paragraph to obtain addresses from the information provided and obtained by the procedures outlined therein and provide newspaper publication in accordance with the Notice Plan called for by the Settlement

1  Agreement no later than May 2, 2010.  (The date by which such mailing shall be complete shall be
2  referred to herein as "the Notice Date").  The Settlement Administrator shall also maintain a
3  website that will provide full information about the Settlement and will allow for the filing of
4  claims online.

5       11.  Settlement Class Members who wish to receive benefits under the Settlement
6  Agreement must complete and submit a Claim Form in accordance with the instructions contained
7  therein.  All Claim Forms must be postmarked or received by the Settlement Administrator no later
8  than 45 days after the date of the entry of the Final Judgment and Order of Dismissal With
9  Prejudice.

10  **<u>Exclusion</u>**

11       12.  Settlement Class Members who wish to exclude themselves from the Settlement
12  Class may do so if, within 45 calendar days from the Notice Date, they comply with the exclusion
13  procedures set forth in the Settlement Agreement and Class Notice.  Any Settlement Class Member
14  so excluded shall neither be bound by the terms of the Settlement Agreement nor entitled to any of
15  its benefits.

16       13.  Any Settlement Class Members who elect to exclude themselves or "opt out" of the
17  Settlement Agreement must file a written request (hereinafter "Request to Opt Out") with the
18  Settlement Administrator, received or postmarked no later than 45 days after the Notice Date.  The
19  Settlement Administrator will record the date of receipt of the Request to Opt Out and forward
20  electronically all Requests to Opt Out to both Defendants and Class Counsel on a weekly basis
21  following receipt.  The Settlement Administrator shall retain copies of all written Requests to Opt
22  Out until such time as it has completed its duties and responsibilities under the Settlement
23  Agreement.  The Request to Opt Out must be signed by the Settlement Class Member, must include
24  the Settlement Class Member's name, address, and telephone number, and must clearly state that
25  the person wishes to be excluded from the Action and the Settlement Agreement.  No Request to
26  Opt Out will be valid unless the request is sent timely and in substantial compliance with the
27  requirements of this paragraph.

28

14. Settlement Class Members who opt out of the Settlement Agreement will relinquish their rights to benefits under the Settlement Agreement and will not release their claims. However, Settlement Class Members who fail to submit a valid and timely Request to Opt Out on or before the date specified herein shall be bound by all terms of the Settlement Agreement and the Final Judgment And Order Of Dismissal With Prejudice, regardless of whether they have requested exclusion from the Settlement Agreement.

15. Any Settlement Class Member who submits a timely Request to Opt Out may not file an Objection to the Settlement Agreement and shall be deemed to have waived any rights or benefits under the Settlement Agreement.

16. Settlement Class Members shall be permitted to withdraw or rescind their opt-out requests by submitting a statement to the Settlement Administrator that includes their name, address, and telephone number, and that clearly states their intention to withdraw their previous Request to Opt Out of the Settlement Agreement and to now be included. Any such rescission of a prior opt-out request must be received by the Settlement Administrator no later than the Claims Deadline specified herein. No request to rescind a prior opt-out request will be valid unless that request is sent timely and in substantial compliance with the provisions of this paragraph.

17. The Settlement Administrator shall stamp the date received on the original of any rescission of opt-out statement and serve copies to Class Counsel and counsel for Defendants no later than five (5) days after receipt thereof. The Settlement Administrator shall retain copies of all rescissions of opt-out statements until such time as the Settlement Administrator is relieved of its duties and responsibilities under this Order and the Settlement Agreement.

**Objections**

18. Any Settlement Class Member who intends to object to the fairness, reasonableness, or adequacy of the Settlement Agreement (hereinafter "Objections") or to a judgment being entered dismissing the Action with prejudice in accordance with the terms of the Settlement Agreement, or to the attorneys' fees and expense reimbursement sought by Class Counsel in the amounts specified in the Notice and the Settlement Agreement, or to the award to the Class Representatives as set forth in the Notice and the Settlement Agreement, must sign and file a written Objections no later

than 45 days after the Notice Date.  Any Settlement Class Member who submits a timely Request to Opt Out may not file Objections to the Settlement and shall be deemed to have waived any rights or benefits under this Settlement Agreement.

19. Any Objections must be filed with the Court and sent to John G. Jacobs, The Jacobs Law Firm, Chtd., 122 South Michigan Avenue, Suite 1850, Chicago, Illinois 60603, one of Class Counsel, and also to Defendants' Counsel, Richard B. Kendall, Kendall Brill & Klieger LLP, 10100 Santa Monica Boulevard, Suite 1725, Los Angeles, California 90067, and Peter L.. Winik, Latham & Watkins LLP, 555 Eleventh Street, N.W., Suite 1000, Washington, D.C. 20004.

20. Settlement Class Members making Objections must set forth their full name, current address, and telephone number.  Objecting Settlement Class Members must provide evidence of their membership in the Settlement Class, state in writing all Objections and the reasons therefor, provide copies of any documents relied upon for such Objections, and include a statement as to whether the Objector intends to appear at the Final Approval Hearing and whether he or she is represented by separate legal counsel.  Settlement Class Members who fail to file and serve timely written objections in substantial compliance with the requirements of this paragraph shall be deemed to have waived any Objections and shall be foreclosed from making any Objections (whether by appeal or otherwise) to the Settlement Agreement or to any of the subjects listed in paragraph 21 below.

**Final Approval Hearing**

21. The Final Approval Hearing shall be held before this Court on August 5, 2010 at 2:00 P.M. at the United States Courthouse, 1301 Clay Street, Courtroom 2, 4th Floor, Oakland, California to determine (a) whether the proposed settlement of the Action on the terms and conditions provided for in the Settlement Agreement is fair, reasonable and adequate and should be given final approval by the Court; (b) whether a judgment and order of dismissal with prejudice should be entered; (c) whether to approve the payment of attorneys' fees and expenses to Class Counsel; and (d) whether to approve the payment of incentive awards to the Class Representatives. The Court may adjourn the Final Approval Hearing without further notice to members of the Settlement Class.

**Further Matters**

22. All further proceedings in the Action are ordered stayed until the Final Judgment and Order of Dismissal with Prejudice or termination of the Settlement Agreement, whichever occurs earlier, except for those matters necessary to obtain and/or effectuate final approval of the Settlement Agreement.

23. Settlement Class Members shall be bound by all determinations and judgments in the Action concerning the Action and/or Settlement Agreement, whether favorable or unfavorable.

24. If the Settlement Agreement is not approved by the Court in complete accordance with its terms, each party will have the option of having the Action revert to its status as if the Settlement Agreement had not been negotiated, made, or filed with the Court. In such event, the parties will retain all rights as if the Settlement Agreement was never agreed upon.

25. In the event that the Settlement Agreement is terminated pursuant to the provisions of the Settlement Agreement or for any reason whatsoever the approval of it does not become Final then (i) the Settlement Agreement shall be null and void, including any provision related to the award of attorneys' fees, and shall have no further force and effect with respect to any party in this Action, and shall not be used in this Action or in any other proceeding for any purpose; (ii) all negotiations, proceedings, documents prepared, and statements made in connection therewith shall be without prejudice to any person or party hereto, shall not be deemed or construed to be an admission by any party of any act, matter, or proposition, and shall not be used in any manner or for any purpose in any subsequent proceeding in this Action or in any other action in any court or other proceeding, provided, however, that the termination of the Settlement Agreement shall not shield from subsequent discovery any factual information provided in connection with the negotiation of this Settlement Agreement that would ordinarily be discoverable but for the attempted settlement; (iii) other than as expressly preserved by the Settlement Agreement in the event of its termination, the Settlement Agreement shall have no further force and effect with respect to any party and shall not be used in the Action or any other proceeding for any purpose; and (iv) any party may elect to

move the Court pursuant to the provisions of this paragraph, and none of the non-moving parties (or their counsel) shall oppose any such motion.

It is so ordered, this 3d day of March, 2010.

                        Enter:

                        _____

                        United States District Judge