SEAN REIS (SBN 184004)
sreis@edelson.com
EDELSON MCGUIRE, LLP
30021 Tomas Street, Suite 300
Rancho Santa Margarita, California 92688
Telephone: (949) 459-2124
Facsimile: (949) 459-2123

JOHN G. JACOBS (*Pro Hac Vice*)
jgjacobs@jacobskolton.com
BRYAN G. KOLTON (*Pro Hac Vice*)
bgkolton@jacobskolton.com
JACOBS KOLTON, CHTD.
122 South Michigan Avenue, Suite 1850
Chicago, Illinois 60603
Telephone: (312) 427-4000
Facsimile: (312) 427-1850

JAY EDELSON (*Pro Hac Vice*)
jedelson@edelson.com
RYAN D. ANDREWS (*Pro Hac Vice*)
randrews@edelson.com
EDELSON MCGUIRE, LLC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654
Telephone: (312) 589-6370
Facsimile: (312) 589-6378

ATTORNEYS FOR PLAINTIFFS
AND THE SETTLEMENT CLASS

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## OAKLAND DIVISION

LACI SATTERFIELD, CARMELLA
MILLER, and CHARLENE KOUF,
individually and on behalf of a class of
similarly situated individuals,

Plaintiffs,

v.

SIMON & SCHUSTER, INC., a New York
corporation, and IPSH!NET, INC., a Delaware
corporation,

Defendants.

Case No. 4:06-cv-02893

**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AGREEMENT AND AWARD OF ATTORNEYS' FEES AND EXPENSES AND INCENTIVE AWARDS**

Judge: The Honorable Claudia Wilken
Location: Courtroom 2, 4th Floor.
1301 Clay Street
Oakland, California 94612-5212
Date: August 5, 2010
Time:  2:00 p.m.

Plaintiffs' Notice of Motion and Motion for Final Approval
Of Class Action Settlement Agreement and Award
Of Attorneys' Fees and Expenses and Incentive Awards

Case No. 06 2893 CW

**NOTICE OF MOTION**

NOTICE IS HEREBY GIVEN that the Plaintiffs will move the Court, pursuant to Federal Rule of Civil Procedure 23(e), to grant final approval of the settlement in this class action on August 5, 2010, at 2 p.m., or at such other time as may be set by the Court located at 1301 Clay Street, Oakland, California, 94612-5212, in Courtroom 2, Fourth Floor, before the Honorable Claudia Wilken.

The Plaintiffs seek final approval of this class action settlement as fair, reasonable and adequate.  Plaintiffs also seek approval of Class Counsel's request for the agreed-upon reasonable attorneys' fees and expenses and incentive awards for the named Plaintiffs for serving as class representative in this matter.  The Plaintiffs seek entry of the Final Judgment And Order Of Dismissal With Prejudice, a copy of which was Exhibit F to the Settlement Agreement and a copy of which is attached hereto. The Motion is based on this Notice of Motion, the accompanying Brief in Support of the Motion and the authorities cited therein, oral argument of counsel, and any other matter that may be submitted at the hearing.

Dated: July 20, 2010

Respectfully Submitted,

LACI SATTERFIELD, CARMELLA MILLER, and CHARLENE KOUF, individually and on behalf of a class of similarly situated individuals,

 _/s/ John G. Jacobs_____
John G. Jacobs, Co-Lead
Counsel For the Class

JOHN G. JACOBS (*Pro Hac Vice*)
jgjacobs@jacobskolton.com
BRYAN G. KOLTON (*Pro Hac Vice*)
bgkolton@jacobskolton.com
JACOBS KOLTON, CHTD.
122 South Michigan Avenue, Suite 1850
Chicago, Illinois 60603
Telephone: (312) 427-4000
Facsimile: (312) 427-1850

Plaintiffs' Notice of Motion and Motion for Final Approval
Of  Class Action Settlement Agreement and Award
Of Attorneys' Fees and Expenses and Incentive Award     ii

Case No. 06 2893 CW

## Table of Contents

**Page (s)**

**TABLE OF CONTENTS** ...................................................................................... iii

**TABLE OF AUTHORITIES** ................................................................................ v

**I.      INTRODUCTION** ....................................................................................... 1

**II.     KEY TERMS OF THE SETTLEMENT** ................................................... 2

    **A.  Class Definition** ....................................................................................... 2

    **B.  Cash Payments To The Class** ............................................................... 2

    **C.  *Cy Pres*** ................................................................................................... 3

        **i.   DonorsChoose.org** ................................................................... 3

        **ii.  Blessed Sacrament Youth Center** ......................................... 3

        **iii. The International Center For Cooperation And Conflict Resolution** ................................................................................. 3

    **D.  Payment of Notice and Administrative Fees** ..................................... 4

    **E.  Compensation for the Class Representatives** .................................... 4

    **F.   Payment of Attorneys' Fees and Expenses** ...................................... 4

    **G.   Release of Claims** ................................................................................. 4

**III.    THE NOTICE DIRECTED TO THE CLASS COMPORTS WITH DUE PROCESS AND RULE 23** .................................................................................................. 4

**IV.     THE SETTLEMENT WARRANTS FINAL APPROVAL** ......................... 6

    **A.  The Strength of the Plaintiffs' Case** ................................................... 8

    **B.  The Risk of Continued Litigation** ....................................................... 8

    **C.  The Risk of Maintaining Class Action Status** ................................... 9

    **D.  The Amount Offered in the Settlement is Substantial** ..................... 10

    **E.  The Extent of Discovery Completed & The Stage of the Litigation** ..... 11

    **F.   The Experience and Opinion of Counsel** ........................................... 11

    **G.  The Absence of Collusion Supports Approval** .................................. 12

    **H.  The Presence of a Governmental Participant** .................................. 13

Plaintiffs' Notice of Motion and Motion for Final Approval                    Case No. 06 2893 CW
Of  Class Action Settlement Agreement and Award
Of Attorneys' Fees and Expenses and Incentive Award      iii

I. The Reaction of Class Members ..................................................................... 13

V. THE AGREED-UPON ATTORNEYS' FEES & EXPENSES ARE
REASONABLE ................................................................................................. 14

A. The Results Achieved By Class Counsel Were Exceptional ................................. 14

B. There Was Significant Risk In Bringing and Maintaining the Action ................. 15

C. Class Counsel Skillfully Prosecuted The Action ................................................. 15

D. The Contingency of the Fee Supports Its Approval ............................................. 16

E. The Agreed-Upon Fee is Consistent With Awards In Similar Cases ................... 16

F. The Agreed-Upon Fee is Supported by Class Counsel's Lodestar ...................... 16

VI. THE COURT SHOULD APPROVE THE AGREED-UPON INCENTIVE
AWARDS ........................................................................................................... 20

VII. CONCLUSION ................................................................................................... 21

CERTIFICATE OF SERVICE ...................................................................................... 23

RULE 45 CERTIFICATION .......................................................................................... 24

Plaintiffs' Notice of Motion and Motion for Final Approval                   Case No. 06 2893 CW
Of Class Action Settlement Agreement and Award
Of Attorneys' Fees and Expenses and Incentive Award     iv

# Table of Authorities

**Cases**                                                                                                    **Page(s)**

*Boeing Co. v. Van Gemert*,
    444 U.S. 472 (1980) ................................................................................ 16

*Boyd v. Bechtel Corp.*,
    485 F. Supp. 610 (N.D. Cal. 1979) ....................................................... 11

*Chem. Bank v. City of Seattle*,
    19 F.3d 1291 (9th Cir. 2004).................................................................. 14

*Churchill Village, LLC v. Gen Elec.*,
    361 F.3d 566 (9th Cir. 2004)............................................................ 5, 13

*Craft v. County of San Bernardino*,
    No. 08-00359, 2008 WL 916965 (C.D. Cal. April 1, 2008) ..................... 17 n. 5

*Dunleavy v. Nadler*,
    213 F.3d 454 (9th Cir. 2000)............................................................ 9, 11

*Fischel v. Equitable Life Assur. Society of U.S.*,
    307 F.3d 997 (9th Cir. 2002).................................................................. 17

*Friend v. Kolodzieczak*,
    72 F.3d 1386 (9th Cir. 1995).................................................................. 17

*Garner v. State Farm Mut. Auto. Ins. Co.*,
    No. 08-1365, 2010 WL 1687832  (N.D. Cal. April 22, 2010) ................. 7, 8, 9, 12, 13, 20

*In re Activison Sec. Litig.*,
    723 F. Supp. 1373 (N.D. Cal. 1989) ...................................................... 16

*In re OmniVision Tech. Inc.*,
    559 F. Supp. 2d 1036 (N.D. Cal. 2008) ......................................... 6, 8, 10, 11, 14, 15, 16

*In re Pacific Enters. Sec. Litig.*,
    47 F.3d 373 (9th Cir. 1995)............................................................ 12, 16

*In re Trilogy Sec. Litig.*,
    C-84-20617(A) (N.D. Cal. 1986) ........................................................ 17 n. 5

*Keith v. Volpe*,
    86 F.R.D. 565 (C.D. Cal.1980) .......................................................... 17 n. 5

*Kerr v. Screen Extras Guild, Inc.*,
    526 F.2d 67 (9th Cir. 1975)............................................................ 17, 17 n. 4

*Knight v. Red Door Salons, Inc*,
    No. 08-01520, 2009 WL 248367 (N.D. Cal. Feb. 2, 2009) ..................... 20

*Lewis v. Starbucks Corp.*,
    No. 07-004902008 WL 4196690 (E.D. Cal. Sept. 11, 2008).................... 7

Plaintiffs' Notice of Motion and Motion for Final Approval        Case No. 06 2893 CW
Of  Class Action Settlement Agreement and Award
Of Attorneys' Fees and Expenses and Incentive Award    v

*Lipuma v. Am. Express Co.*,
    406 F. Supp. 2d 1298 (S.D. Fla. 2005)...................................................................9

*Molski v. Gleich*,
    318 F.3d 937 (9th Cir. 2003).................................................................7, 13

*Mullane v. Central Hanover Bank & Trust Co.*,
    339 U.S. 306 (1950)..................................................................................5

*Nat'l Rural Telecomms Coop. v. DIRECTV, Inc.*,
    221 F.R.D. 523 (C.D. Cal. 2004) .........................................................13

*Newhouse v. Robert's Ilima Tours, Inc.*,
    708 F.2d 436 (9th Cir. 1983)...........................................................17 n. 4

*Officers for Justice v. Civil Serv. Comm'n*,
    688 F.2d 615 (9th Cir. 1982).................................................................10

*Paul, Johnson, Alston, & Hunt v. Graulty*,
    886 F.2d 268 (9th Cir. 1989).................................................................14

*Plaintiffs v. City of Seattle*,
    955 F.2d 1268 (9th Cir. 1992)...............................................................12

*Protective Comm. for Indep. Stockholders v. Anderson*,
    390 U.S. 414 (1968) ...............................................................................8

*Rodriguez v. West Publishing Corp.*,
    563 F.3d 948 (9th Cir. 2009)..........................................7, 8, 9, 10, 11, 12

*Satterfield v. Simon & Schuster*,
    No. 06-2893, 2007 WL 1839807 (N.D. Cal. June 26, 2007) .........................15

*Satterfield v. Simon & Schuster*
    569 F.3d 946 (9th Cir. 2009).................................................................15

*Silber v. Mabon*,
    18 F.3d 1449 (9th Cir. 1994). ..................................................................5

*Staton v. Boeing Co.*,
    327 F.3d 938 (9th Cir. 2003)..............................................................6, 20

*Steiner v. American Broadcasting Co., Inc.*,
    248 Fed. Appx. 780 (9th Cir. Aug 29, 2007) ...................................17 n. 5

*Underwood v. Pierce*,
    79-1318-HP (3.5 multiplier) (C.D. Cal. 1983)...................................17 n.5

*Vizcaino v. Microsoft Corp.*,
    290 F.3d 1043 (9th Cir. 2002).........................................14, 15, 16 n. 3, 17

*Weinstein v. The Timberland Co. et al*,
    No. 1:06-cv-00484, Dkt. 93 (N.D. Ill. Dec. 18, 2008) ...............................8 n. 1

Plaintiffs' Notice of Motion and Motion for Final Approval            Case No. 06 2893 CW
Of  Class Action Settlement Agreement and Award
Of Attorneys' Fees and Expenses and Incentive Award    vi

1

**Statutes, Regulations, and Rules**

2

United States Code

3

     28 U.S.C. § 1715 ............................................................................. 13

4

     47 U.S.C. § 227 ......................................................... 1, 10, 10 n. 2

5

Federal Rules Civil Procedure

6

     Fed. R. Civ. P. 23 ........................................................................... 4, 6

7

**Other Authorities**

8

Alba Conte & Herbert B. Newberg, *Newberg on Class Actions* § 11:41 (4th Ed. 2002) .. 7, 17 n. 5

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Plaintiffs' Notice of Motion and Motion for Final Approval                    Case No. 06 2893 CW
Of  Class Action Settlement Agreement and Award
Of Attorneys' Fees and Expenses and Incentive Award      vii

# I.        INTRODUCTION

After four years of intense litigation against extremely skilled adversaries, up to the Ninth Circuit and back, this lawsuit has settled, after establishing landmark rulings clarifying an heretofore uncharted area of the law.   As the Court is aware from the preceding four years of litigation, the class action settlement for which the parties seek final approval arose when Defendants sent roughly 60,000 text message to consumers' mobile phones advertising the then-forthcoming Stephen King novel *Cell*.   Plaintiffs alleged that text message campaign to have been in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*. (the "TCPA"), and for years the parties fought over the metes and bounds of the TCPA and its application *vel non* to the facts of this case.   The Parties met for a full day of mediation with the Honorable Daniel Weinstein (ret.) of JAMS in November of 2009 and continued the process under his supervision for weeks thereafter until, on January 15, 2010, the Parties reached the instant settlement.  (Dkt. 112-1.)  Detailed descriptions of this litigation, which for efficiency will not be repeated here, have been summarized in both the Settlement Agreement and in Plaintiff's Motion for Preliminary Approval.  (Dkts. 112, 112-1.)

On March 3, 2010, the Court gave its preliminary approval to the settlement, directed the parties to implement the notice plan giving an opportunity for class members to opt out of the settlement or object to any of its terms (including attorneys' fees and expenses or incentive awards to the representative plaintiffs, all of which were clearly disclosed), and set a date for the final approval hearing.  (Dkt. 119.)  As called for in the notice plan approved by the Court, direct notice to each class member ascertainable through substantial effort was provided via U.S. Mail and email and was supported with nationwide publication, a settlement website, and Google AdWords advertising.  CAFA notice was also provided to the required governmental agencies.  The deadline for the submission of exclusions has now passed and given the strength of the settlement— providing a settlement fund of $10 million and affording each class member that submits a valid claim by September 20, 2010, a cash payment of $175 — it is not surprising that there has been not a single objection to any aspect of the settlement and only one opt-out.

Plaintiffs' Notice of Motion and Motion for Final Approval                                    Case No. 06 2893 CW
Of Class Action Settlement Agreement and Award
Of Attorneys' Fees and Expenses and Incentive Awards

The complexity and novelty of Plaintiffs' claims, coupled with the continued vigorous defense promised by the Defendants, further supports that this Court should find the results achieved in this litigation are more than "fair, reasonable, and adequate" and that the settlement fully warrants final approval.  Plaintiffs further request that this Court grant the agreed-upon request for attorneys' fees and expense reimbursement in the amount of $2,725,000 and for an incentive award of $25,000 for Laci Satterfield and $5,000 each for Carmella Miller and Charlene Kouf.

## II.      KEY TERMS OF THE SETTLEMENT

As the Court knows from the preliminary approval process, this litigation has brought about several salutary results. The key terms of the settlement follow:

**A.      Class Definition:**  The March 3, 2010 Preliminary Approval Order (Dkt. 119) certified a settlement class consisting of all persons who in January 2006 were sent the following text message:

> The next call you take may be your last…Join the Stephen King VIP Mobile Club at www.cellthebook.com.  rplySTOP2OptOut. PwdByNexton.

**B.      Cash Payments To The Class:**  The Settlement Agreement provides for the creation of a settlement fund of $10,000,000.   It is, to our knowledge, the largest settlement fund ever achieved in a TCPA text message case.   It provides for a cash payment of $175 to each class member who submits a valid claim form by September 20, 2010.   At the time this settlement was made, it was the largest per-claim payout of which we are aware in any TCPA text message class action case.  (If the total amount of approved claims submitted by September 20, 2010, exceeds the settlement fund after payment of claims administration expenses, the fee award, *cy pres* payment, and incentive awards, then each class member with an approved claim will receive a *pro rata* share of the amount of the settlement fund available after payment of such amounts. Presently, the Parties anticipate that all class members who timely submit approved claims will receive the full awards.)

Plaintiffs' Notice of Motion and Motion for Final Approval                                    Case No. 06 2893 CW
Of  Class Action Settlement Agreement and Award
Of Attorneys' Fees and Expenses and Incentive Award   - 2 -

**C.**      *Cy Pres*:  Under the Settlement Agreement, Defendants have agreed to pay from the settlement fund $250,000 as a form of *cy pres,* subject to the Court's approval, to the following organizations selected by Plaintiffs in consultation with Defendants.

     **I.**    **DonorsChoose.org.**   The Parties have agreed, and seek the approval of the Court, for the payment of $125,000 of the *cy pres* amount to be paid to DonorsChoose.org.   Donors Choose is a national charity that supports specific projects for classroom teachers across the country (and, if approved by the Court, will be focused on lower income schools) to provide them with teaching materials.  (*See* www.donorschoose.org. )

     **II.**   **Blessed Sacrament Youth Center.**   The Parties have agreed, and seek the approval of the Court, for the payment of $ 50,000 of the *cy pres* amount to be paid to the Blessed Sacrament Youth Center.  Established in 1987, BSYC is a youth development center that seeks to create an environment where youth of all ages can get to work and play together to promote moral values and to develop the maturity and skills needed to become responsible adults and leaders.  (*See* www.bsyc.org.)

     **III.**   **The International Center For Cooperation And Conflict Resolution**
The Parties have agreed, and seek the approval of the Court, for the payment of $75,000 of the *cy pres* amount to be paid to The International Center for Cooperation and Conflict Resolution ("ICCCR").  Established in 1986, ICCR is an innovative center committed to developing knowledge and practice to promote constructive conflict resolution, effective cooperation, and social justice.  ICCCR partners with individuals, groups, organizations, and communities to create tools and environments from which conflicts can be resolved constructively and just and peaceful relationships can develop.  ICCCR works with sensitivity to cultural differences and emphasizes the links between theory, research, and practice. (See www.tc.columbia.edu/icccr/).

Plaintiffs' Notice of Motion and Motion for Final Approval
Of  Class Action Settlement Agreement and Award
Of Attorneys' Fees and Expenses and Incentive Award   - 3 -                                    Case No. 06 2893 CW

**D.** *Payment of Notice and Administrative Fees*: Defendants have paid out of the settlement fund the full cost of sending the settlement class notice directly to the class members, for nationwide publication in *USA Today* and *People Magazine*, for Google AdWords, and web hosting, as well as all costs of administration of the settlement and the processing of claims.

**E.** *Compensation for the Class Representatives*:  In addition to any award under the settlement, and in recognition of their efforts on behalf of the class, subject to the approval of the Court, Defendants have agreed to pay the class representatives incentive awards out of the settlement fund as follows for appropriate compensation for their time and effort serving as the class representatives in this litigation: $25,000 for Laci Satterfield; and $5,000 each for Carmella Miller and Charlene Kouf.

**F.** *Payment of Attorneys' Fees and Expenses*: Subject to the approval of the Court, Defendants have agreed to pay Class Counsel from the settlement fund $2,725,000 for both attorneys' fees and the reimbursement of costs. Defendants have agreed that they will not oppose Class Counsel's request for such an award, directly or indirectly.  *See* Section V, supra.

**G.** **Release of Claims**

Should the Court award final approval to the Settlement and after the time for appeal has expired, Plaintiffs and each member of the settlement class who has not timely filed a request to be excluded from the settlement class will release and forever discharge the Defendants from any and all manner of claims, whether known or unknown, involving the sending of the Text Message to the Settlement Class for the Stephen King book *Cell*. (*See* Dkt. 112-1, ¶¶ 1.24; 3.2 for full Release language.)

**III.    THE NOTICE DIRECTED TO THE CLASS COMPORTS WITH DUE PROCESS AND RULE 23**

Before final approval of a class action can issue, notice of the settlement must be provided to the class.  Fed. R. Civ. P. 23(e)(1).  Rule 23 requires the class receive "the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort."  Fed. R. Civ. P. 23(c)(2)(B).  Actual notice, however, is not required.  *Silber v. Mabon*, 18 F.3d 1449, 1454 (9th Cir. 1994).  Notice to the class must be

Plaintiffs' Notice of Motion and Motion for Final Approval                          Case No. 06 2893 CW
Of  Class Action Settlement Agreement and Award
Of Attorneys' Fees and Expenses and Incentive Award    - 4 -

1    "reasonably calculated under all the circumstances, to apprise interested parties of the pendency of

2    the action and afford them an opportunity to present their objections." *Mullane v. Central*

3    *Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).

4           Not only must notice of a class action settlement be properly disseminated to the class, its

5    content must also "generally describe[] the terms of the settlement in sufficient detail to alert those

6    with adverse viewpoints to investigate and come forward to be heard." *Churchill Village, LLC v.*

7    *Gen Elec.,* 361 F.3d 566, 575 (9th Cir. 2004).   Under Rule 23(c)(2)(B), the notice directed to the

8    class must clearly, and in concise, plain, easily understood language state: (a) the nature of the

9    action; (b) the definition of the class certified; (c) the class claims, issues, or defenses; (d) that a

10   class member may enter an appearance through an attorney if he or she desires; (e) that the court

11   will exclude any member of the class upon request; (f) the method and time to request exclusion;

12   and (g) that the judgment will be binding on class members.   These requirements have been

13   strictly adhered to in this case.

14          In the March 3, 2010, Preliminary Approval Order the Court found that the form and

15   methods set forth in Settlement Agreement's Notice Plan is the "best notice practicable under the

16   circumstances and that it constitutes due and sufficient notice to all persons entitled thereto and

17   complies fully with the requirements of the Federal Rules of Civil Procedure and of Due Process."

18   (Dkt. 112-1, ¶ 8.)  RSM McGladrey, the Court-appointed Settlement Administrator, has fully

19   implemented the directives of that Order.   (*See* Affidavit of Risa Neiman.)  Specifically, by using

20   two different reverse directory search firms, McGladrey was able to locate mailing addresses for

21   28,924 persons from the 58,079 cell phone numbers to which the text message in question was

22   sent, and mailed the court-approved notice and claim form to those addresses by First Class Mail

23   on April 9, 2010.  (Neiman Aff. ¶¶ 3-6.)  Additional direct notice was provided to all members of

24   the Settlement Class via email. (Neiman Aff. ¶¶ 8-9.)  Working through defense counsel, Class

25   Counsel was able to obtain from the former President of Nextones.com (currently in Finland) the

26   list of email addresses associated with the telephone numbers to which the text message in

27   question was sent.  (Declaration of Christopher Turner, ¶¶ 7-12; Jacobs Decl. ¶¶ 20-21.)   It was to

28

Plaintiffs' Notice of Motion and Motion for Final Approval                                    Case No. 06 2893 CW
Of Class Action Settlement Agreement and Award
Of Attorneys' Fees and Expenses and Incentive Award    - 5 -

these email addresses that McGladrey sent the Email Notice called for Exhibit G to the Settlement Agreement.   A follow-up second email was sent to 29,674 members of the Settlement Class who McGladrey determined did not open the initial email that was sent to them. (Neiman Aff. ¶ 9.)

In addition to these forms of direct notice garnered from information obtained from available records, notice to the Settlement Class was made in three additional ways.  First, an approved summary notice appeared in *USA Today* on April 26, 2010 and appeared in a two-thirds of a page ad in the May 3, 2010 issue of *People Magazine*. (Neiman Aff. ¶ 7.)  McGladrey also created a website at www.satterfieldtextsettlement.com that  included copies of the settlement agreement (in English and Spanish) as well as copies of other relevant documents, provided for the online filing of claims, and also contained answers to Frequently Asked Questions.   Each of these notices fully explained the settlement class members' rights and listed a toll-free number where Class Counsel were available to answer any class member questions.  (*See* Neiman Aff. ¶ 11; Declaration of Jay Edelson ¶ 10.)  Finally, McGladrey launched a Google Adwords campaign using pre-approved phrases to assist in a person's search on the internet.  AdWords ads are displayed when someone searches Google using one of the pre-approved keywords aided in directing more than 13,000 potential members of the Settlement Class to the settlement website as a result of the links appearing on the Google search page. (Neiman Aff. ¶ 10.)

Accordingly, notice to the class complied with the Preliminary Approval Order, Rule 23, and Due Process, and plainly satisfied the standard of the "best notice practicable under the circumstances."

## IV.   THE SETTLEMENT WARRANTS FINAL APPROVAL

Under Federal Rule of Civil Procedure 23(e), "[t]he court must approve any settlement, voluntary dismissal, or compromise of the claims, issues or defenses of a certified class" and such approval may occur "only after a hearing and on finding that the settlement, voluntary dismissal, or compromise is fair, reasonable, and adequate." Fed. R. Civ. P. 23; *In re OmniVision Tech. Inc.*, 559 F. Supp. 2d 1036, 1040 (N.D. Cal. 2008) (citing *Staton v. Boeing Co.*, 327 F.3d 938, 959 (9th Cir. 2003)).  While the Court has discretion in approving any settlement, "[i]n exercising this

Plaintiffs' Notice of Motion and Motion for Final Approval                                        Case No. 06 2893 CW
Of  Class Action Settlement Agreement and Award
Of Attorneys' Fees and Expenses and Incentive Award    - 6 -

1  discretion, this circuit has long deferred to the private consensual decision of the parties." *Garner*

2  *v. State Farm Mut. Auto. Ins. Co.*, No. CV-08-1365-CW, 2010 WL 1687832, *8 (N.D. Cal. April

3  22, 2010 (citing *Rodriguez v. West Publishing Corp.*, 563 F.3d 948, 965 (9th Cir. 2009)("We put a

4  good deal of stock in the product of an arms-length, non-collusive, negotiated resolution . . .")).

5      While a number of factors must be balanced when considering the final approval of a class

6  action settlement, "[i]n the Ninth Circuit, a court affords a presumption of fairness to a settlement,

7  if: (1) the negotiations occurred at arm's length; (2) there was sufficient discovery; (3) the

8  proponents of the settlement are experienced in similar litigation; and (4) only a small fraction of

9  the class objected." *Lewis v. Starbucks Corp.*, No. 07-cv-00490, 2008 WL 4196690, at *7 (E.D.

10  Cal. Sept. 11, 2008 (citing Alba Conte & Herbert B. Newberg, *Newberg on Class Actions* § 11:41

11  (4th Ed. 2002)).  As discussed above, the Settlement Agreement, to which there has been no

12  objection, was reached by experienced counsel with sufficient discovery and after extensive arm's

13  length negotiations and mediation with Judge Weinstein.  Accordingly, the Court's analysis of the

14  factors listed below should be examined with a presumption that the Settlement Agreement is fair.

15      It is well-settled that in analyzing the fairness, reasonableness and adequacy of a class

16  action settlement, the Court may consider the following non-exhaustive list of factors: "(1) the

17  strength of plaintiffs' case; (2) the risk, expense, complexity, and likely duration of further

18  litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered

19  in settlement; (5) the extent of discovery completed, and the stage of the proceedings; (6) the

20  experience and views of counsel; (7) the presence of a governmental participant; and (8) the

21  reaction of the class members to the proposed settlement." *Rodriguez*, 563 F.3d at 963 (quoting

22  *Molski v. Gleich*, 318 F.3d 937, 953 (9th Cir. 2003)).  In the instant case, each of these factors

23  militates in favor of approving the settlement.[1]

24

25  _____

26  [1] The Court, however, need not rule on a blank slate in evaluating the fairness of the
    settlement.  Judge Wayne Andresen has previously awarded final approval in a very similar matter
27  previously pending in the Northern District of Illinois.  *Weinstein v. The Timberland Co. et al*, No.
    1:06-cv-00484, Dkt. 93 (N.D. Ill. Dec. 18, 2008).

28

Plaintiffs' Notice of Motion and Motion for Final Approval                    Case No. 06 2893 CW
Of Class Action Settlement Agreement and Award
Of Attorneys' Fees and Expenses and Incentive Award   - 7 -

**A.**   *The Strength of the Plaintiffs' Case*

"Basic to [analyzing a proposed settlement] in every instance, of course, is the need to compare the terms of the compromise with the likely rewards of the litigation."  *Protective Comm. for Indep. Stockholders v. Anderson*, 390 U.S. 414, 424-25 (1968).  The analysis of Plaintiff's probability of success on the merits, however, is not rigid or beholden to any particular formula and "the Court may presume that through negotiation, the Parties, counsel, and mediator arrived at a reasonable range of settlement by considering Plaintiff's likelihood of recovery."  *Garner*, 2010 WL 1687832, *9 (citing *Rodriguez*, 563 F.3d at 965).

While Class Counsel believe the Plaintiffs claims are strong in light of the Ninth Circuit's ruling and from the discovery in their possession, it would blink reality to deny the risks inherent in foregoing this settlement.  (*See* Declaration of John G. Jacobs Decl. ¶¶ 7, 13.)  This uncertainty is underscored by the fact that settlement occurred prior to class certification and the completion of expert discovery on the use of an "Automated Telephone Dialing System" to transmit the text messages at issue, as well as Defendants' continued promise to vigorously defend the action.  Simon & Schuster's Answer to the Amended Complaint asserted twenty-seven separate affirmative defenses (Dkt. 102), and ipsh!'s Answer asserted nineteen affirmative defenses (Dkt. 100).  Only one of these need gain traction with a jury to defeat Plaintiffs' claims.  So, too, if plaintiffs failed to obtain class certification:  the case would effectively be over.  Given the novelty of the issues remaining that underlie Plaintiffs' claims, the assuredly vigorous defense that would be presented, and the number of affirmative defenses presented, the strength of Plaintiffs' case could not justify rejection of this excellent settlement.   The first factor (strength of plaintiffs' case) favors approval of the settlement.

**B.**   *The Risk of Continued Litigation*

The second fairness factor this Court may consider is "the risk of continued litigation balanced against the certainty and immediacy of recovery from the Settlement." *OmniVision*, 559, F. Supp. 2d at 1041 (citing *Dunleavy v. Nadler*, 213 F.3d 454, 458 (9th Cir. 2000)).  "The Court should consider the vagaries of litigation and compare the significance of immediate recovery by

Plaintiffs' Notice of Motion and Motion for Final Approval            Case No. 06 2893 CW
Of  Class Action Settlement Agreement and Award
Of Attorneys' Fees and Expenses and Incentive Award     - 8 -

1   way of the compromise to the mere possibility of relief in the future, after protracted and

2   expensive litigation.  In this respect, it has been held proper to take the bird in hand instead of a

3   prospective flock in the bush." *Lipuma v. Am. Express Co.*, 406 F. Supp. 2d 1298, 1323 (S.D. Fla.

4   2005); *see also Garner*, 2010 WL 1687832, *10 ("Settlement avoids the complexity, delay, risk

5   and expense of continuing with the litigation and will produce a prompt, certain, and substantial

6   recovery for the Plaintiff class.").  Further, this factor favors the approval of a settlement where, as

7   here, significant procedural hurdles remain, including anticipated summary judgment motions,

8   *Daubert* motions, and additional appeals.  *Garner*, 2010 WL 1687832, *10 (citing *Rodriguez*, 563

9   F.3d at 966).

10   In the absence of the Settlement, it is certain that the expense, duration, and complexity of

11   the protracted litigation that would result from the continued litigation of this matter would be

12   substantial.  Significant costs would be incurred were this matter to proceed to trial, including

13   expenses for expert witnesses, technical consultants, and the myriad of other costs necessitated by

14   the trial of a class action.  (Jacobs Decl. ¶ 17.)  Further, evidence and witnesses from across the

15   country and abroad would have to be assembled.  (*Id.*)  As a result, Plaintiffs certainly faced a

16   significant challenge in proving their case on the merits.  Given the complexity of the issues, the

17   defeated party would likely appeal.  As such, the substantial and prompt relief provided to the

18   class under the Settlement weighs heavily in favor of its approval compared to the inherent risk of

19   continued litigation, trial, and appeal.

20   **C.    *The Risk of Maintaining Class Action Status***

21   The Court's March 3, 2010 Order certified a nationwide class for settlement purposes only.

22   (Dkt. 119, ¶ 4.)  However, if the Court fails to grant final approval to the Settlement Agreement

23   for any reason, the certification of the class will automatically become void.  (*Id.* ¶ 7.)  Although

24   Plaintiffs and Class Counsel believe they would be successful in obtaining certification of an

25   adversarial class absent the Settlement Agreement, Defendants have made it clear that in its

26   absence they would vigorously oppose adversarial certification.  (*See* Dkt. 112-1, ¶ I.)  Further,

27   even if Plaintiffs were successful in a motion for class certification absent the Settlement

28

Plaintiffs' Notice of Motion and Motion for Final Approval                     Case No. 06 2893 CW
Of  Class Action Settlement Agreement and Award
Of Attorneys' Fees and Expenses and Incentive Award     - 9 -

1    Agreement, Defendants could move for decertification of the class before or during trial and likely

2    would challenge certification on appeal.  (Jacobs Decl. ¶ 13.)  Accordingly, this factor weighs in

3    favor of approving the Settlement Agreement because if at any point the Class failed to become

4    certified or if certification was reversed, the Class would get nothing.

5        **D.    *The Amount Offered in the Settlement is Substantial***

6        The next factor relevant to a consideration of the reasonableness of the Settlement

7    Agreement is the amount of recovery offered by Defendants.  *See Rodriguez*, 563 F.3d at 963.

8    The reasonableness of the amount offered can be determined by comparing it to the maximum

9    potential recovery if Plaintiffs were to ultimately succeed at trial.  *See OmniVision*, 559 F. Supp.

10   2d at 1042 (finding a certain recovery of 6% of the potential recovery after accounting for

11   attorneys' fees and costs to be reasonable and favor approval of the settlement).  However,

12   although treble damages are available under the TCPA, the Court need not factor their availability

13   into its consideration of the reasonableness of the negotiated amount.  *See Rodriguez*, 563 F.3d at

14   965-66.  In fact, "[i]t is well-settled that a cash settlement amounting to only a fraction of the

15   potential recovery does not per se render the settlement inadequate or unfair."  *Officers for Justice*

16   *v. Civil Serv. Comm'n*, 688 F.2d 615, 628 (9th Cir. 1982).  Moreover, the certainty and relative

17   immediacy of the cash payment under the Settlement agreement, when compared with the risk

18   associated with seeking the full amount but receiving nothing, further justifies the reasonableness

19   of accepting less than the maximum potential recovery.  *See OmniVision*, 559 F. Supp. 2d at 1042.

20       In this matter, if Plaintiffs were successful in proving the Defendants violated the TCPA,

21   the Class Representatives and the approximately 60,000 class members would be statutorily

22   entitled to $500 per violation.  47 U.S.C. § 227(b)(3).[2]  Therefore, the amount of the proposed

23   settlement of $175 per class member paid from a $10,000,000 settlement funds equals one-third of

24   the potentially available statutory damages.  As in *Rodriguez,* here "the negotiated settlement

25   amount is fair and reasonable no matter how you slice it."  563 F.3d at 965.  Given the potential

26   _____

27       [2] Further, if Plaintiffs were successful in demonstrating the willful violation of the TCPA, the
     Court has the discretion to treble the available damages.  47 U.S.C. § 227(b)(3).

28

Plaintiffs' Notice of Motion and Motion for Final Approval                    Case No. 06 2893 CW
Of  Class Action Settlement Agreement and Award
Of Attorneys' Fees and Expenses and Incentive Award   - 10 -

1   risks that could result in non-payment detailed above further demonstrates the reasonableness of

2   the immediate payment of $175 afforded to the class in the settlement.  Accordingly, this factor

3   too favors the final approval.

4        **E.**     ***The Extent of Discovery Completed And The Stage of the Litigation***

5        The next factor requires the Court consider both the extent of the discovery conducted to

6   date and the stage of the litigation as indicators of class counsel's familiarity with the case and

7   ability to make informed decisions. *OmniVision*, 559 F. Supp. 2d at 1042 (citing *Dunleavy*, 213

8   F.3d at 459).  Where extensive discovery and prior summary judgment proceedings have occurred,

9   it is reasonable for the district court to conclude that Class Counsel fully grasped the merits of the

10  case prior to engaging in settlement or mediation.  *Rodriguez*, 563 F.3d at 967.

11       This case is well-developed—the parties have been through an early mediation and initial

12  focused discovery on certain legal issues, summary judgment proceedings on those issues, appeal

13  of that decision, and then further discovery preceding the second successful mediation with Judge

14  Weinstein.  (*See* Dkt. 42, 47, 60, 63-68, 71, 76, 82-82, 86, 97.)  When Class Counsel appeared at

15  the mediation with Judge Weinstein, they were intimately familiar with the applicable case law

16  and were in possession of sufficient discovery to intelligently negotiate the terms of the instant

17  settlement to the ultimate benefit of the class members.  Accordingly, this factor too favors

18  approval of the Settlement Agreement.

19       **F.**     ***The Experience and Opinion of Counsel***

20       The next factor has the Court consider counsel's experience and views about the adequacy

21  of the Settlement.  *Garner*, 2010 WL 1687832, *14 (considering views of plaintiff's and

22  defendant's counsel that the settlement was fair); *see aslo OmniVision*, 559 F. Supp. 2d at 1043.

23  In fact, "[t]he recommendations of plaintiff's counsel should be given a presumption of

24  reasonableness." *OmniVision*, 559 F. Supp. 2d at 1043 (quoting *Boyd v. Bechtel Corp.*, 485 F.

25  Supp. 610, 622 (N.D. Cal. 1979)).  Reliance on such recommendations is premised on the fact that

26  "parties represented by competent counsel are better positioned than courts to produce a settlement

27

28

Plaintiffs' Notice of Motion and Motion for Final Approval             Case No. 06 2893 CW
Of  Class Action Settlement Agreement and Award
Of Attorneys' Fees and Expenses and Incentive Award   - 11 -

1   that fairly reflects each party's expected outcome in the litigation."  *Rodriguez*, 563 F.3d at 967

2   (quoting *In re Pacific Enters. Sec. Litig.*, 47 F.3d 373, 378 (9th Cir. 1995)).

3          Class Counsel have regularly engaged in major complex litigation, and have had extensive

4   experience in prosecuting consumer class action lawsuits of similar size and complexity.  (*See*

5   Jacobs Decl. ¶ 2; *see also* Edelson Decl. ¶ 3.)  Through their investigation, review of discovery

6   materials, litigation, two mediations, appeal, and the settlement process, Class Counsel have

7   gained an intimate understanding of the instant litigation and believe the settlement to more than

8   exceed the "fair, adequate, and reasonable" standard required for the Court's approval.  (Dkt. 112-

9   1, ¶ K; Jacobs Decl. ¶ 18; Edelson Decl. ¶ 4.)  Further, Defendants' counsel are some of the

10  country's leading firms and lawyers and they, while not agreeing with the validity of Plaintiffs'

11  claims, agree that the Settlement Agreement is fair.  (*See* Dkt. 112-1, ¶¶ I-K.)  This factor,

12  therefore, also favors the Court's final approval of the Settlement Agreement.

13         **G.      *The Absence of Collusion Supports Approval***

14         This Court also must also consider the absence or presence of collusion between the

15  parties. *Garner*, 2010 WL 1687832, *13.  "Before approving a class action settlement, the district

16  court must reach a reasoned judgment that the proposed agreement is not the product of fraud or

17  overreaching by, or collusion among, the negotiating parties."  *Id.* (quoting *Class Plaintiffs v. City

18  of Seattle*, 955 F.2d 1268, 1290 (9th Cir. 1992)).

19         The instant Settlement Agreement is about as far on the other end of the spectrum from

20  collusion as one could hope to see.  To say that it has been vigorously litigated (and that the

21  settlement negotiations were equally vigorously conducted) is an understatement.  (Jacobs Decl.

22  ¶¶ 14-16.)  As with the settlement (and arms' length negotiations) approved by this Court in

23  *Garner,* "t]he Parties engaged in a full day mediation before an experienced mediator, Judge

24  Daniel Weinstein, and thereafter reached an agreement in principle with the further capable

25  assistance of Judge Weinstein.  For two months thereafter, the Parties worked together to

26  extensively finalize the Agreement."  *Id.*  Accordingly, the Court should again find that this

27  process resulted in a Settlement free from any taint of collusion.

28

Plaintiffs' Notice of Motion and Motion for Final Approval                                    Case No. 06 2893 CW
Of Class Action Settlement Agreement and Award
Of Attorneys' Fees and Expenses and Incentive Award   - 12 -

**H.**     *The Presence of a Governmental Participant*

Although there we no "governmental coattails for the class to ride" in this case, *Rodriguez*, 563 F.3d at 964, Defendants were nonetheless obligated to notify the Unites States Attorney General and the appropriate state officials as a condition of obtaining Court approval. 28 U.S.C. § 1715. *Garner*, 2010 WL 1687832, *14.  "Although CAFA does not create an affirmative duty for either the state or federal officials to take any action in response to a class action settlement, CAFA presumes that, once put on notice, state or federal officials will raise any concerns that they may have during the normal course of the class action settlement procedures." *Id.*  Defendants timely complied with CAFA's notice requirement and provided the requisite notice on February 22, 2010.   (Turner Decl. ¶¶ 3-6.)  As of the date of filing, no state of federal official has raised any objection to the settlement.  (Jacobs Decl. ¶ 23.)  Accordingly, this factor favors approval of the Settlement.

**I.**     *The Reaction of Class Members*

The final factor in the Court's determination of the fairness, adequacy, and reasonableness of the Settlement Agreement is the reaction of the class to the settlement.  *Molski*, 318 F.3d at 953. "It is established that the absence of a large number of objections to a proposed class action settlement raises a strong presumption that the terms of a proposed class action settlement are favorable to the class members."  *Nat'l Rural Telecomms Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 528-29 (C.D. Cal. 2004).  A complete lack of objections from the class members to the Settlement Agreement further favors its approval.  *Churchill Village LLC v. Gen. Elec.*, 361 F.3d 566, 577 (9th Cir. 2004).

In this case, the court-approved notice procedures were fully implemented by the parties and the Settlement Administrator, yet they yielded no objections and only one request for exclusion.  (Jacobs Decl. ¶¶ 20-23 .)  In this day of professional objectors and cynicism about class actions, the fact that there is a single request for exclusion and not a single objection says much about the appropriateness of granting final approval of the settlement.  Accordingly, this and the other factors all favor this Court's entering final approval of the settlement.

Plaintiffs' Notice of Motion and Motion for Final Approval                     Case No. 06 2893 CW
Of  Class Action Settlement Agreement and Award
Of Attorneys' Fees and Expenses and Incentive Award   - 13 -

1    **V.    THE AGREED-UPON ATTORNEYS' FEES & EXPENSES ARE REASONABLE**

2          Defendants have agreed to pay from the Settlement Fund attorneys' fees and the

3    reimbursements of expenses in the amount of $2,725,000 and this amount is reasonable under both

4    accepted methods of analysis.  When expenses are deducted from the $2,725,000, the fees

5    requested are just over 26% of the fund. (Jacobs Decl. ¶ 12; Edelson Decl. ¶ 12)  It is well

6    established that the Court has discretion to choose either the percentage of the fund or lodestar

7    method to determine the amount of reasonable fees in a common fund case.  *OmniVision*, 559, F.

8    Supp. 2d. at 1046 (citing *Chem. Bank v. City of Seattle*, 19 F.3d 1291, 1296 (9th Cir. 2004)).

9    Although the Court retains discretion, "use of the percentage method in common fund cases

10   appears to be the dominant approach." *Id.* (citing *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043,

11   1047 (9th Cir. 2002)).  Ultimately, the object in selecting either method is to "reasonably

12   compensate counsel for their efforts in creating the common fund." *Paul, Johnson, Alston, &*

13   *Hunt v. Graulty*, 886 F.2d 268, 271 (9th Cir. 1989).

14         Here, the Court should apply the percentage approach as the reasonableness of the agreed-

15   upon percentage of the fund is supported by the facts of this case and the factors espoused by the

16   Ninth Circuit.  These factors—similar to those used to evaluate the reasonableness of the

17   settlement—include: "(1) the results achieved; (2) the risk of litigation; (3) the skill required and

18   the quality of work; (4) the contingent nature of the fee and the financial burden carried by the

19   plaintiff; and (5) awards made in similar cases." *OmniVision*, 559, F. Supp. 2d. at 1046 (citing

20   *Vizcaino*, 290 F.3d at 1048-50).

21         **A.    *The Results Achieved By Class Counsel Were Exceptional***

22         A substantial benefit being conferred on the Class as result of the litigation is the most

23   critical factor in approving an award.  *Id.*  The benefits conferred, however, are not limited to the

24   monetary amount of the settlement fund and can include the litigation's clarification of major

25   issues of law. *Vizcaino*, 290 F.3d at 1049.  As discussed above, Class Counsel were able to secure

26   an exceptional result for the class that includes $175 individual payments and $250,000 in

27   charitable *cy pres* awards.  Moreover, the judicial opinions in this litigation, at both the trial court

28

Plaintiffs' Notice of Motion and Motion for Final Approval                    Case No. 06 2893 CW
Of Class Action Settlement Agreement and Award
Of Attorneys' Fees and Expenses and Incentive Award   - 14 -

1 and appellate level, have been seminal in clarifying the law regarding, *inter alia*, the application of

2 the TCPA to unauthorized text messages.  *See Satterfield v. Simon & Schuster*,  2007 WL 1839807

3 (N.D. Cal. June 26, 2007) and 569 F.3d 946 (9th Cir. 2009).   Accordingly, the exceptional result

4 achieved on behalf of the class supports the reasonableness of the agreed-upon fee.

5    **B.**   ***There Was Significant Risk In Bringing and Maintaining the Action***

6    The risk associated with continued litigation resulting in a lesser or no benefit to the class

7 than that achieved by the settlement is also a significant factor.  *OmniVision*, 559 F. Supp. 2d. at

8 1046-47 (citing *Vizcaino*, 290 F.3d at 1048).  The risk here was substantial.   This was an untested

9 area of the law, and no one could undertake such litigation with any confidence as to the expected

10 result.  But here, Class Counsel not only undertook the litigation, but applied substantial resources

11 to it (more than $1.3 million in uncompensated time, as well as more than $70,000 in out-of-

12 pocket expenses) in the face of determined opposition by Defendants.  In addition to the reasons

13 discussed previously, Class Counsel's willingness to undertake  this litigation given the untested

14 nature of the claims and the continued prosecution of this case in the face of the exceptional

15 settlement offer would have been fraught with risk and uncertainty.  These factors fully support the

16 reasonableness of the agreed-upon fee.

17    **C.**   ***Class Counsel Skillfully Prosecuted The Action***

18    The litigation of a complex, multiparty, nationwide class action "requires unique skills and

19 abilities." *OmniVision*, 559 F. Supp. 2d at 1047.  Throughout this litigation, Class Counsel faced

20 formidable opposition from seasoned defense counsel and were able to prevail on appeal in the

21 Ninth Circuit in a case of first impression.  Most importantly, Class Counsel were able to

22 successfully negotiate the instant settlement to the benefit of the Class.  Each detail was vigorously

23 and extensively negotiated.  Accordingly, the agreed-upon fee request is supported by this factor.

24    **D.**   ***The Contingency of the Fee Supports Its Approval***

25    The contingent fee allows competent counsel to accept cases and provide adequate

26 representation in class actions and is a basis for providing a larger fee than if the matter was billed

27 on a flat or hourly basis.  *OmniVision*, 559, F. Supp. 2d. at 1047 (citing *Chem. Bank*, 19 F.3d at

28

Plaintiffs' Notice of Motion and Motion for Final Approval       Case No. 06 2893 CW
Of  Class Action Settlement Agreement and Award
Of Attorneys' Fees and Expenses and Incentive Award   - 15 -

1299-1300).  Through the four-plus years this litigation has been pending, Class Counsel have spent some 2,600 hours representing the Plaintiffs and the class without compensation and requiring that other work be forgone.  (Jacobs Decl. ¶¶ 8, 11; Edelson Decl. ¶¶ 16-18.)  Further, Class Counsel have advanced over $ 71,364 in litigation expenses prosecuting this case with considerable risk of non-return. (Jacobs Decl. ¶ 12; Edelson Decl. ¶ 17.)  As such, the contingent fee in this case fully supports the requested fee award.

### E.      The Agreed-Upon Fee is Consistent With Awards In Similar Cases

In the Ninth Circuit, a twenty-five percent "benchmark" award has been established in common fund cases.  *See e.g. In re Pac. Enters. Sec. Litig.*, 47 F.3d at 379.  The percentage awarded is to be based off the total amount of the fund made available to the class.  *Boeing Co. v. Van Gemert*, 444 U.S. 472, 477-478 (1980).  Although Class Counsel are requesting an award slightly above the "benchmark," "in most common fund cases[] the award exceeds the benchmark." *OmniVision*, 559, F. Supp. 2d. at 1047; *see also In re Activison Sec. Litig.*, 723 F. Supp. 1373, 1377-78 (N.D. Cal. 1989) ("nearly all common fund awards range around 30%"). Accordingly, the agreed-upon fee is in line with awards in class action litigation and the slight increase over the benchmark is warranted by the numerous factors discussed above.

### F.      The Agreed-Upon Fee is Supported by Class Counsel's Lodestar

Whether the Court in its discretion chooses to apply solely the lodestar method or uses the lodestar analysis merely as a cross-check on agreed-upon fee,[3] Class Counsel's request is reasonable. The lodestar figure is based on the total number of reasonable attorney hours expended multiplied by a reasonable hourly rate for each attorney involved in the litigation.  *Friend v. Kolodzieczak*, 72 F.3d 1386, 1389 (9th Cir. 1995).  It is appropriate to calculate attorneys' fees at prevailing rates to compensate for delay in receipt of payment.  *Vizcaino,* 290 F.3d at 1051.

---

[3] Lodestar is frequently used as a "crosscheck" on reasonableness of the requested percentage of a common fund.  *OmniVision*, 559, F. Supp. 2d. at 1048; *see also Vizcaino*, 290 F.3d at 1050-51 ("Calculation of the lodestar, which measures the lawyers' time in the litigation, provides a check on the reasonableness of the percentage award.")

Plaintiffs' Notice of Motion and Motion for Final Approval                                    Case No. 06 2893 CW
Of Class Action Settlement Agreement and Award
Of Attorneys' Fees and Expenses and Incentive Award   - 16 -

1   Further, the standard lodestar formula is not limited to this initial mathematical calculation and

2   may be enhanced with a multiplier upon consideration of the factors set forth in *Kerr v. Screen*

3   *Extras Guild, Inc.*, 526 F.2d 67, 69 (9th Cir. 1975).[4]

4         Lodestar fee enhancement accounts for the possibility that the attorney will not receive

5   payment if the suit does not succeed and is routinely applied in common fund cases. *Vizcaino*,

6   290 F.3d at 1051. The majority of class action fee awards using lodestar apply a multiplier of 1.5

7   to 3, but considerably higher amounts have been awarded. *Id.* at 1051 n. 6.[5] In fact, it has been

8   found an abuse of discretion to fail to apply a multiplier in certain matters. *Fischel v. Equitable*

9   *Life Assur. Society of U.S.,* 307 F.3d 997, 1008 (9th Cir. 2002) ("It is an abuse of discretion to fail

10  to apply a risk multiplier, however, when (1) attorneys take a case with the expectation that they

11  will receive a risk enhancement if they prevail, (2) their hourly rate does not reflect that risk, and

12  (3) there is evidence that the case was risky.")

13        As supported by the attached declarations, Class Counsel's base lodestar is represented by

14  the following chart:

15

| ATTORNEY | YEARS OF | HOURS | HOURLY | TOTAL |
|---|---|---|---|---|

16  ————————————

17      [4] The *Kerr* factors include: (1) the time and labor required; (2) the novelty and difficulty of the issues involved; (3) the skill required to perform the legal services properly; (4) the preclusion of

18  other employment; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the case; (8) the amount in question and the results obtained; (9) the

19  experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

20  *Kerr*, 526 F.2d at 69-70. Many of these factors are addressed throughout this brief and "[t]he

21  Court need not discuss specifically each factor so long as the record shows that the court considered the factors called in to question by the case at hand. *Newhouse v. Robert's Ilima*

22  *Tours, Inc.*, 708 F.2d 436, 441 (9th Cir. 1983).

23      [5] *See also, Craft v. County of San Bernardino*, No. EDCV05-00359 SGL, 2008 WL 916965

24  (C.D. Cal. Apr 01, 2008 (approving a multiplier of 5.2 and stating that "there is ample authority for such awards resulting in multipliers in this range or higher"); *In re Trilogy Sec. Litig*., C-84-

25  20617(A) (N.D. Cal. 1986) (cited in 3 Newberg & Conte, Newberg on Class Actions, § 1403, at 14-5 n.20) (multiplier of 4.37); *Keith v. Volpe*, 86 F.R.D. 565, 575-77 (C.D. Cal.1980) (awarding

26  multiplier of 3.5); *Underwood v. Pierce*, 79-1318-HP (3.5 multiplier) (C.D. Cal. 1983); and

27  *Steiner v. American Broadcasting Co., Inc.*, 248 Fed. Appx. 780 (9th Cir. Aug 29, 2007) (affirming a lodestar multiplier of 6.85 in common fund case).

28

Plaintiffs' Notice of Motion and Motion for Final Approval        Case No. 06 2893 CW
Of  Class Action Settlement Agreement and Award
Of Attorneys' Fees and Expenses and Incentive Award   - 17 -

| (position) | PRACTICE | | RATE | |
|---|---|---|---|---|
| J. Jacobs (partner: Jacobs Kolton, Chtd.) | 37 years | 983.3 | $605 | $ 594,897 |
| B. Kolton (partner: Jacobs Kolton, Chtd.) | 11 years | 625.3 | $450 | $ 281,385 |
| J. Edelson (Managing Partner: Edelson McGuire) | 14 years | 150.7 | $565 | $85,145.50 |
| M. McGuire (Partner: KamberEdelson) | 9 years | 384.7 | $495 | $190,426.50 |
| R. Andrews (associate: Edelson McGuire) | 5 years | 230.9 | $380 | $87,742.00 |
| S. Teppler (partner: Edelson McGuire) | 30 years | 64.1 | | |
| M. McMorrow (partner: Edelson McGuire) | 10 years | 62.1 | $470 | $29,187.00 |
| B. Richman (associate: Edelson McGuire) | 1 year | 31.9 | $290 | $9,251.00 |
| Law Clerks / Paralegal / Legal Assistants | | 106.9 | Varies | $ 17,009.00 |
| **TOTAL** | | **2,639.9** | | **$ 1,323,888** |

The attorneys performing work on this litigation are billed at rates that correlate to their respective experience, that are reasonable in the Chicago and California legal markets, are what they charge their hourly clients, and have been approved by state and federal courts in similar settlements. (*See* Edelson Decl. ¶¶ 15-16; Jacobs Decl. ¶¶ 9-10.)  Although two firms were primarily involved in the litigation of this matter, both made conscious effort to minimize the duplication of work in this matter.  (Jacobs Decl. ¶ 11; Edelson Decl. ¶ 12.)   Further, the hours submitted were reviewed

Plaintiffs' Notice of Motion and Motion for Final Approval
Of Class Action Settlement Agreement and Award
Of Attorneys' Fees and Expenses and Incentive Award   - 18 -

Case No. 06 2893 CW

1    and any unnecessary hours or duplicative hours have been adjusted.  (Edelson Decl. ¶

2    16.)  Therefore, Class Counsel's base lodestar amount is $ 1,323,888.[6]

3          Before considering the expenses Class Counsel incurred prosecuting this matter, it is

4    apparent that a multiplier of  at least 2.0 to the base lodestar is warranted in this case.  Class

5    Counsel's willingness to undertake this litigation was risky, and despite such risk, an exceptional

6    result was achieved for the class.  Notably, each class member is entitled to a $175 cash payment,

7    and $250,000 is going to charity as a form of *cy pres*.  Plaintiffs' claims were largely untested and

8    the amount in controversy was substantial, and Class Counsel agreed to commence this litigation

9    knowing they would assuredly face significant opposition.   (Jacobs Decl. ¶ 3.)  Indeed,

10   throughout the litigation Defendants' counsel mounted a vigorous opposition.   (Jacobs Decl. ¶ 7.)

11   As noted above, the rates employed by Class Counsel are their normal billing rates and they would

12   not have brought this action absent the prospect of a multiplier on their actual fees expended.

13   (Jacobs Decl. ¶¶ 9-10.)  Analysis of novel issues, significant investigation, discovery, appeal, and

14   careful and extended negotiation of the final settlement agreement were required to ensure a

15   substantial benefit to class, and that is in fact what the class got.  Accordingly, Class Counsel's

16   base lodestar of $ 1,323,888 warrants a multiplier of at least the roughly 2.0 that is effectively

17   requested here, which is commonly awarded and reasonable given the result obtained.

18          In addition to this amount, or such other amount awarded by Your Honor, Class Counsel

19   have expended $ 71,361.17 in reimbursable expenses, such as filing fees, appearance fees, expert

20   consulting charges, travel, copying, case administration, and ordering of deposition transcripts,

21   with more expenses yet to come.  (Edelson Decl. ¶ 17; Jacobs Decl. ¶ 12.)  Therefore, Class

22   Counsel requests the Court approve as reasonable the agreed-upon fees and expenses of

23   $2,725,000.

24

25   _____

26        [6] Class Counsel anticipate at least an additional $25,000 in time and expenses to be incurred

27   through final approval of the settlement and the expiration of the claims deadline, which is <u>not</u>
     included in the base lodestar.

28

Plaintiffs' Notice of Motion and Motion for Final Approval                    Case No. 06 2893 CW
Of Class Action Settlement Agreement and Award
Of Attorneys' Fees and Expenses and Incentive Award   - 19 -

1   **VI.     THE COURT SHOULD APPROVE THE AGREED-UPON INCENTIVE AWARDS**

2           The Settlement provides that, subject to Court approval, Class Representative Laci

3   Satterfield is to receive an award of $25,000 and Class Representatives Carmella Miller and

4   Charlene Kouf are to receive an award of $5,000 each.  (Dkt. 112-1, ¶ 8.4.)  "[N]amed plaintiffs,

5   as opposed to designated class members who are not named plaintiffs, are eligible for reasonable

6   incentive awards."  *Knight v. Red Door Salons, Inc*, No. 08-01520 SC, 2009 WL 248367, at *7

7   (N.D. Cal. Feb. 2, 2009) (quoting *Staton v. Boeing Co.*, 327 F.3d 938, 977 (9th Cir. 2003)).  The

8   Court has discretion to approve any incentive award and should consider relevant factors,

9   including:  (1) the actions the plaintiff has taken to protect the interests of the class; (2) the degree

10  to which the class benefited from those actions; (3) the amount of time and effort the plaintiff

11  expended in pursuing the litigation; and (4) reasonable fears of workplace retaliation.  *Staton*, 327

12  F.3d at 977; *see also Garner*, 2010 WL 1687832, *17 (approving award of $20,000 to a class

13  representative who exhibited strong commitment to the Class by subjecting herself to public

14  attention, appearing for deposition where personal affairs and sensitive subjects were discussed,

15  attending hearings, reviewing major pleasing, and aiding in several sets of discovery).

16          Laci Satterfield's award, which has been agreed upon and to which there is no objection

17  despite having been expressly disclosed in the extensive class notice, is entirely reasonable and

18  appropriate given that Ms. Satterfield's involvement in this action was critical to the ultimate

19  success of this case.  (*See* Jacobs Decl. ¶ 5.)  In fact, prior to the agreement in principle of the

20  terms of the class relief and procedures, the parties never discussed incentive awards of any type.

21  (Jacobs Decl. ¶ 6.). Ms. Satterfield exhibited a willingness to participate and undertake the

22  responsibilities and risks attendant with bringing a representative action, despite the fact that Ms.

23  Satterfield was subject to great public scrutiny and personal risk for her involvement.  Ms.

24  Satterfield, a retired police officer, appeared for her deposition where her son and other personal

25  affairs were discussed, she attended the first scheduled mediation between the parties, and she

26  aided Class Counsel with several sets of discovery, including matters of considerable emotional

27  difficulty for her.  (Jacobs Decl. ¶ 5.)  Further, personal information about Ms. Satterfield was

28

Plaintiffs' Notice of Motion and Motion for Final Approval                    Case No. 06 2893 CW
Of  Class Action Settlement Agreement and Award
Of Attorneys' Fees and Expenses and Incentive Award   - 20 -

1  made public in court filings, in media outlets across the country, and appeared as the subject of a

2  law review article.   (Edelson Decl. ¶ 20 ).  Nonetheless, Ms. Satterfield continued to assist Class

3  Counsel in their prosecution of this matter.  (Jacobs Decl. ¶ 5.)  Class Counsel therefore request

4  that the Court approve the agreed-upon incentive award of $25,000.

5       Given their later involvement in the action, Class Representatives Carmella Miller and

6  Charlene Kouf are, subject Court approval, to receive an award of $5,000 each under the agreed-

7  upon terms of the settlement, fully disclosed to the Class by the extensive notice that was given.

8  As noted above, prior to the agreement in principle of the terms of the class relief and procedures,

9  the parties never discussed incentive awards of any type.  (Jacobs Decl. ¶ 6.)  Ms. Miller and Ms.

10 Kouf also showed a strong commitment to the Class and this action by assisting Class Counsel in

11 answering lengthy discovery, preparing amended pleading and aiding in preparation for the

12 mediation that resulted in this settlement. (Edelson Decl. ¶ 19.)  Accordingly, Class Counsel

13 request the Court approve the agreed-upon incentive awards of $5,000 for each of these

14 representative plaintiffs.

15 **VII.   CONCLUSION**

16      For the foregoing reasons, Plaintiffs respectfully ask that the Court grant final approval to

17 the settlement agreement, find that the agreed-upon attorneys' fees and expenses and incentive

18 awards are reasonable, enter the proposed Final Approval order separately submitted herewith, and

19 grant such further relief the Court deems reasonable and just.

20

21 Dated: July 20, 2010                    Respectfully Submitted,

22                                         LACI SATTERFIELD, CARMELLA MILLER, and

23                                         CHARLENE KOUF, individually and on behalf of a
                                          class of similarly situated individuals,

24                                          /s/ John G. Jacobs

25

26                                         John G. Jacobs (*Pro Hac Vice*)
                                          Bryan G. Kolton (*Pro Hac Vice*)
27                                         JACOBS KOLTON, Chtd.
                                          122 South Michigan Avenue, Suite 1850
28                                         Chicago, Illinois 60603

Plaintiffs' Notice of Motion and Motion for Final Approval                    Case No. 06 2893 CW
Of Class Action Settlement Agreement and Award
Of Attorneys' Fees and Expenses and Incentive Award   - 21 -

1

2       Jay Edelson (*Pro Hac Vice*)
       Ryan D. Andrews (*Pro Hac Vice*)
3       EDELSON MCGUIRE, LLC
       350 N. LaSalle Street, Ste. 1300
4       Chicago, Illinois 60654

5       Sean Reis (SBN 184044)
       sreis@edelson.com
6       EDELSON MCGUIRE, LLP
       30021 Tomas Street, Suite 300
7       Rancho Santa Margarita, California 92688

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Plaintiffs' Notice of Motion and Motion for Final Approval      Case No. 06 2893 CW
Of  Class Action Settlement Agreement and Award
Of Attorneys' Fees and Expenses and Incentive Award   - 22 -

1

## CERTIFICATE OF SERVICE

2

I, John G. Jacobs, an attorney, certify that on July 20, 2010, I served the above and

3

foregoing *Notice of Motion and Motion for Final Approval of Class Action Settlement*

4

*Agreement and Award of Attorneys' Fees and Incentive Awards* by causing true and accurate

5

copies of such paper to be filed and transmitted to the persons registered to receive such notice via

6

the Court's CM/ECF electronic filing system.

7

8

   /s/  John G. Jacobs _____

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Plaintiffs' Notice of Motion and Motion for Final Approval                                   Case No. 06 2893 CW
Of  Class Action Settlement Agreement and Award
Of Attorneys' Fees and Expenses and Incentive Award   - 23 -

**<u>RULE 45 CERTIFICATION</u>**

Pursuant to the provisions of Section X.B of the Northern District of California's General Order No. 45, I certify that I, John G. Jacobs, have obtained the concurrence of each person whose signature appears on any affidavit or declaration herein (Jay Edelson, Risa Neiman, Christopher Turner, James A. Lerner,  Breona Lantz and Howard Kramer) either directly or, in the case of Lerner, Lantz and Kramer, through signatory Neiman.


Dated:  July 20, 2010

<u>/s/ John G. Jacobs</u><br>
John G. Jacobs

Plaintiffs' Notice of Motion and Motion for Final Approval          Case No. 06 2893 CW
Of  Class Action Settlement Agreement and Award
Of Attorneys' Fees and Expenses and Incentive Award   - 24 -